

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | NIC Service Request<br>First American Title Insurance Company - Claim Services<br>5 First American Way<br>Santa Ana, CA 92707-5913 |
| **Electronic copy provided to:** | Craig Terrell<br>Karen Ashway<br>Kristina Egusa |

| | |
|---|---|
| **Entity:** | First American Title Insurance Company<br>Entity ID Number  2190625 |
| **Entity Served:** | First American Title Insurance Company |
| **Title of Action:** | Ka U Mahl, LLC vs. First American Title Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Circuit Court of the Third Circuit, HI |
| **Case/Reference No:** | 3CCV-20-0000359 |
| **Jurisdiction Served:** | Hawaii |
| **Date Served on CSC:** | 09/30/2020 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | John P. Manaut<br>808-523-2500 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

EXHIBIT "1"

| **STATE OF HAWAIʻI** **CIRCUIT COURT OF THE THIRD CIRCUIT** | **SUMMONS** TO ANSWER CIVIL COMPLAINT | CASE NUMBER |
|---|---|---|

| PLAINTIFF | VS. | DEFENDANT(S) |
|---|---|---|
| KAʻU MAHI, LLC, a Colorado limited liability company | | FIRST AMERICAN TITLE INSURANCE COMPANY, a Nebraska corporation; DOES 1-25 |

PLAINTIFF'S NAME & ADDRESS, TEL. NO.

KAʻU MAHI, LLC, a Colorado limited liability company
c/o CARLSMITH BALL LLP
John Manaut, Esq.
Katherine A. Garson, Esq.
Ian R. Wesley-Smith, Esq.
1001 Bishop Street, Suite 2100
Honolulu, Hawaii 96813
Tel. No. (808) 523-2500

**TO THE ABOVE-NAMED DEFENDANT(S)**

You are hereby summoned and required to file with the court and serve upon

John Manaut, Esq., Katherine A. Garson, Esq., Ian R. Wesley-Smith, Esq.
Carlsmith Ball LLP
1001 Bishop Street, Suite 2100, Honolulu, Hawaii 96813

plaintiff's attorney, whose address is stated above, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

**A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.**

| The original document is filed in the Judiciary's electronic case management system which is accessible via eCourt Kokua at: http://www.courts.state.hi.us | **Effective Date of 28-Oct-2019** **Signed by: /s/ Cheryl Salmo** **Clerk, 3rd Circuit, State of Hawaiʻi** |  |
|---|---|---|

 In accordance with the Americans with Disabilities Act, and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the Circuit Court Administration Office on HAWAIʻI- Phone No. 808-961-7424, TTY 808-961-7422, FAX 808-961-7411, at least ten (10) working days prior to your hearing or appointment date.

| STATE OF HAWAI'I<br>CIRCUIT COURT OF THE<br>THIRD CIRCUIT | SUMMONS<br>TO ANSWER CIVIL COMPLAINT | CASE NUMBER |
|---|---|---|

| PLAINTIFF                                              VS. | DEFENDANT(S) |
|---|---|
| KA'U MAHI, LLC, a Colorado limited liability company | FIRST AMERICAN TITLE INSURANCE COMPANY, a Nebraska corporation; DOES 1-25 |

**PLAINTIFF'S NAME & ADDRESS, TEL. NO.**

KA'U MAHI, LLC, a Colorado limited liability company
c/o CARLSMITH BALL LLP
John Manaut, Esq.
Katherine A. Garson, Esq.
Ian R. Wesley-Smith, Esq.
1001 Bishop Street, Suite 2100
Honolulu, Hawaii 96813
Tel. No. (808) 523-2500

**TO THE ABOVE-NAMED DEFENDANT(S)**

    You are hereby summoned and required to file with the court and serve upon

John Manaut, Esq., Katherine A. Garson, Esq., Ian R. Wesley-Smith, Esq.
Carlsmith Ball LLP
1001 Bishop Street, Suite 2100, Honolulu, Hawaii 96813

plaintiff's attorney, whose address is stated above, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

    **THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

    **A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.**

| The original document is filed in the Judiciary's electronic case management system which is accessible via eCourt Kokua at: http://www.courts.state.hi.us | **Effective Date of 28-Oct-2019**<br>**Signed by: /s/ Cheryl Salmo**<br>**Clerk, 3rd Circuit, State of Hawai'i** |  |
|---|---|---|

 In accordance with the Americans with Disabilities Act, and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the Circuit Court Administration Office on HAWAII- Phone No. 808-961-7424, TTY 808-961-7422, FAX 808-961-7411, at least ten (10) working days prior to your hearing or appointment date.



CARLSMITH BALL LLP

JOHN P. MANAUT  3989
IAN R. WESLEY-SMITH 10626
ASB Tower, Suite 2100
1001 Bishop Street
Honolulu, HI  96813
Tel No. 808.523.2500
Fax No. 808.523.0842
jpm@carlsmith.com
iwesley-smith@carlsmith.com

KATHERINE A. GARSON  5748
121 Waianuenue Avenue
P.O. Box 686
Hilo, HI  96721-0686
Tel No. 808.935.6644
Fax No. 808.935.7975
kgarson@carlsmith.com

Attorneys for Plaintiff
KAʻU MAHI LLC

**Electronically Filed
THIRD CIRCUIT
3CCV-20-0000359
29-SEP-2020
11:55 AM**

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAIʻI

| | |
|---|---|
| KAʻU MAHI,  LLC, a Colorado limited liability company,<br><br>        Plaintiff,<br><br>  vs.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY, a Nebraska corporation, DOES 1-25;<br><br>      Defendants. | CIVIL NO. _____<br>(CONTRACT)<br><br>COMPLAINT; EXHIBIT 1; SUMMONS |

## **COMPLAINT**

Plaintiff Kaʻu Mahi, LLC ("**Plaintiff**") alleges this Complaint against Defendant First

American Title Insurance Company ("**Defendant**"), as follows:

I do hereby certify that the foregoing is a full, true and correct copy of the official court record of the Courts of the State of Hawaiʻi.
Dated 827-BB2-744206 620SEEC-2020 /s/ Lester Oshiro, Clerk of the Third Judicial Circuit, State of Hawaiʻi

1.      Plaintiff is a State of Colorado limited liability company with its principal business address at 1400 16th Street, Suite 320, Denver, Colorado, 80202.

2.      Plaintiff is informed and believes and on that basis alleges that Defendant is a corporation duly incorporated under the laws of the State of Nebraska with a home office located at 1 First American Way, Santa Ana, California 92707.

3.      The Defendants designated as Does 1-25 (collectively, the "Doe Defendants") are individuals, partnerships, corporations, associations, and/or governmental or private entities who, though not currently discovered or known to Plaintiff despite diligent inquiry, may have contributed to, or may be directly or vicariously responsible for causing, (1) the impasse leading to this action, or (2) the damages sustained by Plaintiff and/or (3) owe defense or indemnity coverage to Plaintiff.  All references in this Complaint, to any of the named defendants, or to "Defendants," include these Doe Defendants.

4.      The claims asserted here for breach of contract, declaratory relief and breach of the duty of good faith and fair dealing are brought pursuant to the jurisdictional provisions of Haw. Rev. Stat. § 634-35 and § 632-1.

5.      Venue is appropriate in the Circuit Court of the Third Circuit under Haw. Rev. Stat. § 603-36.

6.      All claims for relief arose in the Kaʻu District, County of Hawaiʻi, State of Hawaiʻi, and the property covered by the title insurance policy at issue here is located in Kaʻu, State of Hawaiʻi.

7.      This action seeks full and complete coverage on Plaintiff's title insurance policy claim with Defendant.

8.      On or about December 25, 2015, Plaintiff acquired real property located in the District of Ka'u, County of Hawai'i, State of Hawai'i, as more fully described in Schedule C of Exhibit 1 attached hereto ("**Property**").

9.      As part of the purchase and closing of the property, Plaintiff agreed to purchase, and Defendant agreed to provide, title insurance policy coverage pursuant to an Owner's Policy of Title Insurance on or about December 22, 2015, in the amount of $10,400,000. A true and correct copy of Policy No. 5011415-17135, as issued by Defendant, is attached hereto as Exhibit 1 ("**Contract**"). The terms and conditions of that Contract are incorporated herein by reference.

10.      Various provisions of the Contract require that Defendant indemnify, cover and defend alleged claims against Plaintiff's fee simple title, as specified in the Contract.

11.      Various provisions of the Contract also require Defendant to cover loss or damages incurred by Plaintiff, arising from, among other things: (1) fee simple title being vested other than as stated in the Contract; (2) defects in title; (3) unmarketable title; or (4) a government taking.

12.      A reasonable insured would understand, based on the plain language of the Contract, that the Contract provided coverage for, *inter alia*, adverse fee simple ownership claims affecting the Property or Plaintiff's fee simple interest in the Property, which were not specifically stated, disclosed, or excluded in the Contract. Plaintiff executed the Contract based on that reasonable interpretation of the plain language of the Contract.

13.      In 2018 and 2019, Plaintiff sought approval from the County of Hawai'i ("**County**") for certain development approvals for the Property. After a period of delay, Plaintiff was advised that the County and/or State of Hawai'i ("**State**") may assert a fee simple property

interest in a portion of land acquired by Plaintiff known as Road A and potentially other areas on the Property. The County determined that portions of the Property not previously disclosed as public lands in the Contract include a "public highway," which requires extensive infrastructure improvements and other requirements to develop and will require additional conditions and unanticipated improvements for future construction permits.

14.   The Hawaii State Abstractor provided a formal opinion letter dated April 4, 2019, which declared that an area known as Road A in the Property and other nearby areas were considered a "public highway" pursuant to the Highways Act of 1892, now codified as Haw. Rev. Stat. § 264-1 (2016). Additional email correspondence confirmed the State Abstractor's position of a "public highway" on August 27, 2019 and August 29, 2019.

15.   The County and/or the State have confirmed, unambiguously, that they are claiming a fee simple interest in the alleged "public highway" located on Plaintiff's Property.

16.   Under long-standing Hawaii case law, the County's and/or State's adverse claim of interest that the alleged "public highway" exists, pursuant to the Highway's Act of 1892, formally constitutes a claim of fee simple title to that land as a matter of law under *Application of Kelley*, 50 Haw. 567, 579, 445 P.2d 538, 546 (1968).

17.   The County's and/or State's purported fee simple interest in Plaintiff's Property was not stated or disclosed in the Contract. Defendant made no disclosure that the government's adverse interest existed or that it could affect Plaintiff's fee simple title to the Property. Defendant did not exclude or except the County's and/or State's purported fee simple interest from coverage provided by the Contract.

18.   Plaintiff has and will suffered loss or damages incurred by reason of, *inter alia*, fee simple title being vested other than as stated in the Contract, and by reason of defects in

title and unmarketable title.  Plaintiff requires coverage of losses/damages, indemnification, and defense against alleged claims against its fee simple title in the Property.

19.     Defendant's obligations under the Contract have been triggered by, *inter alia*, the County and/or State's assertion of a purported fee simple interest in Plaintiff's Property.

20.     Plaintiff formally tendered notice of the adverse interest claim to Defendant on or before July 18, 2019.

21.     Despite repeated demands to date, Defendant has failed to adequately perform its obligations under the Contract, including, without limitation, to cover Plaintiff's losses or damages and to accept the tender and defend and indemnify.

22.     Instead, Defendant has engaged in a year-long pattern of delay, and has asserted shifting and sometimes contradictory positions on coverage, failed to conduct adequate and good faith investigation, failed to act in Plaintiff's best interest with respect to disputes related to the Property and Contract, and, ultimately, unreasonably denied coverage under the Contract and failed to take steps to clear the title to the Property.

23.     By letter dated November 8, 2019, Defendant refused to commit to providing coverage under the Contract.  Among other things, Defendant claimed that "Coverage Risk 1," for "loss arising from title being vested other than as stated in Schedule A of the Policy," did not apply, on the grounds that Defendant believed that the County and/or State did not "assert any interest in the fee title to the Road or any portion of the Land insured by the Policy."  Defendant asserted "[t]here is no claim that Title is vested other than as set forth in Schedule A."  Defendant concluded that "First American is without information to conclude that coverage for the claim is compensable under the terms of the Policy, and therefore denies the claim based on the analysis set forth herein."

24.     Plaintiff thereafter requested that Defendant reconsider its position on the Contract, in part on the grounds that the State and/or County were indisputably claiming a fee simple interest in part of the Property.

25.     On April 1, 2020, Defendant reversed its position, recognizing that there "may be coverage" under "Coverage Risk No. 1" to the extent the State and/or County "claims fee title to the portion of the subject road traversing Parcels 8 and 9 [of the Property], subject to the terms and conditions of the Policy." In effect, Defendant's April 1, 2020 letter acknowledged that the State and/or County claimed a fee simple interest in the Property that was not stated or disclosed in the Contract, and that triggered the core coverages of the Contract.

26.     Despite reversing its position and recognizing coverage, however, Defendant asserted various exclusions and exceptions, in bad faith, to avoid the majority of its obligations under the Contract. Defendant's interpretations of exclusions in the contract were unreasonable based on facts known or available to Defendant and the plain language of the Contract; Defendant advanced those interpretations to negate Defendant's straightforward title insurance obligations to Plaintiff.

27.     On April 7, 2020, Plaintiff notified Defendant that its April 1, 2020 letter constituted an attempt to "avoid acceptance of coverage." Plaintiff requested that Defendant confirm "full cooperation and clear admission of coverage" by April 14, 2020.

28.     On April 13, 2020, Defendant refused, in writing, to reconsider the unreasonable positions and interpretations on narrow coverage taken in its April 1, 2020 letter.

29.     In or before August 2020, representatives of the State and/or County further clarified that the State and/or County claimed fee simple ownership of the highway

purportedly running through the Property "solely" on the basis of the Highways Act of 1892 and HRS Section 264-1.

30.     Upon receiving clear notice that the State and County were claiming a fee simple interest in the Property, purportedly dating back to at least 1892, Defendant should have confirmed full coverage under the Contract and performed its obligations under the Contract. Among other things, the State's and/or County's claim to a 128-year-old fee simple interest meant that fee simple title to the Property was potentially vested other than as stated in the Contract.  At minimum, the State's and/or County's claim represented a defect or cloud on title or a taking that was not explicitly stated, disclosed, exempted, excluded, or disclaimed in the Contract.

31.     The State's and/or County's claim of a 128-year-old fee simple interest in the Property, as confirmed in their August 2020 communication, implicates the primary purpose and central coverage of the Contract -- Defendant's obligation to insure Plaintiff's fee simple interest in the Property, as stated and represented in the Contract.

32.     Instead of confirming coverage, Defendant, in bad faith, used the State's and/or County's determination as grounds to try to rescind the extremely limited coverage offered to Plaintiff in the April 1, 2020 letter and to deny further coverage under the Contract.

33.     In a letter dated September 14, 2020, Defendant alleged, for the first time, that Defendant was rescinding and denying coverage *solely* under Exclusion 1 of the Contract, on the grounds that the State's and/or County's claimed 128-year-old fee simple interest somehow implicated the Contract's general exclusion for losses or damages arising from "[a]ny law, ordinance, permit, or government regulation (including those relating to building and

zoning) restricting, regulating, prohibiting, or relating to" use of the Property, or arising from an exercise of government "police power."

34.     Defendant's September 14, 2020 letter concluded that "First American is without information to conclude that coverage for the claim is compensable under the terms of the Policy, and therefore denies the claim . . . ." That language was *exactly the same* as the language that Defendant used when refusing to confirm coverage nearly a year earlier (under a different unreasonable interpretation of the Contract and the facts), in its November 8, 2019 letter.

35.     The basis for denial alleged by Defendant in the September 14, 2020 letter was made in bad faith and was not based on a reasonable interpretation of the Contract. Among other things, no reasonable insured would believe that Exclusion 1 of the Contract, which governs *use* restrictions on property, excludes title insurance coverage for claims and losses arising from an undisclosed 128-year-old *fee simple interest* asserted by a government entity in the Property. The plain language and clear intent of the Contract, with all ambiguities interpreted in favor of the insured, does not support Defendant's interpretation.

36.     Defendant knows, or should have known, that the language of the Contract unambiguously provides, and that a reasonable insured would expect, that a 128-year-old fee simple interest would only be excluded from title insurance coverage if that 128-year-old fee simple interest was specifically stated, disclosed, and/or explicitly excluded from the Contract. The Contract contains no such explicit exclusion or disclosure.

37.     In written and oral communications over the past year, Defendant has evaded its obligations under the Contract with a shifting series of justifications and excuses.

38.     The pattern of Defendant's conduct from 2019 to present, up to and including the September 14, 2020 letter, has been unreasonable.

39.     Defendant is engaged in a bad faith, year-long attempt to delay, deny, and/or minimize the straightforward title insurance coverage owed to Plaintiff under the Contract.

## COUNT I
## (BREACH OF CONTRACT)

40.     Plaintiff restates all prior paragraphs as if asserted for this Count.

41.     The Contract is a binding and enforceable agreement for title insurance.

42.     Plaintiff has performed all of its obligations under the Contract.

43.     Defendant has materially breached its obligations under the Contract.

44.     All conditions precedent to the filing of this cause of action have been performed by Plaintiff or waived by Defendant.

45.     Plaintiff has the right to specific performance under the Contract.

46.     As a direct proximate result of Defendant's breach of the Contract, Plaintiff has also been damaged in an amount to be shown at trial.

47.     Current estimates of losses, including diminution in value, are for unanticipated losses calculated from estimates of anticipated costs of $2,515,800 (plus mobilization costs) up to $3,385,833, and subject to further adjustments or increases as the development proceeds and is further adversely impacted by the adverse fee simple interest claim of a "public highway" over its Property, or until Plaintiff's fee simple title is cleared of the adverse interest claim.

48.     Plaintiff is also entitled to an award of attorney's fees under, *inter alia*, Haw. Rev. Stat. Section 607-14.

## COUNT II
## (DECLARATORY RELIEF)

49.     Plaintiff restates all prior paragraphs as if asserted for this Count.

50.     Plaintiff seeks declaratory relief under Haw. Rev. Stat. § 632-1 and Haw. R. Civ. P. 57.

51.     An actual controversy exists between Plaintiff and Defendant as to the parties' rights, duties and obligations as between them.

52.     Plaintiff is entitled to a Declaration that losses, damages, and other forms of relief arising from or caused by the County's and/or State's assertion of a fee simple interest in the Property are covered by the terms of the Contract and are not excluded by any term of the Contract.

53.     Plaintiff is entitled to a Declaration that Defendant is obligated to Plaintiff under the Contract, including, without limitation, to:  (i) defend, indemnify, and promptly remove the adverse interests alleged of a public highway on the Property; (ii) to quiet title; (iii) to compensate Plaintiff for all losses and other damages; (iv) for diminution in value losses; (v) for fees and expenses of any kind since tender of the adverse interest claim; and/or (vi) otherwise for such other and further related relief as is appropriate.

54.     Plaintiff is entitled to recover all losses incurred and all attorney's fees and costs in pursuing this action.

## COUNT III
## (BAD FAITH)

55.     Plaintiff reasserts all prior allegations as if asserted for this Count.

56.    Implied in every insurance policy, including policies for title insurance, is a covenant of good faith and fair dealing, the breach of which gives rise to a cause of action for the tort of bad faith.

57.    "When an insurer acts in bad faith, it gives rise to a cause of action for the tort of bad faith." *Adams v. Hawaii Med. Serv. Ass'n*, 145 Haw. 250, 256, 450 P.3d 780, 786 (2019).

58.    "The implied covenant [of good faith and fair dealing] is breached, whether the carrier pays the claim or not, when its conduct damages the very protection or security which the insured sought to gain by buying insurance." *Best Place, Inc. Penn Am. Ins. Co.*, 82 Haw. 120, 132, 920 P.2d 334, 346 (1996).

59.    An insurer is liable for bad faith when, among other things, it takes unreasonable positions on coverage.

60.    An insurer is also liable for bad faith when, among other things, it unreasonably handles an insurance claim or engages in an unreasonable course of conduct with respect to the insurance contract or the insured.

61.    Additionally, "[v]iolations of the unfair settlement provision, [HRS] § 431:13-103(a), may be used as evidence to indicate bad faith in accordance with the guidelines of *Best Place*." *Wailua Assocs. V. Aetna Cas. & Sur. Co.*, 27 F. Supp. 2d 1211, 1221 (D. Haw. 1998).

62.    Defendant breached its obligation of good faith and fair dealing, and acted in bad faith, with respect to its unreasonable conduct administering, managing, investigating, interpreting, and adjusting the Contract and Plaintiff's claims under the Contract.  Defendant has put, and continues to put, its own interests above the interests of its insured, Plaintiff.

63.     Plaintiff is entitled to damages, including an award of exemplary or punitive damages, based on Defendant's willful, intentional, and grossly negligent conduct.

WHEREFORE, Plaintiff prays for the following relief.

A.     An order that Defendant has breached the Contract and is liable for all damages, including, without limitation loss of value, suffered by Plaintiff; and/or

B.     That specific performance be awarded under the Contract, as appropriate; and/or

C.     That Defendant be declared obligated to provide coverage under the Contract, including, without limitation, defending and timely performing obligations to quiet title and defending against the adverse fee simple interest, and compensating Plaintiff for all losses and damages, including diminution in value; and/or

D.     An award of compensatory and punitive damages for Defendant's bad-faith conduct; and/or

E.     For an award of all fees and costs (statutory or otherwise); and

F.     Such other relief as is appropriate.

DATED: Honolulu, Hawai'i, September 29, 2020.


/s/ John P. Manaut
JOHN P. MANAUT
KATHERINE A. GARSON
IAN R. WESLEY-SMITH

Attorneys for Plaintiff
KA'U MAHI LLC

# EXHIBIT 1

 **First American Title™**

## Owner's Policy of Title Insurance

ISSUED BY

**First American Title Insurance Company**

# Owner's Policy

POLICY NUMBER

**5011415-17135**

Any notice of claim and any other notice or statement in writing required to be given to the Company under this policy must be given to the Company at the address shown in Section 18 of the Conditions.

### COVERED RISKS

SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B, AND THE CONDITIONS, **FIRST AMERICAN TITLE INSURANCE COMPANY**, a Nebraska corporation (the "Company") insures as of Date of Policy and, to the extent stated in Covered Risks 9 and 10, after Date of Policy, against loss or damage, not exceeding the Amount of Insurance, sustained or incurred by the Insured by reason of:

1. Title being vested other than as stated in Schedule A.
2. Any defect in or lien or encumbrance on the Title. This Covered Risk includes but is not limited to insurance against loss from
   (a) A defect in the Title caused by
       (i) forgery, fraud, undue influence, duress, incompetency, incapacity, or impersonation;
       (ii) failure of any person or Entity to have authorized a transfer or conveyance;
       (iii) a document affecting Title not properly created, executed, witnessed, sealed, acknowledged, notarized, or delivered;
       (iv) failure to perform those acts necessary to create a document by electronic means authorized by law;
       (v) a document executed under a falsified, expired, or otherwise invalid power of attorney;
       (vi) a document not properly filed, recorded, or indexed in the Public Records including failure to perform those acts by electronic means authorized by law; or
       (vii) a defective judicial or administrative proceeding.
   (b) The lien of real estate taxes or assessments imposed on the Title by a governmental authority due or payable, but unpaid.
   (c) Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land. The term "encroachment" includes encroachments of existing improvements located on the Land onto adjoining land, and encroachments onto the Land of existing improvements located on adjoining land.
3. Unmarketable Title.
4. No right of access to and from the Land.

**(Covered Risks Continued on Page 2)**

In Witness Whereof, First American Title Insurance Company has caused its corporate name to be hereunto affixed by its authorized officers as of Date of Policy shown in Schedule A.

**_First American Title Insurance Company_**

**Issued by:**

Dennis J. Gilmore
President

Jeffrey S. Robinson
Secretary

**Title Guaranty of Hawaii Inc**
235 Queen Street
Honolulu Hawaii 96813
Telephone (808) 533-6261
Fax (808) 521-0221
Email title@tghawaii.com

(This Policy is valid only when Schedules A and B are attached)

This jacket was created electronically and constitutes an original document

Copyright 2006-2009 American Land Title Association. All rights reserved. The use of this form is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.

## COVERED RISKS (Continued)

5.  The violation or enforcement of any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
    (a)  the occupancy, use, or enjoyment of the Land;
    (b)  the character, dimensions, or location of any improvement erected on the Land;
    (c)  the subdivision of land; or
    (d)  environmental protection
    if a notice, describing any part of the Land, is recorded in the Public Records setting forth the violation or intention to enforce, but only to the extent of the violation or enforcement referred to in that notice.
6.  An enforcement action based on the exercise of a governmental police power not covered by Covered Risk 5 if a notice of the enforcement action, describing any part of the Land, is recorded in the Public Records, but only to the extent of the enforcement referred to in that notice.
7.  The exercise of the rights of eminent domain if a notice of the exercise, describing any part of the Land, is recorded in the Public Records.
8.  Any taking by a governmental body that has occurred and is binding on the rights of a purchaser for value without Knowledge.
9.  Title being vested other than as stated in Schedule A or being defective
    (a)  as a result of the avoidance in whole or in part, or from a court order providing an alternative remedy, of a transfer of all or any part of the title to or any interest in the Land occurring prior to the transaction vesting Title as shown in Schedule A because that prior transfer constituted a fraudulent or preferential transfer under federal bankruptcy, state insolvency, or similar creditors' rights laws; or
    (a)  because the instrument of transfer vesting Title as shown in Schedule A constitutes a preferential transfer under federal bankruptcy, state insolvency, or similar creditors' rights laws by reason of the failure of its recording in the Public Records
        (i)   to be timely, or
        (ii)  to impart notice of its existence to a purchaser for value or to a judgment or lien creditor.
10. Any defect in or lien or encumbrance on the Title or other matter included in Covered Risks 1 through 9 that has been created or attached or has been filed or recorded in the Public Records subsequent to Date of Policy and prior to the recording of the deed or other instrument of transfer in the Public Records that vests Title as shown in Schedule A.

The Company will also pay the costs, attorneys' fees, and expenses incurred in defense of any matter insured against by this Policy, but only to the extent provided in the Conditions.

## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:
1.  (a)  Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
        (i)    the occupancy, use, or enjoyment of the Land;
        (ii)   the character, dimensions, or location of any improvement erected on the Land;
        (iii)  the subdivision of land; or
        (iv)   environmental protection;
    or the effect of any violation of these laws, ordinances, or governmental regulations.  This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.
    (b)  Any governmental police power.  This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.
2.  Rights of eminent domain.  This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.
3.  Defects, liens, encumbrances, adverse claims, or other matters
    (a)  created, suffered, assumed, or agreed to by the Insured Claimant;

    (b)  not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
    (c)  resulting in no loss or damage to the Insured Claimant;
    (d)  attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 9 and 10); or
    (e)  resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Title.
4.  Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction vesting the Title as shown in Schedule A, is
    (a)  a fraudulent conveyance or fraudulent transfer, or
    (b)  a preferential transfer for any reason not stated in Covered Risk 9 of this policy.
5.  Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the deed or other instrument of transfer in the Public Records that vests Title as shown in Schedule A.

## CONDITIONS

1.  **DEFINITION OF TERMS**
    The following terms when used in this policy mean:
    (a)  "Amount of Insurance":  The amount stated in Schedule A, as may be increased or decreased by endorsement to this policy, increased by Section 8(b), or decreased by Sections

    10 and 11 of these Conditions.
    (b)  "Date of Policy":  The date designated as "Date of Policy" in Schedule A.
    (c)  "Entity":  A corporation, partnership, trust, limited liability company, or other similar legal entity.

**CONDITIONS (Continued)**

(d) "Insured": The Insured named in Schedule A.

  (i) The term "Insured" also includes

    (A) successors to the Title of the Insured by operation of law as distinguished from purchase, including heirs, devisees, survivors, personal representatives, or next of kin;

    (B) successors to an Insured by dissolution, merger, consolidation, distribution, or reorganization;

    (C) successors to an Insured by its conversion to another kind of Entity;

    (D) a grantee of an Insured under a deed delivered without payment of actual valuable consideration conveying the Title

      (1) if the stock, shares, memberships, or other equity interests of the grantee are wholly-owned by the named Insured,

      (2) if the grantee wholly owns the named Insured,

      (3) if the grantee is wholly-owned by an affiliated Entity of the named Insured, provided the affiliated Entity and the named Insured are both wholly-owned by the same person or Entity, or

      (4) if the grantee is a trustee or beneficiary of a trust created by a written instrument established by the Insured named in Schedule A for estate planning purposes.

  (ii) With regard to (A), (B), (C), and (D) reserving, however, all rights and defenses as to any successor that the Company would have had against any predecessor Insured.

(e) "Insured Claimant": An Insured claiming loss or damage.

(f) "Knowledge" or "Known": Actual knowledge, not constructive knowledge or notice that may be imputed to an Insured by reason of the Public Records or any other records that impart constructive notice of matters affecting the Title.

(g) "Land": The land described in Schedule A, and affixed improvements that by law constitute real property. The term "Land" does not include any property beyond the lines of the area described in Schedule A, nor any right, title, interest, estate, or easement in abutting streets, roads, avenues, alleys, lanes, ways, or waterways, but this does not modify or limit the extent that a right of access to and from the Land is insured by this policy.

(h) "Mortgage": Mortgage, deed of trust, trust deed, or other security instrument, including one evidenced by electronic means authorized by law.

(i) "Public Records": Records established under state statutes at Date of Policy for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without Knowledge. With respect to Covered Risk 5(d), "Public Records" shall also include environmental protection liens filed in the records of the clerk of the United States District Court for the district where the Land is located.

(j) "Title": The estate or interest described in Schedule A.

(k) "Unmarketable Title": Title affected by an alleged or apparent matter that would permit a prospective purchaser or lessee of the Title or lender on the Title to be released from the obligation to purchase, lease, or lend if there is a contractual condition requiring the delivery of marketable title.

**2. CONTINUATION OF INSURANCE**

The coverage of this policy shall continue in force as of Date of Policy in favor of an Insured, but only so long as the Insured retains an estate or interest in the Land, or holds an obligation secured by a purchase money Mortgage given by a purchaser from the Insured, or only so long as the Insured shall have liability by reason of warranties in any transfer or conveyance of the Title. This policy shall not continue in force in favor of any purchaser from the Insured of either (i) an estate or interest in the Land, or (ii) an obligation secured by a purchase money Mortgage given to the Insured.

**3. NOTICE OF CLAIM TO BE GIVEN BY INSURED CLAIMANT**

The Insured shall notify the Company promptly in writing (i) in case of any litigation as set forth in Section 5(a) of these Conditions, (ii) in case Knowledge shall come to an Insured hereunder of any claim of title or interest that is adverse to the Title, as insured, and that might cause loss or damage for which the Company may be liable by virtue of this policy, or (iii) if the Title, as insured, is rejected as Unmarketable Title. If the Company is prejudiced by the failure of the Insured Claimant to provide prompt notice, the Company's liability to the Insured Claimant under the policy shall be reduced to the extent of the prejudice.

**4. PROOF OF LOSS**

In the event the Company is unable to determine the amount of loss or damage, the Company may, at its option, require as a condition of payment that the Insured Claimant furnish a signed proof of loss. The proof of loss must describe the defect, lien, encumbrance, or other matter insured against by this policy that constitutes the basis of loss or damage and shall state, to the extent possible, the basis of calculating the amount of the loss or damage.

**5. DEFENSE AND PROSECUTION OF ACTIONS**

(a) Upon written request by the Insured, and subject to the options contained in Section 7 of these Conditions, the Company, at its own cost and without unreasonable delay, shall provide for the defense of an Insured in litigation in which any third party asserts a claim covered by this policy adverse to the Insured. This obligation is limited to only those stated causes of action alleging matters insured against by this policy. The Company shall have the right to select counsel of its choice (subject to the right of the Insured to object for reasonable cause) to represent the Insured as to those stated causes of action. It shall not be liable for and will not pay the fees of any other counsel. The Company will not pay any fees, costs, or expenses incurred by the Insured in the defense of those causes of action that allege matters not insured against by this policy.

(b) The Company shall have the right, in addition to the options contained in Section 7 of these Conditions, at its own cost, to institute and prosecute any action or proceeding or to do any other act that in its opinion may be necessary or desirable to establish the Title, as insured, or to prevent or reduce loss or damage to the Insured. The Company may take any appropriate action under the terms of this policy, whether or not it shall be liable to the Insured. The exercise of these rights shall not be an admission of liability or waiver of any provision of this policy. If the Company exercises its rights under this subsection, it must do so diligently.

(c) Whenever the Company brings an action or asserts a defense as required or permitted by this policy, the Company may pursue the litigation to a final determination by a court of competent jurisdiction, and it expressly reserves the right, in its sole discretion, to appeal any adverse judgment or order.

**6.   DUTY OF INSURED CLAIMANT TO COOPERATE**

(a)   In all cases where this policy permits or requires the Company to prosecute or provide for the defense of any action or proceeding and any appeals, the Insured shall secure to the Company the right to so prosecute or provide defense in the action or proceeding, including the right to use, at its option, the name of the Insured for this purpose. Whenever requested by the Company, the Insured, at the Company's expense, shall give the Company all reasonable aid (i) in securing evidence, obtaining witnesses, prosecuting or defending the action or proceeding, or effecting settlement, and (ii) in any other lawful act that in the opinion of the Company may be necessary or desirable to establish the Title or any other matter as insured. If the Company is prejudiced by the failure of the Insured to furnish the required cooperation, the Company's obligations to the Insured under the policy shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation, with regard to the matter or matters requiring such cooperation.

(b)   The Company may reasonably require the Insured Claimant to submit to examination under oath by any authorized representative of the Company and to produce for examination, inspection, and copying, at such reasonable times and places as may be designated by the authorized representative of the Company, all records, in whatever medium maintained, including books, ledgers, checks, memoranda, correspondence, reports, e-mails, disks, tapes, and videos whether bearing a date before or after Date of Policy, that reasonably pertain to the loss or damage. Further, if requested by any authorized representative of the Company, the Insured Claimant shall grant its permission, in writing, for any authorized representative of the Company to examine, inspect, and copy all of these records in the custody or control of a third party that reasonably pertain to the loss or damage. All information designated as confidential by the Insured Claimant provided to the Company pursuant to this Section shall not be disclosed to others unless, in the reasonable judgment of the Company, it is necessary in the administration of the claim. Failure of the Insured Claimant to submit for examination under oath, produce any reasonably requested information, or grant permission to secure reasonably necessary information from third parties as required in this subsection, unless prohibited by law or governmental regulation, shall terminate any liability of the Company under this policy as to that claim.

**7.   OPTIONS TO PAY OR OTHERWISE SETTLE CLAIMS; TERMINATION OF LIABILITY**

In case of a claim under this policy, the Company shall have the following additional options:

(a)   To Pay or Tender Payment of the Amount of Insurance.

To pay or tender payment of the Amount of Insurance under this policy together with any costs, attorneys' fees, and expenses incurred by the Insured Claimant that were authorized by the Company up to the time of payment or tender of payment and that the Company is obligated to pay. Upon the exercise by the Company of this option, all liability and obligations of the Company to the Insured under this policy, other than to make the payment required in this subsection, shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation.

(b)   To Pay or Otherwise Settle With Parties Other Than the Insured or With the Insured Claimant.

(i)   To pay or otherwise settle with other parties for or in the name of an Insured Claimant any claim insured against under this policy. In addition, the Company will pay any costs, attorneys' fees, and expenses incurred by the Insured Claimant that were authorized by the Company up to the time of payment and that the Company is obligated to pay; or

(ii)   To pay or otherwise settle with the Insured Claimant the loss or damage provided for under this policy, together with any costs, attorneys' fees, and expenses incurred by the Insured Claimant that were authorized by the Company up to the time of payment and that the Company is obligated to pay.

Upon the exercise by the Company of either of the options provided for in subsections (b)(i) or (ii), the Company's obligations to the Insured under this policy for the claimed loss or damage, other than the payments required to be made, shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation.

**8.   DETERMINATION AND EXTENT OF LIABILITY**

This policy is a contract of indemnity against actual monetary loss or damage sustained or incurred by the Insured Claimant who has suffered loss or damage by reason of matters insured against by this policy.

(a)   The extent of liability of the Company for loss or damage under this policy shall not exceed the lesser of

(i)   the Amount of Insurance; or

(ii)   the difference between the value of the Title as insured and the value of the Title subject to the risk insured against by this policy.

(b)   If the Company pursues its rights under Section 5 of these Conditions and is unsuccessful in establishing the Title, as insured,

(i)   the Amount of Insurance shall be increased by 10%, and

(ii)   the Insured Claimant shall have the right to have the loss or damage determined either as of the date the claim was made by the Insured Claimant or as of the date it is settled and paid.

(c)   In addition to the extent of liability under (a) and (b), the Company will also pay those costs, attorneys' fees, and expenses incurred in accordance with Sections 5 and 7 of these Conditions.

**9.   LIMITATION OF LIABILITY**

(a)   If the Company establishes the Title, or removes the alleged defect, lien, or encumbrance, or cures the lack of a right of access to or from the Land, or cures the claim of Unmarketable Title, all as insured, in a reasonably diligent manner by any method, including litigation and the completion of any appeals, it shall have fully performed its obligations with respect to that matter and shall not be liable for any loss or damage caused to the Insured.

(b)   In the event of any litigation, including litigation by the Company or with the Company's consent, the Company shall have no liability for loss or damage until there has been a final determination by a court of competent jurisdiction, and disposition of all appeals, adverse to the Title, as insured.

(c)   The Company shall not be liable for loss or damage to the Insured for liability voluntarily assumed by the Insured in settling any claim or suit without the prior written consent of the Company.

**10.   REDUCTION OF INSURANCE; REDUCTION OR TERMINATION**

CONDITIONS (Continued)

OF LIABILITY

All payments under this policy, except payments made for costs, attorneys' fees, and expenses, shall reduce the Amount of Insurance by the amount of the payment.

**11. LIABILITY NONCUMULATIVE**

The Amount of Insurance shall be reduced by any amount the Company pays under any policy insuring a Mortgage to which exception is taken in Schedule B or to which the Insured has agreed, assumed, or taken subject, or which is executed by an Insured after Date of Policy and which is a charge or lien on the Title, and the amount so paid shall be deemed a payment to the Insured under this policy.

**12. PAYMENT OF LOSS**

When liability and the extent of loss or damage have been definitely fixed in accordance with these Conditions, the payment shall be made within 30 days.

**13. RIGHTS OF RECOVERY UPON PAYMENT OR SETTLEMENT**

(a) Whenever the Company shall have settled and paid a claim under this policy, it shall be subrogated and entitled to the rights of the Insured Claimant in the Title and all other rights and remedies in respect to the claim that the Insured Claimant has against any person or property, to the extent of the amount of any loss, costs, attorneys' fees, and expenses paid by the Company. If requested by the Company, the Insured Claimant shall execute documents to evidence the transfer to the Company of these rights and remedies. The Insured Claimant shall permit the Company to sue, compromise, or settle in the name of the Insured Claimant and to use the name of the Insured Claimant in any transaction or litigation involving these rights and remedies. If a payment on account of a claim does not fully cover the loss of the Insured Claimant, the Company shall defer the exercise of its right to recover until after the Insured Claimant shall have recovered its loss.

(b) The Company's right of subrogation includes the rights of the Insured to indemnities, guaranties, other policies of insurance, or bonds, notwithstanding any terms or conditions contained in those instruments that address subrogation rights.

**14. ARBITRATION**

Provided that this does not supersede Hawaii's Uniform Arbitration Act, Hawaii Revised Statutes, Chapter 658A, either the Company or the Insured may demand that the claim or controversy shall be submitted to arbitration pursuant to the Title Insurance Arbitration Rules of the American Land Title Association ("Rules"). Except as provided in the Rules, there shall be no joinder or consolidation with claims or controversies of other persons. Arbitrable matters may include, but are not limited to, any controversy or claim between the Company and the Insured arising out of or relating to this policy, any service in connection with its issuance or the breach of a policy provision, or to any other controversy or claim arising out of the transaction giving rise to this policy. All arbitrable matters when the Amount of Insurance is $2,000,000 or less shall be arbitrated at the option of either the Company or the Insured. All arbitrable matters when the Amount of Insurance is in excess of $2,000,000 shall be

arbitrated only when agreed to by both the Company and the Insured. Subject to the provisions of Hawaii Revised Statutes, Chapter 658A, arbitration pursuant to this policy and under the Rules shall be binding upon the parties. Judgment upon the award rendered by the Arbitrator(s) shall be entered in any court having jurisdiction thereof.

**15. LIABILITY LIMITED TO THIS POLICY; POLICY ENTIRE CONTRACT**

(a) This policy together with all endorsements, if any, attached to it by the Company is the entire policy and contract between the Insured and the Company. In interpreting any provision of this policy, this policy shall be construed as a whole.

(b) Any claim of loss or damage that arises out of the status of the Title or by any action asserting such claim shall be restricted to this policy.

(c) Any amendment of or endorsement to this policy must be in writing and authenticated by an authorized person, or expressly incorporated by Schedule A of this policy.

(d) Each endorsement to this policy issued at any time is made a part of this policy and is subject to all of its terms and provisions. Except as the endorsement expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsement, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance.

**16. SEVERABILITY**

In the event any provision of this policy, in whole or in part, is held invalid or unenforceable under applicable law, the policy shall be deemed not to include that provision or such part held to be invalid, but all other provisions shall remain in full force and effect.

**17. CHOICE OF LAW; FORUM**

(a) Choice of Law: The Insured acknowledges the Company has underwritten the risks covered by this policy and determined the premium charged therefor in reliance upon the law affecting interests in real property and applicable to the interpretation, rights, remedies, or enforcement of policies of title insurance of the jurisdiction where the Land is located.

Therefore, the court or an arbitrator shall apply the law of the jurisdiction where the Land is located to determine the validity of claims against the Title that are adverse to the Insured and to interpret and enforce the terms of this policy. In neither case shall the court or arbitrator apply its conflicts of law principles to determine the applicable law.

(b) Choice of Forum: Any litigation or other proceeding brought by the Insured against the Company must be filed only in a state or federal court within the United States of America or its territories having appropriate jurisdiction.

**18. NOTICES, WHERE SENT**

Any notice of claim and any other notice or statement in writing required to be given to the Company under this policy must be given to the Company at: **First American Title Insurance Company, Attn: Claims National Intake Center, 1 First American Way, Santa Ana, California 92707. Phone: 888-632-1642**

# SCHEDULE A

Premium: $11,870.00
Amount of Insurance: $10,400,000.00
Date of Policy: December 22, 2015 at 8:01 a.m.
Policy No.: 5011415-17135
Agent's No.: 201524882


ALTA Owner's Policy (06-17-06) (with Hawaii modification)
--------------------------------------------------------------

1.    Name of Insured:

      KA`U MAHI, LLC, a Colorado limited liability company, as Fee
      Owner

2.    The estate or interest in the Land that is insured by this policy
      is:

      FEE SIMPLE

3.    Title is vested in:

      THE NAMED INSURED

4.    The land referred to in this policy is described as follows:

      See Schedule C.

5011415-17135

## SCHEDULE B

## EXCEPTIONS FROM COVERAGE

This policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees, or expenses that arise by reason of:

1. Those matters to which the Land described in Schedule C is "subject to," as set forth in Exhibits "1" to "27", inclusive, attached hereto:

| EXHIBIT | TMK |
|---------|-----|
| 1  | (3) 9-5-007-016 |
| 2  | (3) 9-5-012-017 |
| 3  | (3) 9-5-012-026 |
| 4  | (3) 9-5-014-017 |
| 5  | (3) 9-5-014-041 |
| 6  | (3) 9-5-014-045 |
| 7  | (3) 9-5-022-001 |
| 8  | (3) 9-6-003-002 |
| 9  | (3) 9-6-003-022 |
| 10 | (3) 9-6-005-010 |
| 11 | (3) 9-6-005-012 |
| 12 | (3) 9-6-005-013 |
| 13 | (3) 9-6-005-015 |
| 14 | (3) 9-6-005-056 |
| 15 | (3) 9-6-006-005 |
| 16 | (3) 9-6-006-006 |
| 17 | (3) 9-6-006-007 |
| 18 | (3) 9-6-006-008 |
| 19 | (3) 9-5-012-039 |
| 20 | (3) 9-5-012-040 |
| 21 | (3) 9-5-012-041 |
| 22 | (3) 9-5-012-042 |
| 23 | (3) 9-5-012-043 |
| 24 | (3) 9-5-014-008 |
| 25 | (3) 9-5-024-008 |
| 26 | (3) 9-5-024-076 |
| 27 | (3) 9-6-015-032 |

SCHEDULE B CONTINUED

2.    MORTGAGE

      MORTGAGOR   :   KA`U MAHI, LLC, a Colorado limited liability
                  company

      MORTGAGEE   :   RABO AGRIFINANCE, INC., a Delaware corporation, as
                  agent for itself and the other Secured Parties
                  (defined therein) under the Collateral Agency
                  Agreement

      DATED       :   November 4, 2015
      FILED       :   Land Court Document No. T-9486032
      RECORDED    :   Document No. A-58340241
      AMOUNT      :   $2,750,000.00

3.    FINANCING STATEMENT

      DEBTOR      :   KA`U MAHI, LLC

      SECURED
      PARTY       :   RABO AGRIFINANCE, INC., as agent for itself and the
                  other Secured Parties, under the Collateral Agency
                  Agreement

      RECORDED    :   Document No. A-58340242
      RECORDED ON:   December 22, 2015

END OF SCHEDULE B

5011415-17135

## SCHEDULE C

--------------------------------------------------------------

The Land referred to in this policy is described as follows:

Those certain parcels of land described in Exhibits "1" to "27", inclusive, attached hereto:

| EXHIBIT | TMK |
|---------|-----|
| 1 | (3) 9-5-007-016 |
| 2 | (3) 9-5-012-017 |
| 3 | (3) 9-5-012-026 |
| 4 | (3) 9-5-014-017 |
| 5 | (3) 9-5-014-041 |
| 6 | (3) 9-5-014-045 |
| 7 | (3) 9-5-022-001 |
| 8 | (3) 9-6-003-002 |
| 9 | (3) 9-6-003-022 |
| 10 | (3) 9-6-005-010 |
| 11 | (3) 9-6-005-012 |
| 12 | (3) 9-6-005-013 |
| 13 | (3) 9-6-005-015 |
| 14 | (3) 9-6-005-056 |
| 15 | (3) 9-6-006-005 |
| 16 | (3) 9-6-006-006 |
| 17 | (3) 9-6-006-007 |
| 18 | (3) 9-6-006-008 |
| 19 | (3) 9-5-012-039 |
| 20 | (3) 9-5-012-040 |
| 21 | (3) 9-5-012-041 |
| 22 | (3) 9-5-012-042 |
| 23 | (3) 9-5-012-043 |
| 24 | (3) 9-5-014-008 |
| 25 | (3) 9-5-024-008 |
| 26 | (3) 9-5-024-076 |
| 27 | (3) 9-6-015-032 |

## END OF SCHEDULE C

## GENERAL NOTES

1.  There is hereby omitted from any covenants, conditions and reservations contained herein any covenant or restriction based on race, color, religion, sex, sexual orientation, familial status, marital status, disability, handicap, national origin, ancestry, or source of income, as set forth in applicable state or federal laws, except to the extent that said covenant or restriction is permitted by applicable law.  Lawful restrictions under state or federal law on the age of occupants in senior housing or housing for older persons shall not be construed as restrictions based on familial status.

# E N D O R S E M E N T   N O.   1

### Issued by

### FIRST AMERICAN TITLE INSURANCE COMPANY

**Attached to Policy No. 5011415-17135
dated December 22, 2015 at 8:01 a.m.**

**-AS TO EXHIBITS "1" TO "27", INCLUSIVE:-**

**The Company insures the Insured against loss or damage sustained by reason of the failure of the Land to have a right of access to a public roadway.**

**This endorsement is issued as part of the policy.  Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls.  Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.**

**Dated:  December 22, 2015 at 8:01 a.m.**

**By Title Guaranty of Hawaii, Inc.,
its Authorized Agent**

**TC 103.4 - easement, access to public street (03-09-07) (modified)**

# E N D O R S E M E N T   N O.   2

### Issued by

### FIRST AMERICAN TITLE INSURANCE COMPANY

Attached to Policy No. 5011415-17135
dated December 22, 2015 at 8:01 a.m.

The Company insures against loss or damage sustained by the Insured by reason of those portions of the Land identified in Exhibits "1" to "27", inclusive, not being assessed for real estate taxes under the respective tax map key number as identified in paragraph 1 of Schedule B of each of said exhibits or those tax identification numbers including any additional land.

This endorsement is issued as part of the policy.  Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls.  Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

Dated:  December 22, 2015 at 8:01 a.m.

By Title Guaranty of Hawaii, Inc.,
its Authorized Agent

ALTA 18.1-06/CLTA 129.1-06 - multiple tax parcel (06-17-06) (modified)

E N D O R S E M E N T   N O.   3

Issued by

FIRST AMERICAN TITLE INSURANCE COMPANY

Attached to Policy No. 5011415-17135
dated December 22, 2015 at 8:01 a.m.

1.   The insurance provided by this endorsement is subject to the
     exclusions in Section 4 of this endorsement; and the Exclusions
     from Coverage, the Exceptions from Coverage contained in Schedule
     B, and the Conditions in the policy.

2.   For the purposes of this endorsement only:

     a.   "Covenant" means a covenant, condition, limitation or
          restriction in a document or instrument recorded in the
          Public Records at Date of Policy.

     b.   "Private Right" means (i) an option to purchase; (ii) a
          right of first refusal; or (iii) a right of prior approval
          of a future purchaser or occupant.

3.   The Company insures against loss or damage sustained by the
     Insured under this Owner's Policy if enforcement of a Private
     Right in a Covenant affecting the Title at Date of Policy based
     on a transfer of Title on or before Date of Policy causes a loss
     of the Insured's Title.

4.   This endorsement does not insure against loss or damage (and the
     Company will not pay costs, attorneys' fees, or expenses)
     resulting from:

     a.   any Covenant contained in an instrument creating a lease;

     b.   any Covenant relating to obligations of any type to perform
          maintenance, repair, or remediation on the Land;

     c.   any Covenant relating to environmental protection of any
          kind or nature, including hazardous or toxic matters,
          conditions, or substances; or

ALTA 9.9-06/CLTA 100.2.9-06 - owner - private rights (04-02-13)

    d.    any Private Right in an instrument identified in
           Exception(s) None in Schedule B.

This endorsement is issued as part of the policy. Except as it
expressly states, it does not (i) modify any of the terms and
provisions of the policy, (ii) modify any prior endorsements, (iii)
extend the Date of Policy, or (iv) increase the Amount of Insurance.
To the extent a provision of the policy or a previous endorsement is
inconsistent with an express provision of this endorsement, this
endorsement controls. Otherwise, this endorsement is subject to all of
the terms and provisions of the policy and of any prior endorsements.

Dated:  December 22, 2015 at 8:01 a.m.

By Title Guaranty of Hawaii, Inc.,
its Authorized Agent

ALTA 9.9-06/CLTA 100.2.9-06 - owner - private rights (04-02-13)

E N D O R S E M E N T   N O.   4

Issued by

FIRST AMERICAN TITLE INSURANCE COMPANY

Attached to Policy No. 5011415-17135
dated December 22, 2015 at 8:01 a.m.

The Company insures against loss or damage sustained by the Insured by reason of any statutory lien for labor or material attaching to the Insured's estate described in Schedule C hereof and arising out of any work of improvement under construction or completed at the date hereof, except this endorsement does not insure against loss or damage sustained by reason of any statutory lien for labor or material contracted for, undertaken or agreed to by the Insured.

This endorsement is issued as part of the policy.  Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls.  Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

Dated:  December 22, 2015 at 8:01 a.m.

By Title Guaranty of Hawaii, Inc.,
its Authorized Agent

TG 301-06 - Owner - mechanics' lien, but not of insured's work (6-06)

# E N D O R S E M E N T   N O.   5

Issued by

**FIRST AMERICAN TITLE INSURANCE COMPANY**

Attached to Policy No. 5011415-17135
dated December 22, 2015 at 8:01 a.m.

The Company insures against loss or damage sustained by reason of the existence, at Date of Policy, of any present violations on the Land of any enforceable covenants, conditions or restrictions;

As used in this endorsement, the words "covenants, conditions or restrictions" do not refer to or include the terms, covenants, conditions or restrictions contained in any lease.

As used in this endorsement, the words "covenants, conditions or restrictions" do not refer to or include any covenant, condition or restriction  (a) relating to obligations of any type to perform maintenance, repair or remediation on the Land, or (b) pertaining to environmental protection of any kind or nature, including hazardous or toxic matters, conditions or substances except to the extent that a notice of a violation or alleged violation affecting the Land has been recorded in the Public Records at Date of Policy and is not excepted in Schedule B.

This endorsement is issued as part of the policy.  Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls.  Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

Dated:  December 22, 2015 at 8:01 a.m.

By Title Guaranty of Hawaii, Inc.,
its Authorized Agent

TG 203B-06/CLTA 100-06 - Owner - restrictions, encroachments, minerals
- without survey (6-06)

EXHIBIT "1"

LEGAL DESCRIPTION

-ITEM I:-

All of that certain parcel of land (being portion(s) of the land(s) described in and covered by Royal Patent Number 6882, Land Commission Award Number 9971, Apana 10 to W. P. Leleiohoku and Royal Patent Grant Number 2771 to S. Laanui and all of Royal Patent Grant Number 994, Apanas 1 and 2 to Heleloa; Royal Patent Grant Number 1897 to Kahula; Royal Patent Grant Number 2159 to Moeawa; Royal Patent Grant Number 3161 to S. K. Kawaiponia and Hao; Royal Patent Number 4996, Land Commission Award Number 7315, Apanas 1 and 2 to Keawehano; Royal Patent Number 6821, Land Commission Award Number 7535 Apanas 1 and 2 to Kokai; Royal Patent Number (none), Land Commission Award Number 7553-B, Apanas 1 and 2 to Pa; Royal Patent Number 3296, Land Commission Award Number 9963 Apanas 1, 2 and 3 to Leonui; Royal Patent Number 2957, Land Commission Award Number 10445, Apana 2 to Naluahi; Royal Patent Number 3211, Land Commission Award Number 10591, Apanas 2 and 3 to Pihe and Royal Patent Number 5001, Land Commission Award Number 7542, Apana 2 to Kahaliukua) situate, lying and being at Kahaea, Kahilipali-iki, and Kahilipali-nui, District of Ka'u, Island and County of Hawaii, State of Hawaii, bearing Tax Key designation (3) 9-5-007-016 and containing an area of 2,013.142 acres, more or less.

-ITEM II:-

(A)   A nonexclusive easement for roadway access and utility purposes over, across, and under, Road Easement A, Road Easement B, Road Easement C, Road Easement E, Road Easement F, Road Easement G (Revised) and Proposed Naalehu Spur Road, as more particularly described and set forth in DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITIES, dated August 5, 2004, recorded as Document No. 2004-173077; subject to the terms and provisions contained therein.

Said DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITIES was amended by instrument dated October 26, 2004, recorded as Document No. 2004-228021.

EXHIBIT CONTINUED

(B)   A nonexclusive easement for roadway access and utility purposes,
      through, over, under and across Road Easement "D", as more
      particularly described and granted in GRANT OF EASEMENT FOR ROADWAY
      ACCESS AND UTILITIES PURPOSES, dated August 5, 2004, recorded as
      Document No. 2004-173078; subject to the terms and provisions
      contained therein.


BEING THE PREMISES ACQUIRED BY QUITCLAIM DEED

GRANTOR    :  HI BIV LAND LLC, a Delaware limited liability company

GRANTEE    :  KA`U MAHI, LLC, a Colorado limited liability company

DATED      :  December 22, 2015
FILED      :  Land Court Document No. T-9486031
RECORDED   :  Document No. A-58340236


SCHEDULE B FOR
EXHIBIT "1"


This policy does not insure against loss or damage, and the Company will
not pay costs, attorneys' fees, or expenses that arise by reason of:


1.   Real Property Taxes, Second Installment, Fiscal Year July 1, 2015 -
     June 30, 2016.

     Payable on or before February 20, 2016.

     Tax Key: (3) 9-5-007-016     Area Assessed: 2,013.142 acres


     -Note:-  Attention is invited to the fact that the premises covered
              herein may be subject to possible rollback or retroactive
              property taxes.

EXHIBIT   CONTINUED

2.     Mineral and water rights of any nature.


3.     Location of the seaward boundary in accordance with the laws of the
       State of Hawaii and shoreline setback line in accordance with County
       regulation and/or ordinance.


4.     Rights of native tenants as reserved in Royal Patent Grants 994, 2159,
       2771 and 3161 and Land Commission Award Number 9971.


5.     Matters arising out of the failure of a patent to have issued on Land
       Commission Award 7553-B to Pa, and any matters that may be set forth
       in any such patent.   The Company assumes no obligation to procure any
       patent or to pay commutation, if any, which may be owed thereon.


6.     Matters arising out of, including any utility and access rights in
       favor of, Royal Patent Number 5409, Land Commission Award Number 7553,
       Apana 1, Tax Map Key designation (3) 9-5-007-008, located within the
       subject land described in Schedule C.


7.     Matters arising out of, including any utility and access rights in
       favor of, Royal Patent Number 5409, Land Commission Award Number 7553,
       Apana 2, Tax Map Key designation (3) 9-5-007-005.


8.     Matters arising out of, including any utility and access rights in
       favor of, Tax Map Key designation (3) 9-5-007-014.

## EXHIBIT   CONTINUED

9. Unrecorded GRANT OF EASEMENT by HUTCHINSON SUGAR PLANTATION COMPANY to THE HILO ELECTRIC LIGHT COMPANY, LTD. (now known as HAWAII ELECTRIC LIGHT COMPANY, INC.) dated September 8, 1953, granting a perpetual right and easement for utility purposes, over, under and across land located at Kahilipali-nui, Kau, Hawaii, being Land Commission Award Number 9971, Apana 10, Tax Key 9-5-007-001 (now tax key 9-5-007-portion 016).

10. LEASE

| | | |
|---|---|---|
| LESSOR | : | SEAMOUNTAIN-HAWAII RANCH COMPANY, INC. and KA'U SUGAR COMPANY, INC., both Hawaii corporations |
| LESSEE | : | STATE OF HAWAII, by its BOARD OF LAND AND NATURAL RESOURCES for the Department of Regulatory Agencies; COUNTY OF HAWAII, a municipal corporation of the State of Hawaii; HAWAII ELECTRIC LIGHT COMPANY, INC., a Hawaii corporation; CAMP, INC., a Hawaii corporation; and WESTERN TELESTATIONS, INC., a Wyoming corporation |
| DATED | : | June 1, 1979 |
| RECORDED | : | Liber 14337  Page 381 |
| TERM | : | Thirty (30) years from June 1, 1979 to and including May 31, 2009, and thereafter from year to year until terminated, leasing and demising Easement "A" (microwave station site), and the use of road easement "G", being a nonexclusive roadway easement for access purposes to and from said microwave station site, both as more fully described therein |

By mesne assignment, the interest of CAMP, INC., a Hawaii corporation, is now held by THE CHRONICLE PUBLISHING COMPANY, by unrecorded assignment and assumption dated December 31, 1988, from COOKE CABLEVISION, INC.  Consent given thereto by KA'U AGRIBUSINESS CO., INC.

**© Title Guaranty of Hawaii, Inc.**
235 QUEEN ST., HONOLULU, HAWAII  96813,  PH: (808) 533-6261

EXHIBIT   CONTINUED

The foregoing lease was amended by AMENDMENT TO LEASE dated February 4, 2005, recorded as Document No. 2005-027944, re: the STATE OF HAWAI'I's interest in the lease is now represented by the DEPARTMENT OF HEALTH, EMERGENCY MEDICAL SERVICES SYSTEM BRANCH, and amendment of the descriptions of:  (a) Easement "A," demised by the lease to reflect the current designation of Easement "A," containing an area of 6,705 square feet, more or less, and to add Easement "A-1" containing an area of 439 square feet, more or less, and (b) road Easement "G," all being more particularly described therein.

-Note:-    No joinder by WESTERN TELESTATIONS, INC., a Wyoming corporation, and THE CHRONICLE PUBLISHING COMPANY, in the foregoing AMENDMENT TO LEASE.


Said Lease, as amended, is subject to any  and all matters arising from or affecting the same.


11.   LEASE

LESSOR      :   SEAMOUNTAIN-HAWAII RANCH COMPANY, LIMITED, a Hawaii corporation

LESSEE      :   HAWAII ELECTRIC LIGHT COMPANY, INC., a Hawaii corporation

DATED       :   October 23, 1979
RECORDED    :   Liber 14353  Page 576
TERM        :   Thirty (30) years from June 1, 1979 to and including May 31, 2009, and thereafter from year to year until terminated, leasing and demising Power Line Easements 2 and 3, being more particularly described therein

© Title Guaranty of Hawaii, Inc.
235 QUEEN ST., HONOLULU, HAWAII  96813.  PH: (808) 533-6261

EXHIBIT  CONTINUED


12.  GRANT

     TO          :  HAWAII ELECTRIC LIGHT COMPANY, INC.

     DATED       :  October 9, 1981
     RECORDED    :  Liber 15983  Page 449
     GRANTING    :  Easement "E-6" for powerline purposes, being more
                    particularly described therein


13.  Unrecorded PASTURE LICENSE dated November 19, 1996, effective as of
     October 1, 1996, by and between KA'U AGRIBUSINESS CO., INC., a Hawaii
     corporation, as "Owner", and KUAHIWI CONTRACTORS, INC., as
     "Licensee", re:  use of approximately 693.058 acres, being a portion
     of tax key (3) 9-5-007-016, for a term of fifteen (15) years from the
     effective date.


14.  Unrecorded PUBLIC UTILITY EASEMENT AGREEMENT dated October 21, 1996,
     by and between KAU AGRIBUSINESS CO., INC., a Hawaii corporation, as
     Grantor, and GTE MOBILNET OF HAWAII INCORPORATED, a Hawaii
     corporation, as set forth in instrument dated April 11, 2002, recorded
     as Document No. 2002-104888, re: easement for telecommunication
     purposes.

     GTE MOBILNET OF HAWAII INCORPORATED, a Hawaii corporation, merged into
     and with GTE MOBILNET OF PORTLAND INCORPORATED, a Delaware
     corporation, as set forth in instrument dated March 18, 1998, filed
     as Land Court Order No. 130930.

     The corporate name of GTE MOBILNET OF PORTLAND INCORPORATED was
     changed to GTE WIRELESS OF THE PACIFIC INCORPORATED, a Delaware
     corporation, as set forth in instrument dated March 18, 1998, filed
     as Land Court Order No. 130930.

     Said easement agreement was assigned by ASSIGNMENT AND ASSUMPTION
     AGREEMENT dated effective as of April 1, 2000, recorded as Document
     No. 2002-133573, to CROWN CASTLE GT COMPANY LLC, a Delaware limited
     liability company.


**© Title Guaranty of Hawaii, Inc.**
235 QUEEN ST., HONOLULU, HAWAII  96813,  PH: (808) 533-6261

**EXHIBIT   CONTINUED**

15.   Unrecorded PUBLIC UTILITY EASEMENT AGREEMENT dated March 1, 1999, by
and between KA'U AGRIBUSINESS CO., INC., as Grantor, and USCOC OF
HAWAII 3 INC., as Grantee, granting for a term of ten (10) years, from
June 1, 1999, and terminating May 30, 2009, with option to extend for
two (2) additional periods of five (5) years each, (a) Easement "US-2"
for road access purposes affecting a portion of R. P. 6882, L. C. Aw.
9971, Apana 10 to Wm. Pitt Leleiohoku and containing an area of 6,584
square feet, more or less, as shown on map attached thereto; (b) a
portion of Easement "G" (Revised) being a portion of Grant 2152, Apana
2 to Kalimapahana, Grant 2724, Apana 1 to Kalike, Grant 2525 to Ilama,
Grant 2599 to Kahakauwila and R. P. 6882, L. C. Aw. 9971, Apana 10
to Wm. Pitt Leleiohoku; and (c) EASEMENT "US-1", more particularly
described as follows:

EASEMENT "US-1"
For United States Cellular Naalehu Site

Being a portion of R. P. 6882, L. C. Aw. 9971, Apana 10
to Wm. Pitt Leleiohoku

Situated at Kahilipali Nui, Kau, Island of Hawaii, Hawaii

Beginning at the westerly corner of this easement parcel of land, the
coordinates of said point of beginning referred to Government Survey
Triangulation Station "STEIN 2" being 5,902.36 feet south and 1,351.44
feet west and running by azimuths measured clockwise from true South:

| 1. | 240° 10' | 60.00 | feet along Easement "US-2"; |
|----|----------|-------|------------------------------|
| 2. | 330° 10' | 60.00 | feet; |
| 3. | 60° 10'  | 60.00 | feet; |
| 4. | 150° 10' | 60.00 | feet to the point of beginning and containing an area of 3,600 square feet, more or less. |

Said Easement Agreement was assigned by unrecorded Assignment dated
August 1, 2000, to AT & T WIRELESS SERVICES OF HAWAII, INC., a Wisconsin
corporation, doing business as AT & T WIRELESS SERVICES.

EXHIBIT   CONTINUED

Said Easement Agreement was amended by unrecorded Amendment of Public Utility Easement Agreement dated August 7, 2003, wherein also, KA'U AGRIBUSINESS CO., INC., a Hawaii corporation, consents to AT & T WIRELESS SERVICES OF HAWAII, INC., a Wisconsin corporation, doing business as AT & T WIRELESS SERVICES, entering into an agreement with NEXTEL WIP LEASE CORP., a Delaware corporation, doing business as NEXTEL PARTNERS, to collocate upon, access and utilize a portion of the Easement Agreement premises as shown on the site plans attached thereto.  Acknowledged and agreed July 29, 2003, by NEXTEL WIP LEASE CORP., a Delaware corporation, doing business as NEXTEL PARTNERS.

16.  Unrecorded REVOCABLE LICENSE dated April 1, 2004, by and between MAUNA KEA AGRIBUSINESS CO., INC., a Hawaii corporation, through its agent KA'U AGRIBUSINESS CO., INC., a Hawaii corporation, as "Owner", and WALTER ANDRADE, as "Licensee", re:  use of approximately 780.00 usable acres within tax key (3) 9-5-7-16, as shown on the map attached thereto, for the purpose of pasture use only, commencing April 1, 2004.

17.  The terms and provisions contained in the following:

| | | |
|---|---|---|
| INSTRUMENT | : | DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITIES |
| DATED | : | August 5, 2004 |
| RECORDED | : | Document No. 2004-173077 |
| PARTIES | : | C. BREWER AND COMPANY, LIMITED, a Hawaii corporation (successor by merger to KA'U AGRIBUSINESS CO., INC., a Hawaii corporation) |
| RE | : | a perpetual nonexclusive appurtenant easement for roadway access and utility purposes over, across, and under Road Easement G (Revised), in favor of the owner from time to time of Tax Map Key (3) 9-5-007-016, being more particularly described therein. |

Said above DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITIES was amended by instrument dated October 26, 2004, recorded as Document No. 2004-228021.

EXHIBIT   CONTINUED

18. Claims arising out of customary and traditional rights and practices, including without limitation those exercised for subsistence, cultural, religious, access or gathering purposes, as provided for in the Hawaii Constitution or the Hawaii Revised Statutes.

19. The terms and provisions contained in the following:

Unrecorded AGREEMENT PERTAINING TO CROWN EASEMENT dated June 22, 2005, of which a MEMORANDUM OF AGREEMENT (Crown Easement) is dated June 22, 2005, recorded as Document No. 2006-101746.

20. The terms and provisions as contained in letter entitled "Re: Archaeological Assessment for Three Na`alehu Project Areas, Island of Hawaii", dated June 2, 2006, by Paul L. Cleghorn, Ph.D., Principal, Senior Archaeologist, Pacific Legacy, Incorporated, including the failure to comply with any recommendations made in said above letter, or made pursuant to any federal, state or county laws and regulations regarding any sites and discoveries.

21. -AS TO ITEM II:-

Any claim or boundary dispute which may exist or arise by reason of the failure of the DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITIES recorded as Document No. 2004-173077 referred to in Schedule C to locate with certainty the boundaries of the Proposed Naalehu Spur Road described in said instrument.

22. GROUND LEASE AGREEMENT

LESSOR       :   WWK HAWAII-WAIKAPUNA LLC, a Delaware limited liability company

LESSEE       :   CROWN CASTLE GT COMPANY LLC, a Delaware limited liability company

EXHIBIT   CONTINUED

DATED     :  March 31, 2010
TERM      :  Five (5) years, automatically renewing for three terms
             of five (5) years each, commencing upon the execution
             of the Agreement

A Short Form of Ground Lease Agreement is dated March 31, 2010,
recorded as Document No. A-50721157.


23.  Any unrecorded leases and matters arising from or affecting the same.


24.  Discrepancies, conflicts in boundary lines, shortage in area,
     encroachments or any other matters which a correct survey or
     archaeological study would disclose.

EXHIBIT "2"

LEGAL DESCRIPTION

All of that certain parcel of land (being portion(s) of the land(s) described in and covered by the Ahupuaa of Kioloku (Certificate of Boundary No. 57), and portions of Royal Patent Grant Number 2656 to Kaiahua, Royal Patent Grant Number 2118 to Keawemaka and Royal Patent Grant Number 2748 to Kaleikau; and also being all of the lands described in and covered by Royal Patent Number 6782, Land Commission Award Number 9660 to Kaahui and Royal Patent Number 6095, Land Commission Award Number 9659 to Kekahuna) situate, lying and being at Kioloku, Poohina, District of Ka'u, Island and County of Hawaii, State of Hawaii, being LOT A-1, as per survey dated November 13, 2006, to-wit:

Beginning at the south corner of this parcel of land, being also along the northwest side of Mamalahoa Highway, the coordinates of said point of beginning referred to Government Survey Triangulation Station "STEIN 2" being 3,293.47 feet north and 3,642.27 feet east and thence running by azimuths measured clockwise from true South:

| | | | | |
|---|---|---|---|---|
| 1. | 204° 54' 40" | 14.35 | feet along Grant 2653:1 to Kalakuniai; |
| 2. | 213° 22' | 1746.00 | feet along Lot 31 of Kaunamano Homesteads; |
| 3. | 88° 30' | 950.40 | feet along Lot 31 of Kaunamano Homesteads; |
| 4. | 136° 47' | 417.80 | feet along the Government Land of Kaunamano; |
| 5. | 222° 43' | 2022.00 | feet along Lot 29 of Kaunamano Homesteads; |
| 6. | 132° 30' | 264.00 | feet along Lot 29 of Kaunamano Homesteads; |
| 7. | 212° 40' | 763.00 | feet along Lot 29 of Kaunamano Homesteads; |
| 8. | 116° 50' | 162.00 | feet along Lot 29 of Kaunamano Homesteads; |

© Title Guaranty of Hawaii, Inc.
235 QUEEN ST., HONOLULU, HAWAII  96813.  PH: (808) 533-6261

EXHIBIT   CONTINUED

| | | | | |
|---|---|---|---|---|
| 9. | 113° | 15' | 551.00 | feet along Lot 29 of Kaunamano Homesteads; |
| 10. | 109° | 15' | 1305.00 | feet along Lot 27-B of Kaunamano Homesteads; |
| 11. | 114° | 38' | 331.70 | feet along Lot 27-B of Kaunamano Homesteads; |
| 12. | 270° | 00' | 144.00 | feet along Lot A, being a portion of the Lands of Kioloku (Certificate of Boundaries No. 57); |
| 13. | 258° | 54' | 52.00 | feet along Lot A, being a portion of the Lands of Kioloku (Certificate of Boundaries No. 57); |
| 14. | 250° | 52' | 131.20 | feet along Lot A, being a portion of the Lands of Kioloku (Certificate of Boundaries No. 57); |
| 15. | 240° | 03' | 386.60 | feet along Lot A, being a portion of the Lands of Kioloku (Certificate of Boundaries No. 57); |
| 16. | 236° | 31' | 159.50 | feet along Lot A, being a portion of the Lands of Kioloku (Certificate of Boundaries No. 57); |
| 17. | 233° | 47' | 161.40 | feet along Lot A, being a portion of the Lands of Kioloku (Certificate of Boundaries No. 57); |
| 18. | 235° | 37' | 206.20 | feet along Lot A, being a portion of the Lands of Kioloku (Certificate of Boundaries No. 57); |

© Title Guaranty of Hawaii, Inc.
235 QUEEN ST., HONOLULU, HAWAII  96813.  PH: (808) 533-6261

EXHIBIT  CONTINUED

| 19. | 237° | 22' |     | 181.70  | feet along Lot A, being a portion of the Lands of Kioloku (Certificate of Boundaries No. 57); |
|-----|------|-----|-----|---------|---|
| 20. | 227° | 46' |     | 102.70  | feet along Lot A, being a portion of the Lands of Kioloku (Certificate of Boundaries No. 57); |
| 21. | 221° | 27' |     | 161.13  | feet along Lot A, being a portion of the Lands of Kioloku (Certificate of Boundaries No. 57); |
| 22. | 298° | 00' |     | 879.42  | feet along L.C.Aw. 8559-B, Ap. 13 to W.C. Lunalilo (Certificate of Boundaries No. 74); |
| 23. | 297° | 25' |     | 939.58  | feet along L.C.Aw. 8559-B, Ap. 13 to W.C. Lunalilo (Certificate of Boundaries No. 74); |
| 24. | 277° | 00' |     | 1802.22 | feet along L.C.Aw. 8559-B, Ap. 13 to W.C. Lunalilo (Certificate of Boundaries No. 74); |
| 25. | 26°  | 00' | 20" | 136.34  | feet along the northwest side of Mamalahoa Highway; |
| 26. | 34°  | 32' | 20" | 206.32  | feet along the northwest side of Mamalahoa Highway; |
| 27. | 25°  | 56' | 20" | 303.09  | feet along the northwest side of Mamalahoa Highway; |
| 28  | 47°  | 19' |     | 337.30  | feet along Lot A-6, being portions of Grant 2748 to Kaleikau; Grant 2656 to Kaiahua; and the Lands of Kioloku (Certificate of Boundaries No. 57); |

© Title Guaranty of Hawaii, Inc.
235 QUEEN ST., HONOLULU, HAWAII  96813,  PH: (808) 533-6261

EXHIBIT   CONTINUED

| | | | |
|---|---|---|---|
| 29. | 38° 29' | 192.00 | feet along Lot A-6, being portions of Grant 2748 to Kaleikau; Grant 2656 to Kaiahua; and the Lands of Kioloku (Certificate of Boundaries No. 57); |
| 30. | 31° 00' | 400.00 | feet along Lot A-6, being portions of Grant 2748 to Kaleikau; Grant 2656 to Kaiahua; and the Lands of Kioloku (Certificate of Boundaries No. 57); |
| 31. | 121° 00' | 1300.00 | feet along Lot A-6, being portions of Grant 2748 to Kaleikau; Grant 2656 to Kaiahua; and the Lands of Kioloku (Certificate of Boundaries No. 57); |
| 32. | 34° 00' | 419.47 | feet along Lot A-6, being portions of Grant 2748 to Kaleikau; Grant 2656 to Kaiahua; and the Lands of Kioloku (Certificate of Boundaries No. 57); |

33.   Thence along Lot A-6, being portions of Grant 2748 to Kaleikau; Grant 2656 to Kaiahua; and the Lands of Kioloku (Certificate of Boundaries No. 57), on a curve to the right with a radius of 45.00 feet, the chord azimuth and distance being:

26°  41'  02"    58.90    feet;

34.   Thence along Lot A-6, being portions of Grant 2748 to Kaleikau; Grant 2656 to Kaiahua; and the Lands of Kioloku (Certificate of Boundaries No. 57), on a curve to the left with a radius of 45.00 feet, the chord azimuth and distance being:

50°  46'  43"    25.98    feet;

EXHIBIT   CONTINUED

35.   34°   00'            410.28         feet along Lot A-6, being portions of
                                          Grant 2748 to Kaleikau; Grant 2656 to
                                          Kaiahua; and the Lands of Kioloku
                                          (Certificate of Boundaries No. 57) and
                                          Lot A-5, being a portions of Grant 2656
                                          to Kaiahua; Grant 2118 to Keawemaka; and
                                          Grant 2748 to Kaleikau;

36.   Thence along Lots A-5 and A-4, being portions of Grant 2656 to Kaiahua;
                                          Grant 2118 to Keawemaka; and Grant 2748
                                          to Kaleikau, on a curve to the left with
                                          a radius of 2970.00 feet, the chord
                                          azimuth and distance being:

      28°   37'   30"     556.42          feet;

37.   23°   15'            508.89         feet along Lot A-4, being portions of
                                          Grant 2656 to Kaiahua; Grant 2118 to
                                          Keawemaka; and Grant 2748 to Kaleikau
                                          and Lots A-3 and A-2, being portions of
                                          Grant 2656 to Kaiahua and Grant 2118 to
                                          Keawemaka;

38.   Thence along Lot A-2, being portions of Grant 2656 to Kaiahua and Grant
                                          2118 to Keawemaka, on a curve to the left
                                          with a radius of 270.00 feet, the chord
                                          azimuth and distance being:

      0°   52'   30"      205.56          feet;

39.   338°   30'           496.84         feet along Lot A-2, being portions of
                                          Grant 2656 to Kaiahua and Grant 2118 to
                                          Keawemaka;

EXHIBIT   CONTINUED

40.   Thence along Lot A-2, being portions of Grant 2656 to Kaiahua and Grant 2118 to Keawemaka, on a curve to the right with a radius of 330.00 feet, the chord azimuth and distance being:

     12°   15'     366.68     feet;

41.   46°   00'     266.94     feet along Lot A-2, being portions of Grant 2656 to Kaiahua and Grant 2118 to Keawemaka;

42.   Thence along Lot A-2, being portions of Grant 2656 to Kaiahua and Grant 2118 to Keawemaka, on a curve to the left with a radius of 270.00 feet, the chord azimuth and distance being:

     5°   45'     348.91     feet;

43.   325°   30'     90.00     feet along Lot A-2, being portions of Grant 2656 to Kaiahua and Grant 2118 to Keawemaka;

44.   Thence along Lot A-2, being portions of Grant 2656 to Kaiahua and Grant 2118 to Keawemaka, on a curve to the left with a radius of 20.00 feet, the chord azimuth and distance being:

     280°   30'     28.28     feet;

45.   55°   30'     754.00     feet along the northwest side of Mamalahoa Highway;

46.   47°   18'     426.64     feet along the northwest side of Mamalahoa Highway to the point of beginning and containing an area of 153.260 acres, more or less.

EXHIBIT   CONTINUED

BEING THE PREMISES ACQUIRED BY QUITCLAIM DEED

| | | |
|---|---|---|
| GRANTOR | : | HI BIV LAND LLC, a Delaware limited liability company |
| GRANTEE | : | KA`U MAHI, LLC, a Colorado limited liability company |
| DATED | : | December 22, 2015 |
| FILED | : | Land Court Document No. T-9486031 |
| RECORDED | : | Document No. A-58340236 |

SCHEDULE B FOR
EXHIBIT "2"

This policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees, or expenses that arise by reason of:

1.   Real Property Taxes, Second Installment, Fiscal Year July 1, 2015 – June 30, 2016.

Payable on or before February 20, 2016.

Tax Key: (3) 9-5-012-017     Area Assessed: 153.260 acres

-Note:-   Attention is invited to the fact that the premises covered herein may be subject to possible rollback or retroactive property taxes.

2.   Mineral and water rights of any nature.

EXHIBIT   CONTINUED


3.    -AS TO THAT PORTION OF THE LAND DESCRIBED IN SCHEDULE C COVERED BY
      ROYAL PATENT GRANTS 2118, 2656 AND 2748:-

      Rights of native tenants as reserved in Royal Patent Grant Numbers
      2118, 2656 and 2748.


4.    Roadways as referenced on tax map.


5.    Unrecorded LEASE dated November 17, 1953 by and between HUTCHINSON
      SUGAR PLANTATION COMPANY, as Lessor and HILO ELECTRIC LIGHT COMPANY,
      LIMITED (now known as HAWAII ELECTRIC LIGHT COMPANY, INC.), as Lessee,
      leasing and demising a 20-foot wide easement for pole and wireline
      purposes, as set forth in DEED dated June 1, 1961, recorded in Liber
      4303 at Page 337.


      Said LEASE was amended by AGREEMENT dated March 2, 1988, recorded in
      Liber 21728 at Page 375, by and between KA'U AGRIBUSINESS CO., INC.
      (formerly known as KAU SUGAR COMPANY, INC.), a Hawaii corporation and
      successor to HUTCHINSON SUGAR PLANTATION COMPANY, as Lessor, and
      HAWAII ELECTRIC LIGHT COMPANY, INC. (formerly known as HILO ELECTRIC
      LIGHT COMPANY, LIMITED), a Hawaii corporation, as Lessee; re: Parties
      have elected to continue the term of said lease on a year-to-year
      basis, re-survey of existing pole line, including proposed storm guys,
      etc.


      Said easements affecting the subject land are EASEMENT "A", 20-foot
      wide Utility Line Easement, containing an area of 4.18 acres, more
      or less, EASEMENT 10, 5-foot wide Anchor Easement, containing an area
      of 38 square feet, EASEMENT 11, 5-foot wide Anchor Easement,
      containing an area of 35 square feet, EASEMENT 12, 5-foot wide Anchor
      Easement, containing an area of 32 square feet, EASEMENT 13, 5-foot
      wide Anchor Easement, containing an area of 32 square feet, EASEMENT
      14, 5-foot wide Anchor Easement, containing an area of 35 square feet,
      EASEMENT 15, 5-foot wide Anchor Easement, containing an area of 35
      square feet, EASEMENT 16, 5-foot wide Anchor Easement, containing an
      area of 35 square feet, EASEMENT 17, 5-foot wide Anchor Easement,
      containing an area of 35 square feet, being more particularly
      described therein.

EXHIBIT   CONTINUED

6.    GRANT

    TO           :   HAWAII ELECTRIC LIGHT COMPANY, INC., a Hawaii
                       corporation

    DATED       :   August 28, 1995
    RECORDED   :   Document No. 95-120864
    GRANTING   :   nonexclusive right and easement for utility purposes
                       as shown on map attached thereto


7.    GRANT

    TO           :   GTE HAWAIIAN TELEPHONE COMPANY INCORPORATED, a Hawaii
                       corporation, now known as HAWAIIAN TELCOM, INC.

    DATED       :   September 20, 1996
    RECORDED   :   Document No. 96-139574
    GRANTING   :   non-exclusive right and easement for utility purposes
                       as shown on map attached thereto


8.    GRANT

    TO           :   GTE HAWAIIAN TELEPHONE COMPANY INCORPORATED, a Hawaii
                       corporation, now known as HAWAIIAN TELCOM, INC.

    DATED       :   May 31, 2000
    RECORDED   :   Document No. 2000-093550
    GRANTING   :   non-exclusive right and easement for utility purposes
                       as shown on map attached thereto


9.    Easement "B" (50 feet wide) for access and utility purposes as shown
    on the Boundary Survey made by Russell Figueiroa of R. M. Towill
    Corporation on June 2, 2003, designated Job No. 1-19468-05, and more
    particularly described in instruments dated December 15, 2003,
    recorded as Document Nos. 2003-284524 and 2003-284525.

EXHIBIT   CONTINUED

10. Claims arising out of customary and traditional rights and practices, including without limitation those exercised for subsistence, cultural, religious, access or gathering purposes, as provided for in the Hawaii Constitution or the Hawaii Revised Statutes.

11.  GRANT

TO          :  KA'U AGRIBUSINESS CO., INC., a Hawaii corporation

DATED       :  December 15, 2003
RECORDED    :  Document No. 2003-284524
GRANTING    :  a non-exclusive easement for access and utility purposes over, across, under and through Easement "B", being more particularly described therein

12.  GRANT

TO          :  MAUNA KEA AGRIBUSINESS CO., INC., a Hawaii corporation

DATED       :  December 15, 2003
RECORDED    :  Document No. 2003-284525
GRANTING    :  a non-exclusive, easement for access and utility purposes over, across, under and through Easement "B", being more particularly described therein

13. Discrepancies, conflicts in boundary lines, shortage in area, encroachments or any other rights or matters in which a correct survey would disclose.

EXHIBIT   CONTINUED

14.  Archaeological sites identified in the Archaeological Inventory
     Survey of a Property Located at TMK (3) 9-5-012:17 in Ki`oloku and
     Kaunamano Ahupua`a, Kau District, Island of Hawaii by Diane Guerriero,
     B.A., Elizabeth Gregg, B.A., Joseph Kennedy, M.A., dated April 2005;
     subject to the terms and provisions, including the failure to comply
     with any recommendations made in said above report or made pursuant
     to any federal, state, or county laws and regulations regarding such
     sites and discoveries.

15.  Any unrecorded leases and matters arising from or affecting the same.

16.  Nonexclusive easements for roadway, access and utility purposes in
     favor of land identified as Tax Map Key 9-5-012-026 as granted in
     DECLARATION OF EASEMENT FOR ROADWAY AND UTILITY PURPOSES dated
     November 30, 2015, recorded as Document No. A-58340240.

EXHIBIT "3"

LEGAL DESCRIPTION

All of that certain parcel of land (being portion(s) of the land(s) described in and covered by Ahupuaa of Kioloku (Certificate of Boundaries No. 57) situate, lying and being at Kioloku, District of Ka'u, Island and County of Hawaii, State of Hawaii, being LOT A, bearing Tax Key designation (3) 9-5-012-026, and containing an area of 69.772 acres, more or less.

TOGETHER WITH non-exclusive easement for access and utility purposes through, over, under and across EASEMENT "B" (50-feet wide) as granted in GRANT dated December 15, 2003, recorded as Document No. 2003-284524, being more particularly described therein, and subject to terms and provisions contained therein.

BEING THE PREMISES ACQUIRED BY QUITCLAIM DEED

GRANTOR    :   HI BIV LAND LLC, a Delaware limited liability company

GRANTEE    :   KA`U MAHI, LLC, a Colorado limited liability company

DATED      :   December 22, 2015
FILED      :   Land Court Document No. T-9486031
RECORDED   :   Document No. A-58340236

Together with nonexclusive easements for roadway, access and utility purposes through tax map key parcel (3) 9-5-012-017, as granted in DECLARATION OF EASEMENT FOR ROADWAY AND UTILITY PURPOSES dated November 30, 2015, recorded as Document No. A-58340240.

EXHIBIT  CONTINUED


SCHEDULE B FOR
EXHIBIT "3"


This policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees, or expenses that arise by reason of:


1.   Real Property Taxes, Second Installment, Fiscal Year July 1, 2015 - June 30, 2016.

     Payable on or before February 20, 2016.

     Tax Key: (3) 9-5-012-026     Area Assessed: 69.772 acres


     -Note:-  Attention is invited to the fact that the premises covered herein may be subject to possible rollback or retroactive property taxes.


2.   Mineral and water rights of any nature.


3.   Roadway as referenced on tax map.


4.   The terms and provisions contained in the following:

     INSTRUMENT : DEED OF EXCHANGE

     DATED    : August 11, 1970
     RECORDED : Liber 7130    Page 112


     The foregoing includes, but is not limited to, matters relating to reservation of a nonexclusive easement or right-of-way (30-feet wide) for all road purposes.

**EXHIBIT  CONTINUED**

5.    **GRANT**

    **TO**          :    HAWAII ELECTRIC LIGHT COMPANY, INC., a Hawaii
                             corporation

    **DATED**       :    August 28, 1995
    **RECORDED**  :    Document No. 95-120864
    **GRANTING**  :    non-exclusive right and easement for utility purposes
                             as shown on map attached thereto


6.    **GRANT**

    **TO**          :    GTE HAWAIIAN TELEPHONE COMPANY INCORPORATED, a Hawaii
                             corporation, now known as HAWAIIAN TELCOM, INC.

    **DATED**       :    September 20, 1996
    **RECORDED**  :    Document No. 96-139574
    **GRANTING**  :    non-exclusive right and easement for utility purposes
                             as shown on map attached thereto


7.    **GRANT**

    **TO**          :    MAUNA KEA AGRIBUSINESS CO., INC., a Hawaii corporation,
                             now known as C. BREWER AND COMPANY, LIMITED

    **DATED**       :    May 4, 2004
    **RECORDED**  :    Document No. 2004-093481
    **GRANTING**  :    non-exclusive easements for access and utility
                             purposes as shown on map attached thereto


Said Grant was amended by AMENDMENT TO GRANT OF EASEMENT FOR ACCESS
AND UTILITY PURPOSES (HONUAPO to MAKINO JUNCTION ROAD) dated as of
November 12, 2004, recorded as Document No. 2004-262571.

EXHIBIT   CONTINUED

8.   **GRANT**

TO           :   KAU AGRIBUSINESS CO., INC., a Hawaii corporation, now
                 known as C. BREWER AND COMPANY, LIMITED

DATED        :   May 4, 2004
RECORDED     :   Document No. 2004-093483
GRANTING     :   non-exclusive easements for access and utility
                 purposes as shown on map attached thereto

Said Grant was amended by AMENDMENT TO GRANT OF EASEMENT FOR ACCESS
AND UTILITY PURPOSES (HONUAPO to MAKINO JUNCTION ROAD) dated as of
November 12, 2004, recorded as Document No. 2004-262573.

9.   **GRANT**

TO           :   KAU AGRIBUSINESS CO., INC., a Hawaii corporation, now
                 known as C. BREWER AND COMPANY, LIMITED

DATED        :   May 4, 2004
RECORDED     :   Document No. 2004-093484
GRANTING     :   non-exclusive easements for access and utility
                 purposes as shown on map attached thereto

Said Grant was amended by AMENDMENT TO GRANT OF EASEMENT FOR ACCESS
AND UTILITY PURPOSES (HONUAPO to MAKINO JUNCTION ROAD) dated as of
November 12, 2004, recorded as Document No. 2004-262574.

10.   DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES (Easements
      A and B in favor of Lot C) by C. BREWER AND COMPANY, LIMITED, a Hawaii
      corporation ("Declarant"), dated December 14, 2004, recorded as
      Document No. 2004-262577; re: a nonexclusive easement for roadway,
      access and utility purposes over and across Easement "A" (area 14,792
      square feet), more particularly described therein.

EXHIBIT   CONTINUED

11.   The following unrecorded licenses and leases and matters arising from or affecting the same:

   (A)   Walter Andrade, under unrecorded "Pasture Lease C".

   (B)   Alfred and Stephanie Simeona, under recorded agreement "M04500B".


12.   Claims arising out of customary and traditional rights and practices, including without limitation those exercised for subsistence, cultural, religious, access or gathering purposes, as provided for in the Hawaii Constitution or the Hawaii Revised Statutes.


13.   Any unrecorded leases and matters arising from or affecting the same.


14.   Discrepancies, conflicts in boundary lines, shortage in area, encroachments or any other matters which a correct survey or archaeological study would disclose.


15.   The terms and provisions contained in the following:

   INSTRUMENT :   DECLARATION OF EASEMENT FOR ROADWAY AND UTILITY PURPOSES

   DATED      :   November 30, 2015
   RECORDED   :   Document No. A-58340240

EXHIBIT "4"

LEGAL DESCRIPTION

All of that certain parcel of land (being portion(s) of the land(s) described in and covered by Royal Patent Number 7049, Land Commission Award Number 8559-B, Apana 13 to W. C. Lunalilo; Royal Patent Numbers 6815 and 6931, Land Commission Award Number 8781 to Keohokuma; Royal Patent Number 3746, Land Commission Award Number 9563 to Kaina; Royal Patent Number 7228, Land Commission Award Number 9668 to Nana; Royal Patent Grant Number 1742 to Papai; Royal Patent Grant Number 1367 to D. Leohaalulu and Royal Patent Number 2693 to Napahi and Kaanaana; and being all of the lands described in and covered by Royal Patent Number (none), Land Commission Award Number 7558-B to Kuahine; Royal Patent Number 6795, Land Commission Award Number 7329 to Kukuna; Royal Patent Number 7622, Land Commission Award Number 8760-H to Kookoo; Royal Patent Number 6214, Land Commission Award Number 8780 to Ki; Royal Patent Number (S-8677), Land Commission Award Number 9212, Apana 2 to Hoolapa; Royal Patent Number 7792, Land Commission Award Number 9521 to Hua; Royal Patent Number 3325, Land Commission Award Number 9559 to Molina; Royal Patent Number 5487, Land Commission Award Number 9667 to Kaolele; Royal Patent Number 6112, Land Commission Award Number 9955, Apana 2 to Lilikalani; Royal Patent Number 7106, Land Commission Award Number 10516 to Nahakuelua; and Royal Patent Number 7104, Land Commission Award Number 10634 to Pikoula) situate, lying and being at Hionaa and Honuapo, District of Ka'u, Island and County of Hawaii, State of Hawaii, bearing Tax Key designation (3) 9-5-014-017 and containing an area of 1,050.209 acres, more or less.

Together with non-exclusive easement for access and utility purposes through, over, under and across EASEMENT "B" (50-feet wide) described below as granted in GRANT dated December 15, 2003, recorded as Document No. 2003-284524, being more particularly described therein; and subject to terms and provisions contained therein.

EXHIBIT   CONTINUED

Together with a non-exclusive, perpetual easement for access and utility purposes, through, over, under and across Tax Map Key (3) 9-5-012-026, as granted by GRANT OF EASEMENT FOR ACCESS AND UTILITY PURPOSES (Honuapo to Makino Junction Road), dated May 4, 2004, recorded as Document No. 2004-093484; and subject to the terms and provisions contained therein.

BEING THE PREMISES ACQUIRED BY QUITCLAIM DEED

GRANTOR    :  HI BIV LAND LLC, a Delaware limited liability company

GRANTEE    :  KA`U MAHI, LLC, a Colorado limited liability company

DATED      :  December 22, 2015
FILED      :  Land Court Document No. T-9486031
RECORDED   :  Document No. A-58340236

## SCHEDULE B FOR
## EXHIBIT "4"

This policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees, or expenses that arise by reason of:

1.   Real Property Taxes, Second Installment, Fiscal Year July 1, 2015 - June 30, 2016.

     Payable on or before February 20, 2016.

     Tax Key: (3) 9-5-014-017      Area Assessed: 1,050.209 acres

     -Note:-  Attention is invited to the fact that the premises covered herein may be subject to possible rollback or retroactive property taxes.

EXHIBIT   CONTINUED

2.   Mineral and water rights of any nature.

3.   Roadway as referenced on tax map.

4.   GRANT

     TO           :  EUGENE A. HELBUSH and GLADYS S. HELBUSH, husband and
                      wife, GILBERT SEARLE, also known as GILBERT E. SEARLE,
                      as Trustee, et al.

     DATED        :  May 14, 1976
     RECORDED     :  Liber 11440  Page 535
     GRANTING     :  nonexclusive right and easement for all road purposes
                      over, across, along, upon and under Kaalaiki Road and
                      Hokukano Road as shown on maps attached thereto

5.   GRANT

     TO           :  HAWAII ELECTRIC LIGHT COMPANY, INC., a Hawaii
                      corporation

     DATED        :  March 3, 1988
     RECORDED     :  Liber 21728  Page 375
     GRANTING     :  Rights and easements over Easement "A" for Utility Line
                      purposes, and Easements 1 through 9, for Anchor
                      purposes, more particularly described therein

6.   GRANT

     TO           :  THE NATURE CONSERVANCY, District of Columbia not for
                      profit corporation

     DATED        :  February 28, 2002
     RECORDED     :  Document No. 2002-037419
     GRANTING     :  nonexclusive easement for access purposes over and
                      across the existing roadways as shown on maps attached
                      thereto

EXHIBIT  CONTINUED

7.  The terms and provisions contained in the following:

   INSTRUMENT : WELL LICENSE AGREEMENT

   DATED      : December 1, 2003
   RECORDED   : Document No. 2003-268235
   PARTIES    : KA'U AGRIBUSINESS CO., INC., a Hawaii corporation, and LANDCO, a California corporation
   RE         : exclusive right to use Well No. 533-03 inclusive of all water drawn therefrom and have nonexclusive right to use Well No. 533-02, etc.

   Said above Agreement was amended by instrument dated December 20, 2005, recorded as Document No. 2005-262393.

   Said above WELL LICENSE AGREEMENT is subject to that certain COVENANTS ON CERTAIN EASEMENT RIGHTS AND APPURTENANT RIGHTS UNDER WELL LICENSE AGREEMENT dated June 21, 2004, recorded as Document No. 2004-134651, entered into by and between HONUAPO BAY RANCH ESTATES LP, a California limited partnership (executed by LANDCO, a General Partner) and RICHARD E. ALDERSON, Trustee of the Richard E. Alderson Inter Vivos Trust Agreement dated December 11, 1987.

8.  GRANT

   TO         : LANDCO, a California corporation

   DATED      : December 1, 2003
   RECORDED   : Document No. 2003-268236
   GRANTING   : nonexclusive easements over and across the Centerline Easement A for access purposes, Easement B for utility purposes, Easements C and D for access and utility purposes, Easement E for water tank site, Easements F and G for well and water pump station site, and Easement J for access and utility purposes

EXHIBIT   CONTINUED

EXTINGUISHMENT OF EASEMENT RIGHTS AND QUITCLAIM FOR HONUAPO LAND dated December 12, 2005 and December 20, 2005, recorded as Document No. 2005-262391, by and among HONUAPO BAY RANCH ESTATES, LP, a California limited partnership ("Honuapo"), and BIG ISLE V VENTURES, LLC, a Delaware limited liability company, ("Big Isle V Ventures"), and HONUAPO HISTORICAL SOCIETY, a Hawaii nonprofit corporation, C. BREWER AND COMPANY, LIMITED, a Hawaii corporation (successor by merger to KA'U AGRIBUSINESS CO., INC., a Hawaii corporation), ("Brewer"), regarding TMK (3) 9-5-014-006, 007, 027, 029, 052, 053, 054, 055, 056, 057, 058, and 059

9.   GRANT

   TO          :  MAUNA KEA AGRIBUSINESS CO., INC., a Hawaii corporation

   DATED       :  May 4, 2004
   RECORDED    :  Document No. 2004-093480
   GRANTING    :  nonexclusive easements for access and utility purposes
                  as shown on maps attached thereto

   Said Grant was amended by AMENDMENT TO GRANT OF EASEMENT FOR ACCESS AND UTILITY PURPOSES (HONUAPO - HOKUKANO ROAD) dated as of December 14, 2004, recorded as Document No. 2004-262570.

10.  GRANT

   TO          :  MAUNA KEA AGRIBUSINESS CO., INC., a Hawaii corporation,
                  now known as C. BREWER AND COMPANY, LIMITED

   DATED       :  May 4, 2004
   RECORDED    :  Document No. 2004-093481
   GRANTING    :  non-exclusive easements for access and utility
                  purposes as shown on map attached thereto

**EXHIBIT   CONTINUED**

Said Grant was amended by AMENDMENT TO GRANT OF EASEMENT FOR ACCESS AND UTILITY PURPOSES (HONUAPO TO MAKINO JUNCTION ROAD) dated as of November 12, 2004, recorded as Document No. 2004-262571.


11.   **GRANT**

TO          :   KA'U AGRIBUSINESS CO., INC., a Hawaii corporation

DATED       :   May 4, 2004
RECORDED    :   Document No. 2004-093482
GRANTING    :   nonexclusive easements for access and utility purposes
                as shown on maps attached thereto


Said Grant was amended by AMENDMENT TO GRANT OF EASEMENT FOR ACCESS AND UTILITY PURPOSES (HONUAPO – HOKUKANO ROAD) dated as of December 14, 2004, recorded as Document No. 2004-262572.


12.   **GRANT**

TO          :   KAU AGRIBUSINESS CO., INC., a Hawaii corporation, now
                known as C. BREWER AND COMPANY, LIMITED

DATED       :   May 4, 2004
RECORDED    :   Document No. 2004-093483
GRANTING    :   non-exclusive easements for access and utility
                purposes as shown on map attached thereto


Said Grant was amended by AMENDMENT TO GRANT OF EASEMENT FOR ACCESS AND UTILITY PURPOSES (HONUAPO – MAKINO JUNCTION ROAD) dated as of November 12, 2004, recorded as Document No. 2004-262573.

EXHIBIT   CONTINUED

13. Any claim or boundary dispute which may exist or arise by reason of the failure of the GRANT dated May 4, 2004, recorded as Document No. 2004-093484 referred to in Schedule C to locate with certainty the boundaries of the non-exclusive perpetual easements for access and utility purposes as shown on map attached thereto described in said instrument.

14. An easement for pipeline and access purposes to Well Site #5503-01, as set forth in Quitclaim Deed dated January 8, 2004, recorded as Document No. 2004-024593.

15. Easements for access and utility purposes, in favor of KA'U AGRIBUSINESS CO., INC., a Hawaii corporation, and MAUNA KEA AGRIBUSINESS CO., INC., a Hawaii corporation; as reserved in Quitclaim Deed dated January 8, 2004, recorded as Document No. 2004-024593.

16. The terms and provisions contained in the following:

    INSTRUMENT :   DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY
                   PURPOSES (PORTION OF KA'ALAIKI ROAD)

    DATED       :   December 14, 2004
    RECORDED    :   Document No. 2004-262576

17. The terms and provisions contained in the following:

    INSTRUMENT :   SPECIAL WARRANTY DEED WITH EXCEPTIONS AND RESERVATIONS

    DATED       :   December 17, 2004
    RECORDED    :   Document No. 2004-262578

EXHIBIT   CONTINUED

18.   The terms and provisions contained in that certain unrecorded
      AGREEMENT dated December 17, 2004 , by and between C. BREWER COMPANY,
      LIMITED, a Hawaii corporation, and BIG ISLE V VENTURES, LLC, a Delaware
      limited liability company; re: water wells.

      A MEMORANDUM OF AGREEMENT is dated December 17, 2004, recorded as
      Document No. 2004-262583.

19.   The terms and provisions contained in that certain unrecorded
      AGREEMENT PERTAINING TO LANDCO WELL LICENSE dated December 17, 2004,
      by and between C. BREWER COMPANY, LIMITED, a Hawaii corporation, and
      BIG ISLE V VENTURES, LLC, a Delaware limited liability company.

      A MEMORANDUM OF AGREEMENT (LANDCO WELL LICENSE) is dated December 17,
      2004, recorded as Document No. 2004-262580.

20.   The following unrecorded licenses and leases and matters arising from
      or affecting the same.

      Walter Andrade, under unrecorded "Pasture Lease A".

      Said Lease covers the land described herein, besides other land.

21.   Claims arising out of customary and traditional rights and practices,
      including without limitation those exercised for subsistence,
      cultural, religious, access or gathering purposes, as provided for
      in the Hawaii Constitution or the Hawaii Revised Statutes.

22.   Discrepancies, conflicts in boundary lines, shortage in area,
      encroachments, or any other rights or matters which a correct survey
      would disclose.

EXHIBIT   CONTINUED

23. Archaeological sites identified in the Archaeological Inventory
Survey of a Property Located at TMK: 9-5-11:26 & 9-5-14: 8, 11, 17,
41, 45, 46, & 48 in Hi`ona & Honu`apo Ahupua`a, Ka`u District, Island
of Hawaii by Diane Guerriero, B.A., Elizabeth Gregg, B.A., and Joseph
Kennedy, M.A., dated August 2005; subject to the terms and provisions,
including the failure to comply with any recommendations made in said
above report or made pursuant to any federal, state or county laws
and regulations regarding such sites and discoveries.

24. Any unrecorded leases and matters arising from or affecting the same.

25. Nonexclusive easements for roadway, access and utility purposes in
favor of land identified as Tax Map Keys 9-5-014-041, 045 and 008,
as granted in DECLARATION OF EASEMENT FOR ROADWAY AND UTILITY PURPOSES
dated November 30, 2015, recorded as Document No. A-58340239.

EXHIBIT "5"

LEGAL DESCRIPTION


All of that certain parcel of land (being portion(s) of the land(s) described in and covered by Royal Patent Number 7049, Land Commission Award Number 8559-B, Apana 13 to Wm. C. Lunalilo) situate, lying and being at Honuapo, District of Ka'u, Island and County of Hawaii, State of Hawaii, and thus bounded and described:

Beginning at a 3/4" pipe at the southwest corner of this parcel of land, the coordinates of which referred to Government Survey Triangulation Station "HONUAPO" being 3,795.76 feet north and 554.86 feet west, and running by true azimuths measured clockwise from true South:

| | | | |
|---|---|---|---|
| 1. | 213° 36' | 94.20 | feet along remainder of L. C. Award 8559-B to W. C. Lunalilo to a 3/4" pipe; |
| 2. | 307° 04' | 52.80 | feet along same to a 3/4" pipe; |
| 3. | 30° 36' | 91.10 | feet along same to a 3/4" pipe; |
| 4. | 123° 36' | 57.60 | feet along same to the point of beginning and containing an area of 5,099 square feet or 0.117 acre, more or less. |


BEING THE PREMISES ACQUIRED BY QUITCLAIM DEED

| | | |
|---|---|---|
| GRANTOR | : | HI BIV LAND LLC, a Delaware limited liability company |
| GRANTEE | : | KA`U MAHI, LLC, a Colorado limited liability company |
| DATED | : | December 22, 2015 |
| FILED | : | Land Court Document No. T-9486031 |
| RECORDED | : | Document No. A-58340236 |

EXHIBIT CONTINUED


Together with nonexclusive easements for roadway, access and utility purposes through tax map key parcel (3) 9-5-014-017, as granted in DECLARATION OF EASEMENT FOR ROADWAY AND UTILITY PURPOSES dated November 30, 2015, recorded as Document No. A-58340239.


SCHEDULE B FOR
EXHIBIT "5"


This policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees, or expenses that arise by reason of:


1.   Real Property Taxes, Second Installment, Fiscal Year July 1, 2015 - June 30, 2016.

     Payable on or before February 20, 2016.

     Tax Key: (3) 9-5-014-041    Area Assessed: 0.117 acre


2.   Mineral and water rights of any nature.


3.   The following unrecorded licenses and leases and matters arising from or affecting the same.

     Walter Andrade, under unrecorded "Pasture Lease A".

     Said Lease covers the land described herein, besides other land.

EXHIBIT   CONTINUED

4.   The terms and provisions contained in unrecorded AGREEMENT dated
     December 17, 2004, by and between C. BREWER AND COMPANY, LIMITED, a
     Hawaii corporation, and BIG ISLAND V VENTURES, LLC, a Delaware limited
     liability company; re: possible cemetery sites.

     A MEMORANDUM OF AGREEMENT is dated December 17, 2004, recorded as
     Document No. 2004-262583.


5.   Claims arising out of customary and traditional rights and practices,
     including without limitation those exercised for subsistence,
     cultural, religious, access or gathering purposes, as provided for
     in the Hawaii Constitution or the Hawaii Revised Statutes.


6.   Archaeological sites identified in the Archaeological Inventory
     Survey of a Property Located at TMK: 9-5-11:26 & 9-5-14: 8, 11, 17,
     41, 45, 46, & 48 in Hi`ona & Honu`apo Ahupua`a, Ka`u District, Island
     of Hawaii by Diane Guerriero, B.A., Elizabeth Gregg, B.A., and Joseph
     Kennedy, M.A., dated August 2005; subject to the terms and provisions,
     including the failure to comply with any recommendations made in said
     above report or made pursuant to any federal, state or county laws
     and regulations regarding such sites and discoveries.


7.   Discrepancies, conflicts in boundary lines, shortage in area,
     encroachments or any other matters which a correct survey or
     archaeological study would disclose.


8.   Any unrecorded leases and matters arising from or affecting the same.


9.   The terms and provisions contained in the following:

     INSTRUMENT :  DECLARATION OF EASEMENT FOR ROADWAY AND UTILITY
                   PURPOSES

     DATED      :  November 30, 2015
     RECORDED   :  Document No. A-58340239

EXHIBIT "6"

LEGAL DESCRIPTION

All of that certain parcel of land (being portion(s) of the land(s) described in and covered by Royal Patent Grant Number 1742 to Papai) situate, lying and being at Hionaa, District of Ka'u, Island and County of Hawaii, State of Hawaii, bearing Tax Key designation (3) 9-5-014-045, and containing an area of 6.700 acres, more or less.

BEING THE PREMISES ACQUIRED BY QUITCLAIM DEED

GRANTOR     :   HI BIV LAND LLC, a Delaware limited liability company

GRANTEE     :   KA`U MAHI, LLC, a Colorado limited liability company

DATED       :   December 22, 2015
FILED       :   Land Court Document No. T-9486031
RECORDED    :   Document No. A-58340236

Together with nonexclusive easements for roadway, access and utility purposes through tax map key parcel (3) 9-5-014-017, as granted in DECLARATION OF EASEMENT FOR ROADWAY AND UTILITY PURPOSES dated November 30, 2015, recorded as Document No. A-58340239.

SCHEDULE B FOR
EXHIBIT "6"

This policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees, or expenses that arise by reason of:

EXHIBIT CONTINUED

1.   Real Property Taxes, Second Installment, Fiscal Year July 1, 2015 -
     June 30, 2016.

     Payable on or before February 20, 2016.

     Tax Key: (3) 9-5-014-045      Area Assessed: 6.700 acres

     -Note:-   Attention is invited to the fact that the premises covered
               herein may be subject to possible rollback or retroactive
               property taxes.


2.   Mineral and water rights of any nature.


3.   The following unrecorded licenses and leases and matters arising from
     or affecting the same.

     Walter Andrade, under unrecorded "Pasture Lease A".

     Said Lease covers the land described herein, besides other land.


4.   Claims arising out of customary and traditional rights and practices,
     including without limitation those exercised for subsistence,
     cultural, religious, access or gathering purposes, as provided for
     in the Hawaii Constitution or the Hawaii Revised Statutes.


5.   Any unrecorded leases and matters arising from or affecting the same.


6.   Discrepancies, conflicts in boundary lines, shortage in area,
     encroachments or any other matters which a correct survey or
     archaeological study would disclose.

**EXHIBIT   CONTINUED**

7.    The terms and provisions contained in the following:

INSTRUMENT :   DECLARATION OF EASEMENT FOR ROADWAY AND UTILITY
               PURPOSES

DATED      :   November 30, 2015
RECORDED   :   Document No. A-58340239

EXHIBIT "7"

LEGAL DESCRIPTION

All of that certain parcel of land (being portion(s) of the land(s) described in and covered by Royal Patent Number 6882, Land Commission Award 9971, Apana 10 to W.P. Leleiohoku) situate, lying and being at Kahilipalu Nui, District of Ka'u, Island and County of Hawaii, State of Hawaii, being LOT 2, and thus bounded and described as per survey dated January 2, 2008, to-wit:

Beginning at the northeast corner of this parcel of land, being also the northwest corner of Lot 1, being a portion of Royal Patent 6882, Land Commission Award 9971, Apana 10 to W.P. Leleiohoku and being also the south side of Mamalahoa Highway, the coordinates of said point of beginning referred to Government Survey Triangulation Station "STEIN 2", being 212.33 feet south and 4,744.90 feet west and thence running by azimuths measured clockwise from true South:

| | | | | |
|---|---|---|---|---|
| 1. | 358° | 11' 58" | 216.50 | feet along Lot 1, being a portion of R.P. 6882, L.C.Aw. 9971, Ap. 10 to W.P. Leleiohoku; |
| 2. | 312° | 22' 30" | 136.30 | feet along Lot 1, being a portion of R.P. 6882, L.C.Aw. 9971, Ap. 10 to W.P. Leleiohoku; |
| 3. | 268° | 11' 58" | 202.25 | feet along Lot 1, being a portion of R.P. 6882, L.C.Aw. 9971, Ap. 10 to W.P. Leleiohoku; |
| 4. | 358° | 11' 58" | 549.35 | feet along remainder of R.P. 6882, L.C.Aw. 9971, Ap. 10 to W.P. Leleiohoku; |
| 5. | 86° | 23' 40" | 1232.44 | feet along the north side of proposed Hawaii Belt Road; |
| 6. | Thence along the north side of proposed Hawaii Belt Road, on a curve to the right with a radius of 7960.00 feet, the chord azimuth and distance being: | | | |

© Title Guaranty of Hawaii, Inc.
235 QUEEN ST., HONOLULU, HAWAII  96813,  PH: (808) 533-6261

EXHIBIT  CONTINUED

|     |          |     |      |        |                                                                                              |
|-----|----------|-----|------|--------|----------------------------------------------------------------------------------------------|
|     | 88° 51'  | 20" |      | 683.63 | feet;                                                                                        |
| 7.  | 171° 42' |     |      | 87.94  | feet along Lot 2-A, being a portion of Grant 996 to S. Laanui;                               |
| 8.  | 269° 34' | 40" |      | 595.60 | feet along remainder of R.P. 6882, L.C.Aw. 9971, Ap. 10 to W.P. Leleiohoku;                  |
| 9.  | 171° 42' |     |      | 664.50 | feet along remainder of R.P. 6882, L.C.Aw. 9971, Ap. 10 to W.P. Leleiohoku;                  |
| 10. | 269° 34' | 40" |      | 80.00  | feet along remainder of R.P. 6882, L.C.Aw. 9971, Ap. 10 to W.P. Leleiohoku;                  |
| 11. | 171° 42' |     |      | 50.15  | feet along remainder of R.P. 6882, L.C.Aw. 9971, Ap. 10 to W.P. Leleiohoku;                  |
| 12. | 270° 24' |     |      | 200.00 | feet along Naalehu Well Site, being a portion of R.P. 6882, L.C.Aw. 9971, Ap. 10 to W.P. Leleiohoku; |
| 13. | 171° 42' |     |      | 151.75 | feet along Naalehu Well Site, being a portion of R.P. 6882, L.C.Aw. 9971, Ap. 10 to W.P. Leleiohoku; |
| 14. | 270° 23' | 27" |      | 848.80 | feet along the south side of Mamalahoa Highway to the point of beginning and containing an area of 26.463 acres, more or less. |

© **Title Guaranty of Hawaii, Inc.**
235 QUEEN ST., HONOLULU, HAWAII  96813,  PH: (808) 533-6261

EXHIBIT   CONTINUED


BEING THE PREMISES ACQUIRED BY QUITCLAIM DEED

GRANTOR      :  HI BIV LAND LLC, a Delaware limited liability company

GRANTEE      :  KA`U MAHI, LLC, a Colorado limited liability company

DATED        :  December 22, 2015
FILED        :  Land Court Document No. T-9486031
RECORDED     :  Document No. A-58340236


## SCHEDULE B FOR
## EXHIBIT "7"


This policy does not insure against loss or damage, and the Company will
not pay costs, attorneys' fees, or expenses that arise by reason of:


1.   Real Property Taxes, Second Installment, Fiscal Year July 1, 2015 -
     June 30, 2016.

     Payable on or before February 20, 2016.

     Tax Key: (3) 9-5-022-001     Area Assessed: 26.463 acres


     -Note:-  Attention is invited to the fact that the premises covered
              herein may be subject to possible rollback or retroactive
              property taxes.


2.   Mineral and water rights of any nature.

**EXHIBIT  CONTINUED**

3.   Unrecorded Grant of Easement dated September 8, 1953, made by
     HUTCHINSON SUGAR PLANTATION COMPANY to HAWAII ELECTRIC LIGHT COMPANY,
     INC., as mentioned in Instrument recorded in Liber 9167 at Page 2.

4.   Any and all existing roadways, trails, easements, rights of way,
     flumes and irrigation ditches.

5.   DESIGNATION OF EASEMENT "1"

     SHOWN        :   on map prepared by Ichiro Sakamoto, Land Surveyor,
                      dated April 3, 1972, approved by the Planning
                      Department, County of Hawaii, Subdivision No. 3150, on
                      July 19, 1972

6.   The terms and provisions contained in the following:

     INSTRUMENT :   LIMITED WARRANTY DEED

     DATED      :   May 18, 2004
     RECORDED   :   Document No. 2004-106056

     CORRECTION LIMITED WARRANTY DEED dated January 24, 2005, recorded as
     Document No. 2005-036834.

     The foregoing includes, but is not limited to, matters relating to
     not altering, diverting or restricting the natural flow of water on
     the property.

7.   The terms and provisions contained in the following:

     INSTRUMENT :   MEMORANDUM OF AGREEMENT

     DATED      :   December 20, 2007
     RECORDED   :   Document No. 2008-026510
     PARTIES    :   HANEVA LLC, a Nevada limited liability company,
                    "Seller" and WWK HAWAII - NAALEHU PARCEL 1 LLC, a
                    Delaware limited liability company, "Buyer"

EXHIBIT  CONTINUED

8.   Any unrecorded leases and matters arising from or affecting the same.

9.   Discrepancies, conflicts in boundary lines, shortage in area, encroachments or any other matters which a correct survey or archaeological study would disclose.

EXHIBIT "8"

LEGAL DESCRIPTION

-ITEM I:-

All of that certain parcel of land (being all of Royal Patent Grant Number 2537 to Uahi, Royal Patent Grant Number 2946 to Kahahawai, Royal Patent Grant Number 2955 to Kaahuliilii, Royal Patent Grant Number 2895 to Haalulu, Royal Patent Number 7674, Land Commission Award Number 10877 to Puhiki, and Apana 1 and 2 of Royal Patent Number 6487, Land Commission Award Number 7608 to Keliilawaia; and Land Patent Grant No. 7704 to B. P. Bishop Estate) situate at Moaula and Kopu, District of Kau, Island and County of Hawaii, State of Hawaii, bearing Tax Key designation (3) 9-6-003-002, and containing an area of 701.660 acres, more or less.

Together with non-exclusive easement for roadway and utility purposes affecting TMK (3) 9-6-003-022, as set forth in DECLARATION OF EASEMENT FOR ROADWAY AND UTILITY PURPOSES, dated August 24, 2005, filed as Land Court Document No. 3322324, recorded as Document No. 2005-177588, and as amended by PARTIAL CANCELLATION AS TO RESERVED EASEMENT RIGHTS dated August 9, 2006, filed as Land Court Document No. 3469269, recorded as Document No. 2006-152062; and subject to the terms and provisions, contained therein.

Together with a 40-foot wide nonexclusive easements, over, across and under the Road Easements for roadway and utility purposes, as shown on Exhibits B and B-1 attached thereto as set forth in that certain instrument entitled GRANT OF EASEMENT by instrument dated August 31, 2005, filed as Land Court Document No. 3469265, recorded as Document No. 2005-225062; and subject to the terms and provisions, contained therein.

EXHIBIT  CONTINUED

Together with a non-exclusive easement ("Easement 8a") over, across, under and through TMK (3) 9-6-005-025 in use as roadway and utility corridors up to approximately forty (40) feet in width, as set forth in GRANT OF EASEMENT effective dated November 8, 2005, filed as Land Court Document No. 3420914, recorded as Document No. 2006-078665 and more particularly described therein; and subject to the terms and provisions, contained therein.

-ITEM II:-

Together with a non-exclusive easement over, across, under and through TMK (3) 9-6-005-010 for use as roadway and utility corridors up to approximately 40 feet in width, as set forth in DECLARATION OF EASEMENT FOR ROADWAY AND UTILITY PURPOSES (EASEMENT 13-D), dated August 9, 2006, filed as Land Court Document No. 3469266, recorded as Document No. 2006-152056; and subject to the terms and provisions, contained therein.

Together with a non-exclusive easement over, across, under and through TMK (3) 9-6-005-017 for use as a roadway and utility corridor up to approximately 40 feet in width, as set forth in GRANT OF EASEMENT (Ka'u)(EASEMENT B-B) dated August 9, 2006, filed as Land Court Document No. 3469274, recorded as Document No. 2006-152068; and subject to the terms and provisions, contained therein.

BEING THE PREMISES ACQUIRED BY QUITCLAIM DEED

GRANTOR    :  HI BIV LAND LLC, a Delaware limited liability company

GRANTEE    :  KA`U MAHI, LLC, a Colorado limited liability company

DATED      :  December 22, 2015
FILED      :  Land Court Document No. T-9486031
RECORDED   :  Document No. A-58340236

EXHIBIT   CONTINUED


Together with nonexclusive easements for pedestrian and vehicular access
and utility purposes through tax map key parcels (3) 9-6-005-010 and 056,
as granted in DECLARATION OF EASEMENT (Ka`u Easements 13D, 8a, A-1, B-B)
dated November 4, 2015, recorded as Document No. A-58340237.



### SCHEDULE B FOR
### EXHIBIT "8"


This policy does not insure against loss or damage, and the Company will
not pay costs, attorneys' fees, or expenses that arise by reason of:


1.   Real Property Taxes, Second Installment, Fiscal Year July 1, 2015 –
     June 30, 2016.

     Payable on or before February 20, 2016.

     Tax Key: (3) 9-6-003-002     Area Assessed: 701.660 acres


     -Note:-   Attention is invited to the fact that the premises covered
               herein may be subject to possible rollback or retroactive
               property taxes.


2.   Mineral and water rights of any nature.


3.   Existing Easement "9" for road and utility purposes, as shown on
     Subdivision Map No. 7540-Revised, approved by Planning Department of
     County of Hawaii, on June 27, 2002.

EXHIBIT  CONTINUED

4.    The terms and provisions contained in the following:

INSTRUMENT :   DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY
               PURPOSES

DATED    :   August 24, 2005
FILED    :   Land Court Document No. 3322325
RECORDED :   Document No. 2005-177589

PARTIAL CANCELLATION AS TO RESERVED EASEMENT RIGHTS (Existing
Roadways Affecting TMK (3) 9-6-003-002) dated August 9, 2006, filed
as Land Court Document No. 3469270, recorded as Document No.
2006-152063.

5.    GRANT

TO       :   EDMUND C. OLSON, Trustee of the Edmund C. Olson Trust
             II dated August 21, 1985

DATED    :   August 31, 2005
RECORDED :   Document No. 2005-225063
GRANTING :   a 40-foot wide perpetual non-exclusive easement over,
             across and under the Road Easements for road and utility
             purposes as shown Exhibits B, B-1 and B-2 attached
             thereto

Said above Grant was amended by instrument dated December 9, 2005,
recorded as Document No. 2005-260400.

6.    GRANT

TO       :   THE NATURE CONSERVANCY, a District of Columbia
             nonprofit corporation

DATED    :   September 30, 2005
RECORDED :   Document No. 2005-225064
GRANTING :   a 40-foot wide perpetual non-exclusive easements over,
             across and under the road Easements for road and
             utilities purposes as shown on Exhibits B, B-1 and B-2
             attached thereto

EXHIBIT   CONTINUED

7.    **GRANT**

    TO           :   MONIKA MALLICK, married woman

    DATED      :   September 7, 2005
    RECORDED  :   Document No. 2005-225065
    GRANTING  :   a 40-foot wide perpetual non-exclusive appurtenant
                   easements over, across and under the Road Easements for
                   road and utilities purposes as shown on Exhibits B, B-1
                   and B-2 attached thereto

8.    **GRANT**

    TO           :   TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP

    DATED      :   November 8, 2005
    RECORDED  :   Document No. 2006-078665
    GRANTING  :   a perpetual, nonexclusive easement over and across,
                   under and through Easements 12a and 13a for access and
                   utility corridors up to approximately forty (40) feet
                   in width, more particularly described therein

9.    Any claim or boundary dispute which may exist or arise by reason of
the failure of the Declaration of Easement for Roadway and Utility
Purposes and Grants of Easement referred to in Schedule C to locate
with certainty the boundaries of the Roadway and Utility Easements
described in said instruments.

10.    The following unrecorded licenses and leases and matters arising from
or affecting the same:

    (A)   License No. P98115 dated November 1, 1998, between Mauna Kea
           Agribusiness Co., Inc., by its agent Ka'u Agribusiness Co, Inc.,
           as "Owner", and Ricardo Sambajon, as "Licensee", which License
           was assigned to Keiichiro Asaoka, by unrecorded Assignment dated
           July 30, 2004.

## EXHIBIT CONTINUED

(B)   License No. P99151 dated June 1, 1999, between Mauna Kea
      Agribusiness Co., Inc., by its agent Ka'u Agribusiness Co., Inc.,
      as "Owner" and Felipe Castaneda and Joseph Castaneda, as
      "Licensee" which License was amended, by unrecorded Amendment
      effective as of June 1, 2004.

(C)   License No. P97019 dated April 15, 1997, but effective September
      1, 1996, between Ka'u Agribusiness Co., Inc., as "Owner" and
      Leonardo Castaneda, as "Licensee", which License was amended and
      assigned to Felipe Castaneda by unrecorded Amendment/Assignment
      of Coffee License P97019 dated September 1, 2004.

(D)   License No. P97020 dated June 12, 1997, but effective July 1,
      1996, between Ka'u Agribusiness Co., Inc., as "Owner" and
      Leonardo Castenda (should be "Castaneda") as Licensee".

(E)   License No. P97049 dated August 1, 1996, between Ka'u
      Agribusiness Co., Inc., as "Owner" and Monarch Coffee Co. (Andrew
      Chalkan), as "Licensee".

(F)   License No. P97048 dated July 18, 1996, but effective May 1, 1996,
      between Ka'u Agribusiness Co., Inc. as "Owner", and Prasert
      Chantrakul, as "Licensee", as amended by instrument dated July
      6, 2001, adding Benjamin Castillo as a co-licensee.

(G)   License No. P97021 dated July 17, 1996, but effective May 1, 1996,
      between Ka'u Agribusiness Co., Inc. as "Owner", and James
      Dacalio, as "Licensee".

(H)   License No P97021 dated August 20, 1996, but effective August
      1, 1996, between Ka'u Agribusiness Co., Inc., as "Owner" and
      Marceliano Camba and Teodora Camba, as "Licensee", which License
      was assigned to Ruby Javar by unrecorded Assignment dated January
      7, 2003.

(I)   License No. P97111 dated August 30 1996, but effective September
      1, 1996, between Ka'u Agribusiness CO., Inc., as "Owner", and
      Anna Cariaga (and Georgia Kailiawa), as "Licensee" which License
      was amended and assigned to Goergette Kailiawa and Georgina
      Kailiawa by unrecorded Amendment to Coffee License between Ka'u
      Agribusiness Co., Inc. and Anna Cariaga and Georgina Kailiawa
      dated May 29, 1997.

**© Title Guaranty of Hawaii, Inc.**
235 QUEEN ST., HONOLULU, HAWAII  96813,  PH: (808) 533-6261

## EXHIBIT CONTINUED

(J)   License No. P97026 dated August 20, 1996, but effective August 1, 1996, between Ka'u Agribusiness Co., Inc., as "Owner", and Clifford Kamei, as "Licensee".

(K)   License No. P97027 dated September 15, 1997, but effective November 1, 1996, between Ka'u Agribusiness Co., Inc., as "Owner", and Raymond and Cylynn Kamei, as "Licensee".

(L)   License No. P97055 dated November 8, 1996, but effective November 1, 1996, between Ka'u Agribusiness Co., Inc., as "Owner", and Dennis & Leivanell Salmo, as "Licensee", which License was assigned to Arniel Libunao by unrecorded Assignment dated December 1, 2001.

(M)   License No. P97038 dated October 2, 1996, but effective October 1, 1996, between Ka'u Agribusiness Co., Inc., as "Owner", and William Lorenzo, as "Licensee", as amended by unrecorded Amendment to Pasture License P97038 dated October 1, 2004, which License was assigned to Steve's Ag Services, Ltd. by unrecorded Assignment dated October 1, 2005.

(N)   License No. P98112 dated October 1, 1998, between Mauna Kea Agribusiness Co., Inc., by its agent Ka'u Agribusiness Co., Inc., as "Owner", and Francis Marques, as "Licensee" which License was assigned to said Francis Marques, and Trinidad Marques and Connie F. Koi, by unrecorded instrument dated January 28, 2000, and amended by unrecoreded Amendment to License dated July 17, 2001.

(O)   License No. P97044 dated July 17, 1996, but effective May 1, 1996, between Ka'u Agribusiness Co., Inc., as "Owner" and Francis Marques, as "Licensee", which License was assigned to said Francis Marques, and Trinidad Marques and Connie F. Koi, by unrecorded instrument dated January 28, 2000.

(P)   License No. P00164 dated April 1, 2000, between Mauna Kea Agribusiness Co., Inc., by its agent Ka'u Agribusiness Co., Inc., as "Owner" and Francis Marques and Trinidad Marques, and Connie F. Koi, by unrecorded instrument dated April 6, 2000, and amended by unrecorded Amendment to License dated July 17, 2001.

EXHIBIT   CONTINUED

(Q)   License No. P97046 dated May 1, 1996, between Ka'u Agribusiness
      Co., Inc., as "Owner" and Manuel Marques, as "Licensee".

(R)   License No. P97051 dated August 20, 1996, effective August 1,
      1996, between Ka'u Agribusiness Co., Inc., as "Owner" and Leo
      Noberte, as "Licensee".

(S)   License No. P98114 dated November 1, 1998, between Mauna Kea
      Agribusiness Co., Inc., by its agent Ka'u Agribusiness Co., Inc.,
      as "Owner", and Leo Noberte, as "Licensee".

(T)   License No. P99150 dated June 1, 1999, between Mauna Kea
      Agribusiness CO., Inc., by its agent Ka'u Agribusiness CO., Inc.,
      as "Owner", and Leo Noberte, as "Licensee".

(U)   License No. P97052 dated August 20, 1996, effective August 1,
      1996, between Ka'u Agribusiness Co., Inc., as "Owner", and
      Franklin Orcino, as "Licensee".

(V)   License No. P98110 dated January 19, 1998, effective February
      1, 1998, between Mauna Kea Agribusiness Co., Inc., by its agent
      Ka'u Agribusiness Co., Inc., as "Owner", and Franklin Orcino,
      as "Licensee" which License was assigned to Franklin M. Orchino,
      aka said Franklin Orcino, and Annabell B. Orchino, by unrecorded
      instrument dated August 4, 1998.

(W)   License No. P97063 dated July 17, 1996, but effective May 1, 1996,
      between Ka'u Agribusiness Co., Inc., as "Owner", and Stanley
      Queja, as "Licensee".

(X)   License No. P97054 dated August 20, 1996, effective August 1,
      1996, between Ka'u Agribusiness Co., Inc., as "Owner" and Don
      Sakata, as "Licensee".

(Y)   License No. PO1001 dated March 1, 2001, between Mauna Kea
      Agribusiness Co., Inc., by its agent Ka'u Agribusiness Co., Inc.,
      as "Owner", and Ricardo Samba jon and Gidyet Sambajon Lansang,
      as "Licensee".

(Z)   License NO. M97056 dated November 1, 1996, between Ka'u
      Agribusiness Co, Inc., as "Owner" and Duane and Doris Santiago,
      as "Licensee", as amended by Amendment to License dated November
      1, 2002.

EXHIBIT  CONTINUED

(AA)  License No. PO2008 dated March 1, 1998, between Mauna Kea
      Agribusiness Co., Inc., through its agent Ka'u Agribusiness
      Co., Inc., as "Owner", and Prasert Chantrakul and Benjamin
      Castillo, as "Licensee".

      -Note:-  This license covers a portion of former TMK (3)
               9-6-003-012 that was consolidated into current TMK (3)
               9-6-003-002.

(BB)  License No. PO2009 dated April 1, 1998, between Mauna Kea
      Agribusiness Co., Inc. through its agent Ka'u Agribusiness CO.,
      Inc., as "Owner" and James Dacalio, Jr., as "Licensee".

      -Note:-  This license covers a portion of former TMK (3)
               9-6-003-012 that was consolidated into current TMK (3)
               9-6-003-002.

(CC)  License No. PO2020 dated March 1, 1998, between Mauna Kea
      Agribusiness Co., Inc., through its agent Ka'u Agribusiness
      Co., Inc., as "Owner", and Leo Noberte, as "Licensee".

      -Note:-  This license covers a portion of former TMK (3)
               9-6-003-012 that was consolidated into current TMK (3)
               9-6-003-002.

(DD)  License No. PO2007 dated May 1, 1999, between Mauna Kea
      Agribusiness Co., Inc., through its agent Ka'u Agribusiness
      Co., Inc., as "Owner", and Restituto and Loreto Obra, as
      "Licensee".

      -Note:-  This license covers a portion of former TMK (3)
               9-6-003-012 that was consolidated into current TMK (3)
               9-6-003-002.

11.  Terms and provisions, as contained in letter entitled "Re:
     Archaeological Assessment for Three Na'alehu Project Areas, Island
     of Hawaii", dated June 2, 2006, by Paul L. Cleghorn, Ph.D., Principal,
     Senior Archaeologist, Pacific Legacy, Incorporated, including the
     failure to comply with any recommendations made in said above letter,
     or made pursuant to any federal, state or county laws and regulations
     regarding any sites and discoveries.

EXHIBIT  CONTINUED

12.   -AS TO ITEM II:-

The terms and provisions contained in DECLARATION OF EASEMENTS FOR
ROADWAY AND UTILITY PURPOSES (Existing roadways affecting TMK (3)
9-6-005-010) (Easement 13-D), dated August 9, 2006, filed as Land
Court Document No. 3469266, recorded as Document No. 2006-152056.

13.   Claims arising out of customary and traditional rights and practices,
including without limitation those exercised for subsistence,
cultural, religious, access or gathering purposes, as provided for
in the Hawaii Constitution or the Hawaii Revised Statutes.

14.   Any unrecorded leases and matters arising from or affecting the same.

15.   Discrepancies, conflicts in boundary lines, shortage in area,
encroachments or any other matters which a correct survey or
archaeological study would disclose.

16.   The terms and provisions contained in the following:

INSTRUMENT :   DECLARATION OF EASEMENT (Ka`u Easements 13D, 8a, A-1,
               B-B)

DATED      :   November 4, 2015
RECORDED   :   Document No. A-58340237

EXHIBIT "9"

LEGAL DESCRIPTION

-ITEM I:-

All of that certain parcel of land (being portion(s) of the land(s) described in and covered by Royal Patent Grant Number 814 to Kealiinui and Royal Patent Grant Number 2877 to Kealiinui) situate, lying and being at Kopu, Moaula, District of Kau, Island and County of Hawaii, State of Hawaii, described as follows:

LOT 6

SITUATED APPROXIMATELY 700 FEET NORTHWEST OF
HAWAII BELT ROAD (F.A.P. NO. 18-B-PAHALA SECTION)
AND ON THE SOUTHWEST BOUNDARY OF THE LAND OF MAKAKA

BEING PORTIONS OF GRANT NUMBER 814 TO KEALIINUI
AND GRANT NUMBER 2877 TO KEALIINUI

AT KOPU, MOAULA, KAU, ISLAND OF HAWAII, HAWAII

Beginning at the southeast corner of this parcel of land, being also the south corner of Lot 5, same being portions of Grant 814 to Kealiinui and Grant 2877 to Kealiinui and on the northwest side of Old Government Road, the coordinates of said point of beginning referred to Hawaii State Plane Coordinate System (Zone 1), being 129,079.54 feet north and 501,270.19 feet east and thence running by azimuths measured clockwise from grid South:

| 1. | 19° 30' 10" | 83.20 | feet along the west side of Old Government Road; |
| 2. | 356° 30' 10" | 167.23 | feet along the west side of Old Government Road; |
| 3. | 338° 30' 10" | 98.24 | feet along the west side of Old Government Road; |

© Title Guaranty of Hawaii, Inc.
235 QUEEN ST., HONOLULU, HAWAII  96813,  PH: (808) 533-6261

EXHIBIT   CONTINUED

4.     Thence along Lot 3, being all of Grant 2984 to Napela and portions
                            of Grant 814 to Kealiinui; Grant 2877 to
                            Kealiinui; Grant 2934 to Honokoa and
                            Grant 817 to Makahi on a curve to the left
                            with a radius of 25.00 feet, the chord
                            azimuth and distance being:

        102° 28' 00"   41.47   feet;

5.     Thence along Lot 3, being all of Grant 2984 to Napela and portions
                            of Grant 814 to Kealiinui; Grant 2877 to
                            Kealiinui; Grant 2934 to Honokoa and
                            Grant 817 to Makahi on a curve to the
                            right with a radius of 325.00 feet, the
                            chord azimuth and distance being:

        61° 45' 16"   171.78   feet;

6.   321° 30'        77.22   feet along Lot 3, being all of Grant 2984
                            to Napela and portions of Grant 814 to
                            Kealiinui; Grant 2877 to Kealiinui;
                            Grant 2934 to Honokoa and Grant 817 to
                            Makahi;

7.    51° 30'        26.00   feet along Lot 3, being all of Grant 2984
                            to Napela and portions of Grant 814 to
                            Kealiinui; Grant 2877 to Kealiinui;
                            Grant 2934 to Honokoa and Grant 817 to
                            Makahi;

8.   141° 30'       119.33   feet along Lot 3, being all of Grant 2984
                            to Napela and portions of Grant 814 to
                            Kealiinui; Grant 2877 to Kealiinui;
                            Grant 2934 to Honokoa and Grant 817 to
                            Makahi;

EXHIBIT   CONTINUED

9.   90° 00'        1049.92   feet along Lot 3, being all of Grant 2984
                              to Napela and portions of Grant 814 to
                              Kealiinui; Grant 2877 to Kealiinui; Grant
                              2934 to Honokoa and Grant 817 to Makahi;

10.   Thence along Lot 3, being all of Grant 2984 to Napela and portions
      of Grant 814 to Kealiinui; Grant 2877 to
      Kealiinui; Grant 2934 to Honokoa and
      Grant 817 to Makahi on a curve to the
      right with a radius of 2000.00 feet, the
      chord azimuth and distance being:

      94° 05' 00"   284.83   feet;

11.   98° 10'         287.64   feet along Lot 3, being all of Grant 2984
                               to Napela and portions of Grant 814 to
                               Kealiinui; Grant 2877 to Kealiinui;
                               Grant 2934 to Honokoa and Grant 817 to
                               Makahi;

12.   Thence along Lot 3, being all of Grant 2984 to Napela and portions
      of Grant 814 to Kealiinui; Grant 2877 to
      Kealiinui; Grant 2934 to Honokoa and
      Grant 817 to Makahi, on a curve to the
      left with a radius of 500.00 feet, the
      chord azimuth and distance being:

      81° 54' 00"   280.11   feet;

13.   65° 38'          77.06   feet along Lot 3, being all of Grant 2984
                               to Napela and portions of Grant 814 to
                               Kealiinui; Grant 2877 to Kealiinui;
                               Grant 2934 to Honokoa and Grant 817 to
                               Makahi;

EXHIBIT   CONTINUED

14. Thence along Lot 3, being all of Grant 2984 to Napela and portions of Grant 814 to Kealiinui; Grant 2877 to Kealiinui; Grant 2934 to Honokoa and Grant 817 to Makahi, on a curve to the right with a radius of 175.00 feet, the chord azimuth and distance being:

    88° 21' 00"   135.16   feet;

15. 111° 04'   69.50   feet along Lot 3, being all of Grant 2984 to Napela and portions of Grant 814 to Kealiinui; Grant 2877 to Kealiinui; Grant 2934 to Honokoa and Grant 817 to Makahi;

16. 223° 40' 10"   292.99   feet along R.P. 7123, L.C.Aw. 10875 to Puana;

17. 119° 10' 10"   589.04   feet along R.P. 7123, L.C.Aw. 10875 to Puana;

18. 137° 16'   74.90   feet along Lot 2, being portions of Grant 2877 to Kealiinui and Grant 2934 to Honokoa;

Thence following along the middle of Moaula Stream and the northerly boundary of Lot 2, being portions of Grant 2877 to Kealinui and Grant 2934 to Honokoa, for the next four (4) courses, the direct azimuths and distances between points along said middle of stream being:

19. 81° 04'   608.22   feet;

20. 113° 53'   963.00   feet;

21. 105° 47'   437.00   feet;

22. 61° 59'   602.93   feet;

EXHIBIT   CONTINUED

Thence continuing along the middle of Moaula Stream and Lot 1, being portions of Grant 2877 to Kealiinui; Grant 2934 to Honokoa and R.P. 6917, L.C.Aw. 8981 to Iaea for next two (2) courses, the direct azimuths and distances between points along said middle of stream being:

| 23. | 91° | 00' |     | 364.98  | feet; |
| 24. | 134° | 39' |     | 1212.73 | feet; |
| 25. | 37° | 01' |     | 142.56  | feet along Lot 1, being portions of Grant 2877 to Kealiinui; Grant 2934 to Honokoa and R.P. 6917, L.C.Aw. 8981 to Iaea; |

26.   Thence along Lot 1, being portions of Grant 2877 to Kealiinui; Grant 2934 to Honokoa and R.P. 6917, L.C.Aw. 8981 to Iaea, on a curve to the right with a radius of 1230.00 feet, the chord azimuth and distance being:

|     | 38° | 00' | 44" | 42.75   | feet; |
| 27. | 149° | 28' | 10" | 3148.83 | feet along Grant 2895 to Haalulu; |
| 28. | 230° | 58' | 10" | 2787.08 | feet along Grant 2946 to Kahahawai; |
| 29. | 322° | 58' | 10" | 2441.92 | feet along Grant 1570 to L. Maigret; |
| 30. | 235° | 28' | 10" | 2734.29 | feet along Grant 1570 to L. Maigret; |
| 31. | 322° | 58' | 10" | 1300.16 | feet along Grant 7704, Ap. 3 to B.P. Bishop Estate; |
| 32. | 319° | 58' | 10" | 1396.87 | feet along Grant 2371 to J. Palau; |

EXHIBIT   CONTINUED

33.    41°   38'            692.63      feet along Lot 4, being a portion of
                                        Grant 2877 to Kealiinui;

34.    Thence following along the middle of a stream and the westerly boundary
                                        of Lot 4, being a portion of Grant 2877
                                        to Kealiinui, the direct azimuth and
                                        distance between points along said
                                        middle of stream being:

       313°   39'   00"   340.00       feet;

35.    41°   01'          1042.00       feet along Lot 5, being portions of Grant
                                        814 to Kealiinui and Grant 2877 to
                                        Kealiinui;

       Thence following along the middle of a gulch and the westerly boundary
                                        of Lot 5, being portions of Grant 814 to
                                        Kealiinui and Grant 2877 to Kealiinui,
                                        for the next five (5) courses, the direct
                                        azimuths and distances between points
                                        along said middle of gulch being:

36.    353°   31'          186.00       feet;

37.    329°   33'          548.00       feet;

38.    345°   03'          600.00       feet;

39.    291°   23'          460.00       feet;

40.    273°   16'          560.00       feet to the point of beginning and
                                        containing an area of 619.103 acres,
                                        more or less.


Together with a 40-foot wide perpetual nonexclusive easements, over, across
and under the Road Easements for roadway and utility purposes, as shown
on Exhibits B and B-1 attached thereto as set forth in that certain
instrument entitled GRANT OF EASEMENT by instrument dated August 31, 2005,
recorded as Document No. 2005-225062, filed as Land Court Document No.
3469265; and subject to the terms and provisions contained therein.

EXHIBIT   CONTINUED


Together with a non-exclusive easement ("Easement 8a") over, across, under and through TMK (3) 9-6-005-025 in use as roadway and utility corridors up to approximately forty (40) feet in width, as set forth in GRANT OF EASEMENT effective dated November 8, 2005, filed as Land Court Document No. 3420914, recorded as Document No. 2006-078665 and more particularly described therein; and subject to the terms and provisions contained therein.


-ITEM II:-

Together with a non-exclusive easement over, across, under and through TMK (3) 9-6-005-010 for use as roadway and utility corridors up to approximately 40 feet in width, as set forth in DECLARATION OF EASEMENT FOR ROADWAY AND UTILITY PURPOSES (EASEMENT 13-D), dated August 9, 2006, filed as Land Court Document No. 3469266, recorded as Document No. 2006-152056; and subject to the terms and provisions contained therein.


Together with a non-exclusive easement over, across, under and through TMK (3) 9-6-005-017 for use as a roadway and utility corridor up to approximately 40 feet in width, as set forth in GRANT OF EASEMENT (Ka'u)(EASEMENT B-B) dated August 14, 2006, filed as Land Court Document No. 3469274, recorded as Document No. 2006-152068; and subject to the terms and provisions contained therein.


BEING THE PREMISES ACQUIRED BY QUITCLAIM DEED

GRANTOR      :   HI BIV LAND LLC, a Delaware limited liability company

GRANTEE      :   KA`U MAHI, LLC, a Colorado limited liability company

DATED        :   December 22, 2015
FILED        :   Land Court Document No. T-9486031
RECORDED     :   Document No. A-58340236

EXHIBIT  CONTINUED

Together with nonexclusive easements for pedestrian and vehicular access and utility purposes through tax map key parcels (3) 9-6-005-010 and 056, as granted in DECLARATION OF EASEMENT (Ka`u Easements 13D, 8a, A-1, B-B) dated November 4, 2015, recorded as Document No. A-58340237.

## SCHEDULE B FOR
## EXHIBIT "9"

This policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees, or expenses that arise by reason of:

1.   Real Property Taxes, Second Installment, Fiscal Year July 1, 2015 - June 30, 2016.

    Payable on or before February 20, 2016.

    Tax Key: (3) 9-6-003-022     Area Assessed: 619.130 acres

    -Note:-  Attention is invited to the fact that the premises covered herein may be subject to possible rollback or retroactive property taxes.

2.   Mineral and water rights of any nature.

3.   Triangulation Survey Station "MOAULA 20" located within the land described herein, referenced on the Tax Map.  Attention is invited to the provisions of Section 172-13 of the Hawaii Revised Statutes, relative to destruction, defacing or removal of survey monuments.

EXHIBIT   CONTINUED

4.    -AS TO THAT PORTION OF ROYAL PATENT GRANT NO. 2877 TO KEALIINUI:-

      Roads (shaded) as shown on Hawaii Territory Survey (HTS Plat 110)
      prepared by Walter E. Wall, dated December, 1914.


5.    Road and Utility Easement "8" as referenced on tax map.


6.    GRANT

      TO          :   MAUNA LOA MACADAMIA PARTNERS, L.P., KA'U AGRIBUSINESS
                      CO, INC., AND MAUNA LOA MACADAMIA NUT CORPORATION

      DATED       :   June 12, 1986
      RECORDED    :   Liber 19573  Page 633
      GRANTING    :   Nonexclusive easement for road and utility purposes;
                      water pipeline maintenance; and easement rights, etc


7.    The terms and provisions contained in that certain WATER AGREEMENT
      dated _____, and amended by unrecorded AMENDED WATER AGREEMENT,
      effective as of October 1, 1989, set forth in MEMORANDUM OF AMENDED
      WATER AGREEMENT dated effective as of October 1, 1989, recorded in
      Liber 23813 at Page 295.


      -Note:-   The Company does not insure water rights, nor claims or
                title to water regardless if whether or not such rights or
                claims are shown by the public records.


8.    The terms and provisions contained in the following:

      INSTRUMENT :   DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY
                     PURPOSES

      DATED       :   August 24, 2005
      FILED       :   Land Court Document No. 3322324
      RECORDED    :   Document No. 2005-177588

**EXHIBIT   CONTINUED**

PARTIAL CANCELLATION AS TO RESERVED EASEMENT RIGHTS (Existing Roadways Affecting TMK (3) 9-6-003-022) dated August 9, 2006, filed as Land Court Document No. 3469269, recorded as Document No. 2006-152062.


9.   **GRANT**

|  |  |  |
|---|---|---|
| TO | : | EDMUND C. OLSON, Trustee of the Edmund C. Olson Trust II dated August 21, 1985 |
| DATED | : | August 31, 2005 |
| RECORDED | : | Document No. 2005-225063 |
| GRANTING | : | a 40-foot wide perpetual non-exclusive easement over, across and under the Road Easements for road and utility purposes as shown Exhibits B, B-1 and B-2 attached thereto |

Said above Grant was amended by instrument dated December 9, 2005, recorded as Document No. 2005-260400.


10.   **GRANT**

|  |  |  |
|---|---|---|
| TO | : | THE NATURE CONSERVANCY, a District of Columbia nonprofit corporation |
| DATED | : | September 30, 2005 |
| RECORDED | : | Document No. 2005-225064 |
| GRANTING | : | a 40-foot wide perpetual non-exclusive easements over, across and under the road Easements for road and utilities purposes as shown on Exhibits B, B-1 and B-2 attached thereto |

EXHIBIT  CONTINUED

11.  **GRANT**

    TO            :  MONIKA MALLICK, a married woman

    DATED       :  September 7, 2005
    RECORDED   :  Document No. 2005-225065
    GRANTING   :  a 40-foot wide perpetual non-exclusive appurtenant
                    easements over, across and under the Road Easements for
                    road and utilities purposes as shown on Exhibits B, B-1
                    and B-2 attached thereto

12.  **GRANT**

    TO            :  TRUSTEES UNDER THE WILL AND OF THE ESTATE OF BERNICE
                    PAUAHI BISHOP, DECEASED

    DATED       :  November 8, 2005
    FILED       :  Land Court Document No. 3420914
    RECORDED   :  Document No. 2006-078665
    GRANTING   :  a perpetual, nonexclusive easement over and across,
                    under and through Easements 12a and 13a for access and
                    utility corridors up to approximately forty (40) feet
                    in width, more particularly described therein

13.  Any claim or boundary dispute which may exist or arise by reason of
the failure of the Grants of Easement referred to in Schedule C to
locate with certainty the boundaries of the Roadway and Utility
Easements described in said instruments.

14.  The following unrecorded licenses and leases and matters arising from
or affecting the same.

    (A)  License No. P97003a(revised) dated December 30, 2005, between
         C. brewer and Company, Limited, as "Owner", and John L. Ah San,
         as "Licensee".

EXHIBIT   CONTINUED

(B)   License NO. M03050 dated May 1, 2003, between Mauna Kea
      Agribusiness Co., Inc., by its agent Ka'u Agribusiness Co., Inc.,
      as "Owner" and Gilbert Andrade and Dennis Andrade, as "Licensee".

(C)   Mauna Kea Agribusiness Co., Inc. Road and Sisal Well License
      dated May 1 2000, between Mauna Kea Agribusiness Co., Inc., as
      "Owner", and ML Macadamia Orchards, L.P., as "Licensee".

15.   Claims arising out of customary and traditional rights and practices,
      including without limitation those exercised for subsistence,
      cultural, religious, access or gathering purposes, as provided for
      in the Hawaii Constitution or the Hawaii Revised Statutes.

16.   Terms and provisions as contained in letter entitled "Re:
      Archaeological Assessment for Three Na'alehu Project Areas, Island
      of Hawaii", dated June 2, 2006, by Paul L. Cleghorn, Ph.D., Principal,
      Senior Archaeologist, Pacific Legacy, Incorporated, including the
      failure to comply with any recommendations made in said above letter,
      or made pursuant to any federal, state or county laws and regulations
      regarding any sites and discoveries.

17.   -AS TO ITEM II:-

      The terms and provisions contained in DECLARATION OF EASEMENTS FOR
      ROADWAY AND UTILITY PURPOSES (Existing roadways affecting TMK (3)
      9-6-005-010) (Easement 13-D), dated August 9, 2006, filed as Land
      Court Document No. 3469266, recorded as Document No. 2006-152056.

18.   Any unrecorded leases and matters arising from or affecting the same.

**EXHIBIT   CONTINUED**

19.   Discrepancies, conflicts in boundary lines, shortage in area, encroachments or any other matters which a correct survey or archaeological study would disclose.

20.   The terms and provisions contained in the following:

INSTRUMENT :   DECLARATION OF EASEMENT (Ka`u Easements 13D, 8a, A-1, B-B)

DATED        :   November 4, 2015
RECORDED     :   Document No. A-58340237

21.   Nonexclusive easement for roadway and utility purposes, in favor of land identified as Tax Map Key 9-6-005-015, as granted in DECLARATION OF EASEMENT FOR ROADWAY AND UTILITY PURPOSES, dated November __, 2015, (acknowledged November 10, 2015), recorded as Document No. A-58340238.

EXHIBIT "10"

LEGAL DESCRIPTION


All of that certain parcel of land (being all of the land(s) described in and covered by Royal Patent Number 6925, Land Commission Award Number 8761 to Keepalawa, Royal Patent Number 5518, Land Commission Award Number 8362 to Keliiaa, and Apana 2 of Royal Patent Number _____, Land Commission Award Number 10755 to S. Palau) situate, lying and being at Makaka, District of Kau, Island and County of Hawaii, State of Hawaii, bearing Tax Key designation (3) 9-6-005-010, and containing an area of 25.210 acres, more or less.


Together with DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES (Existing roadways affecting TMK (3) 9-6-005-056), dated August 24, 2005, recorded as Document No. 2005-177586, as amended by PARTIAL CANCELLATION AS TO RESERVED EASEMENT RIGHTS dated August 9, 2006, recorded as Document No. 2006-152060; and subject to the terms contained therein.


Together with DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES (Existing roadways affecting TMK (3) 9-6-003-022), dated August 24, 2005, filed as Land Court Document No. 3322324, recorded as Document No. 2005-177588, as amended by PARTIAL CANCELLATION AS TO RESERVED EASEMENT RIGHTS dated August 9, 2006, filed as Land Court Document No. 3469269, recorded as Document No. 2006-152062; and subject to the terms and provisions contained therein.


Together with DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES (Existing roadways affecting TMK (3) 9-6-003-002), dated August 24, 2005, filed as Land Court Document No. 3322325, recorded as Document No. 2005-177589, as amended by PARTIAL CANCELLATION AS TO RESERVED EASEMENT RIGHTS dated August 9, 2006, filed as Land Court Document No. 3469270, recorded as Document No. 2006-152063; and subject to the terms and provisions contained therein.

EXHIBIT   CONTINUED

Together with DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES
(Existing roadways affecting TMK (3) 9-6-006-008), dated August 24, 2005,
filed as Land Court Document No. 3322326, recorded as Document No.
2005-177590, as amended by PARTIAL CANCELLATION AS TO RESERVED EASEMENT
RIGHTS dated August 9, 2006, filed as Land Court Document No. 3469271,
recorded as Document No. 2006-152064; and subject to the terms and
provisions contained therein.


Together with DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES
(Existing roadways affecting TMK (3) 9-6-006-005), dated August 24, 2005,
filed as Land Court Document No. 3322327, recorded as Document No.
2005-177591, as amended by AMENDMENT OF DECLARATION OF EASEMENT FOR ROADWAY
AND UTILITY PURPOSES, dated August 9, 2006, filed as Land Court Document
No. 3469268, recorded as Document No. 2006-152058, as amended by PARTIAL
CANCELLATION AS TO RESERVED EASEMENT RIGHTS dated August 9, 2006, filed
as Land Court Document No. 3469272, recorded as Document No. 2006-152065;
and subject to the terms and provisions contained therein.


Together with a 40-foot wide perpetual nonexclusive easements, over, across
and under the Road Easements for roadway and utility purposes, as shown
on Exhibits B and B-1 attached thereto as set forth in that certain
instrument entitled GRANT OF EASEMENT by instrument dated August 31, 2005,
recorded as Document No. 2005-225062, filed as Land Court Document No.
3469265; and subject to the terms and provisions, contained therein.


Together with a perpetual, non exclusive easement ("Easement 8a") over,
across, under and through TMK (3) 9-6-005-025 in use as roadway and utility
corridors up to approximately forty (40) feet in width, as set forth in
GRANT OF EASEMENT effective dated November 8, 2005, filed as Land Court
Document No. 3420914, recorded as Document No. 2006-078665 and more
particularly described therein; and subject to the terms and provisions,
contained therein.

© **Title Guaranty of Hawaii, Inc.**
235 QUEEN ST., HONOLULU, HAWAII  96813,  PH: (808) 533-6261

**EXHIBIT   CONTINUED**

Together with a non-exclusive easement over, across, under and through TMK (3) 9-6-005-017 for use as a roadway and utility corridor up to approximately 40 feet in width, as set forth in GRANT OF EASEMENT (Ka'u) (EASEMENT B-B) dated August 9, 2006, filed as Land Court Document No. 3469274, recorded as Document No. 2006-152068; and subject to the terms and provisions, contained therein.


BEING THE PREMISES ACQUIRED BY QUITCLAIM DEED

GRANTOR    :  HI BIV LAND LLC, a Delaware limited liability company

GRANTEE    :  KA`U MAHI, LLC, a Colorado limited liability company

DATED      :  December 22, 2015
FILED      :  Land Court Document No. T-9486031
RECORDED   :  Document No. A-58340236


**SCHEDULE B FOR
EXHIBIT "10"**


This policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees, or expenses that arise by reason of:


1.  Real Property Taxes, Second Installment, Fiscal Year July 1, 2015 - June 30, 2016.

    Payable on or before February 20, 2016.

    Tax Key: (3) 9-6-005-010     Area Assessed: 25.210 acres


    -Note:-  Attention is invited to the fact that the premises covered herein may be subject to possible rollback or retroactive property taxes.


2.  Mineral and water rights of any nature.

EXHIBIT   CONTINUED

3.   Matters arising out of the failure of a patent to have issued on Land
Commission Award 10755 to S. Palau, and any matters that may be set
forth in any such patent.  The Company assumes no obligation to
procure any patent or to pay commutation, if any, which may be owed
thereon.


4.   -AS TO THOSE PORTION OF ROYAL PATENT NUMBER ____, LAND COMMISSION AWARD
NUMBER 10755 TO S. PALAU AND ROYAL PATENT NUMBER 5518, LAND COMMISSION
AWARD NUMBER 8362 TO KELIIAA:-

Road (shaded) as shown on Hawaii Territory Survey (HTS Plat 110)
prepared by Walter E. Wall dated December, 1914.


5.   The terms and provisions contained in the following:

INSTRUMENT :   DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY
               PURPOSES

DATED      :   August 24, 2005
RECORDED   :   Document No. 2005-177585

PARTIAL CANCELLATION AS TO RESERVED EASEMENT RIGHTS (Existing
Roadways Affecting TMK (3) 9-6-005-010) dated August 9, 2006, recorded
as Document No. 2006-152059.


6.   GRANT

TO         :   EDMUND C. OLSON, Trustee of the Edmund C. Olson Trust
               II dated August 21, 1985

DATED      :   August 31, 2005
RECORDED   :   Document No. 2005-225063
GRANTING   :   a 40-foot wide perpetual non-exclusive easement over,
               across and under the Road Easements for road and utility
               purposes as shown Exhibits B, B-1 and B-2 attached
               thereto

Said above Grant was amended by instrument dated December 9, 2005,
recorded as Document No. 2005-260400.

EXHIBIT CONTINUED

7.   GRANT

    TO                  :   THE NATURE CONSERVANCY, a District of Columbia
                              nonprofit corporation

    DATED               :   September 30, 2005
    RECORDED            :   Document No. 2005-225064
    GRANTING            :   a 40-foot wide perpetual non-exclusive easements over,
                              across and under the road Easements for road and
                              utilities purposes as shown on Exhibits B, B-1 and B-2
                              attached thereto

8.   GRANT

    TO                  :   MONIKA MALLICK, a married woman

    DATED               :   September 7, 2005
    RECORDED            :   Document No. 2005-225065
    GRANTING            :   a 40-foot wide perpetual non-exclusive appurtenant
                              easements over, across and under the Road Easements for
                              road and utilities purposes as shown on Exhibits B, B-1
                              and B-2 attached thereto

9.   GRANT

    TO                  :   TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP

    DATED               :   November 8, 2005
    FILED               :   Land Court Document No. 3420914
    RECORDED            :   Document No. 2006-078665
    GRANTING            :   a perpetual, nonexclusive easement over and across,
                              under and through Easement 13b for access and utility
                              corridors up to approximately forty (40) feet in width,
                              more particularly described therein

EXHIBIT   CONTINUED

10.   The terms and provisions contained in the following:

INSTRUMENT :   DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY
               PURPOSES

DATED      :   August 9, 2006
FILED      :   Land Court Document No. 3469266
RECORDED   :   Document No. 2006-152056


11.   Any claim or boundary dispute which may exist or arise by reason of
      the failure of the Declarations of Easements for Roadway and Utility
      Purposes and Grants of Easement referred to in Schedule C to locate
      with certainty the boundaries of the Roadway and Utility Easements
      described in said instruments.


12.   The following unrecorded license and matters arising from or affecting
      the same:

      License No. M03050 dated May 1, 2003, between MAUNA KEA AGRIBUSINESS
      CO., by its agent Ka'u Agribusiness Co., Inc., as "Owner", and GILBERT
      ANDRADE and DENNIS ANDRADE, as "Licensee".


13.   Claims arising out of customary and traditional rights and practices,
      including without limitation those exercised for subsistence,
      cultural, religious, access or gathering purposes, as provided for
      in the Hawaii Constitution or the Hawaii Revised Statutes.


14.   Terms and provisions as contained in letter entitled "Re:
      Archaeological Assessment for Three Na'alehu Project Areas, Island
      of Hawaii", dated June 2, 2006, by Paul L. Cleghorn, Ph.D., Principal,
      Senior Archaeologist, Pacific Legacy, Incorporated, including the
      failure to comply with any recommendations made in said above letter,
      or made pursuant to any federal, state or county laws and regulations
      regarding any sites and discoveries.


15.   Any unrecorded leases and matters arising from or affecting the same.

EXHIBIT   CONTINUED

16. Discrepancies, conflicts in boundary lines, shortage in area, encroachments or any other matters which a correct survey or archaeological study would disclose.

17. Nonexclusive easements for pedestrian and vehicular access and utility purposes in favor of land identified as Tax Map Keys 9-6-003-002 & 022; 9-6-005-012, 013, 015 & 056; 9-6-006-005, 006, 007 & 008, as granted in DECLARATION OF EASEMENT (Ka`u Easements 13D, 8a, A-1, B-B) dated November 4, 2015, recorded as Document No. A-58340237.

© **Title Guaranty of Hawaii, Inc.**
235 QUEEN ST., HONOLULU, HAWAII  96813,  PH: (808) 533-6261

EXHIBIT "11"

LEGAL DESCRIPTION

All of that certain parcel of land (being all of the land(s) described in and covered by Royal Patent Number 7670, Land Commission Award Number 8034 to Ahia) situate, lying and being at Makaka, District of Kau, Island and County of Hawaii, State of Hawaii, bearing Tax Key designation (3) 9-6-005-012, and containing an area of 7.340 acres, more or less.

Together with DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES (Existing roadways affecting TMK (3) 9-6-005-010), dated August 24, 2005, recorded as Document No. 2005-177585, as amended by PARTIAL CANCELLATION AS TO RESERVED EASEMENT RIGHTS dated August 9, 2006, recorded as Document No. 2006-152059; and subject to the terms and provisions contained therein.

Together with DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES (Existing roadways affecting TMK (3) 9-6-005-056), dated August 24, 2005, recorded as Document No. 2005-177586, as amended by PARTIAL CANCELLATION AS TO RESERVED EASEMENT RIGHTS dated August 9, 2006, recorded as Document No. 2006-152060; and subject to the terms contained therein.

Together with DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES (Existing roadways affecting TMK (3) 9-6-003-022), dated August 24, 2005, filed as Land Court Document No. 3322324, recorded as Document No. 2005-177588, as amended by PARTIAL CANCELLATION AS TO RESERVED EASEMENT RIGHTS dated August 9, 2006, filed as Land Court Document No. 3469269, recorded as Document No. 2006-152062; and subject to the terms and provisions contained therein.

EXHIBIT   CONTINUED

Together with DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES
(Existing roadways affecting TMK (3) 9-6-003-002), dated August 24, 2005,
filed as Land Court Document No. 3322325, recorded as Document No.
2005-177589, as amended by PARTIAL CANCELLATION AS TO RESERVED EASEMENT
RIGHTS dated August 9, 2006, filed as Land Court Document No. 3469270,
recorded as Document No. 2006-152063; and subject to the terms and
provisions contained therein.


Together with DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES
(Existing roadways affecting TMK (3) 9-6-006-008), dated August 24, 2005,
filed as Land Court Document No. 3322326, recorded as Document No.
2005-177590, as amended by PARTIAL CANCELLATION AS TO RESERVED EASEMENT
RIGHTS dated August 9, 2006, filed as Land Court Document No. 3469271,
recorded as Document No. 2006-152064; and subject to the terms and
provisions contained therein.


Together with DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES
(Existing roadways affecting TMK (3) 9-6-006-005), dated August 24, 2005,
filed as Land Court Document No. 3322327, recorded as Document No.
2005-177591, as amended by AMENDMENT OF DECLARATION OF EASEMENT FOR ROADWAY
AND UTILITY PURPOSES, dated August 9, 2006, filed as Land Court Document
No. 3469268, recorded as Document No. 2006-152058, as amended by PARTIAL
CANCELLATION AS TO RESERVED EASEMENT RIGHTS dated August 9, 2006, filed
as Land Court Document No. 3469272, recorded as Document No. 2006-1152065;
and subject to the terms and provisions contained therein.


Together with a 40-foot wide perpetual nonexclusive easements, over, across
and under the Road Easements for roadway and utility purposes, as shown
on Exhibits B and B-1 attached thereto as set forth in that certain
instrument entitled GRANT OF EASEMENT by instrument dated August 31, 2005,
recorded as Document No. 2005-225062, filed as Land Court Document No.
3469265; and subject to the terms and provisions contained therein.

© Title Guaranty of Hawaii, Inc.
235 QUEEN ST., HONOLULU, HAWAII  96813.  PH: (808) 533-6261

EXHIBIT   CONTINUED


Together with a perpetual, non exclusive easement ("Easement 8a") over,
across, under and through TMK (3) 9-6-005-025 in use as roadway and utility
corridors up to approximately forty (40) feet in width, as set forth in
GRANT OF EASEMENT effective dated November 8, 2005, filed as Land Court
Document No. 3420914, recorded as Document No. 2006-078665 and more
particularly described therein; and subject to the terms and provisions
contained therein.


Together with a non-exclusive easement over, across, under and through TMK
(3) 9-6-005-017 for use as a roadway and utility corridor up to
approximately 40 feet in width, as set forth in GRANT OF EASEMENT
(Ka'u) (EASEMENT B-B) dated August 9, 2006, filed as Land Court Document
No. 3469274, recorded as Document No. 2006-152068; and subject to the terms
and provisions, contained therein.


      BEING THE PREMISES ACQUIRED BY QUITCLAIM DEED

      GRANTOR    :  HI BIV LAND LLC, a Delaware limited liability company

      GRANTEE    :  KA`U MAHI, LLC, a Colorado limited liability company

      DATED      :  December 22, 2015
      FILED      :  Land Court Document No. T-9486031
      RECORDED  :  Document No. A-58340236


Together with nonexclusive easements for pedestrian and vehicular access
and utility purposes through tax map key parcels (3) 9-6-005-010 and 056,
as granted in DECLARATION OF EASEMENT (Ka`u Easements 13D, 8a, A-1, B-B)
dated November 4, 2015, recorded as Document No. A-58340237.

EXHIBIT   CONTINUED

## SCHEDULE B FOR
## EXHIBIT "11"

This policy does not insure against loss or damage, and the Company will
not pay costs, attorneys' fees, or expenses that arise by reason of:

1.   Real Property Taxes, Second Installment, Fiscal Year July 1, 2015 -
     June 30, 2016.

     Payable on or before February 20, 2016.

     Tax Key: (3) 9-6-005-012    Area Assessed: 7.340 acres


2.   Mineral and water rights of any nature.


3.   The terms and provisions contained in the following:

     INSTRUMENT :  DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY
                   PURPOSES

     DATED      :  August 24, 2005
     RECORDED   :  Document No. 2005-177587

     PARTIAL CANCELLATION AS TO RESERVED EASEMENT RIGHTS (Existing
     Roadways Affecting TMK (3) 9-6-005-012) dated August 9, 2006, recorded
     as Document No. 2006-152061.


4.   Any claim or boundary dispute which may exist or arise by reason of
     the failure of the Declarations of Easements for Roadway and Utility
     Purposes and Grants of Easement referred to in Schedule C to locate
     with certainty the boundaries of the Roadway and Utility Easements
     described in said instruments.

EXHIBIT   CONTINUED

5.   The following unrecorded license and matters arising from or affecting
     the same:

     License No. M03050 dated May 1, 2003, between MAUNA KEA AGRIBUSINESS
     CO., IND., by its agent Ka'u Agribusiness Co., Inc., as "Owner", and
     GILBERT ANDRADE and DENNIS ANDRADE, as "Licensee".

6.   Claims arising out of customary and traditional rights and practices,
     including without limitation those exercised for subsistence,
     cultural, religious, access or gathering purposes, as provided for
     in the Hawaii Constitution or the Hawaii Revised Statutes.

7.   The terms and provisions contained in letter entitled "Re:
     Archaeological Assessment for Three Na'alehu Project Areas, Island
     of Hawaii", dated June 2, 2006, by Paul L. Cleghorn, Ph.D., Principal,
     Senior Archaeologist, Pacific Legacy, Incorporated, including the
     failure to comply with any recommendations made in said above letter,
     or made pursuant to any federal, state or county laws and regulations
     regarding any sites and discoveries.

8.   Any unrecorded leases and matters arising from or affecting the same.

9.   Discrepancies, conflicts in boundary lines, shortage in area,
     encroachments or any other matters which a correct survey or
     archaeological study would disclose.

10.  The terms and provisions contained in the following:

     INSTRUMENT :  DECLARATION OF EASEMENT (Ka`u Easements 13D, 8a, A-1,
                   B-B)

     DATED      :  November 4, 2015
     RECORDED   :  Document No. A-58340237

EXHIBIT "12"

LEGAL DESCRIPTION

All of that certain parcel of land (being all of the land(s) described in and covered by Royal Patent Number 6929, Land Commission Award Number 8804 to Puakekau) situate, lying and being at Makaka, District of Kau, Island and County of Hawaii, State of Hawaii, bearing Tax Key designation (3) 9-6-005-013, and containing an area of 3.130 acres, more or less.

Together with DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES (Existing roadways affecting TMK (3) 9-6-005-010), dated August 24, 2005, recorded as Document No. 2005-177585, as amended by PARTIAL CANCELLATION AS TO RESERVED EASEMENT RIGHTS dated August 9, 2006, recorded as Document No. 2006-152059; and subject to the terms and provisions contained therein.

Together with DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES (Existing roadways affecting TMK (3) 9-6-005-056), dated August 24, 2005, recorded as Document No. 2005-177586, as amended by PARTIAL CANCELLATION AS TO RESERVED EASEMENT RIGHTS dated August 9, 2006, recorded as Document No. 2006-152060; and subject to the terms contained therein.

Together with DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES (Existing roadways affecting TMK (3) 9-6-005-012), dated August 24, 2005, recorded as Document No. 2005-177587, as amended by PARTIAL CANCELLATION AS TO RESERVED EASEMENT RIGHTS dated August 9, 2006, recorded as Document No. 2006-152061; and subject to the terms contained therein.

Together with DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES (Existing roadways affecting TMK (3) 9-6-003-022), dated August 24, 2005, filed as Land Court Document No. 3322324, recorded as Document No. 2005-177588, as amended by PARTIAL CANCELLATION AS TO RESERVED EASEMENT RIGHTS dated August 9, 2006, filed as Land Court Document No. 3469269, recorded as Document No. 2006-152062; and subject to the terms and provisions contained therein.

EXHIBIT   CONTINUED

Together with DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES
(Existing roadways affecting TMK (3) 9-6-003-002), dated August 24, 2005,
filed as Land Court Document No. 3322325, recorded as Document No.
2005-177589, as amended by PARTIAL CANCELLATION AS TO RESERVED EASEMENT
RIGHTS dated August 9, 2006, filed as Land Court Document No. 3469270,
recorded as Document No. 2006-152063; and subject to the terms and
provisions contained therein.

Together with DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES
(Existing roadways affecting TMK (3) 9-6-006-008), dated August 24, 2005,
filed as Land Court Document No. 3322326, recorded as Document No.
2005-177590, as amended by PARTIAL CANCELLATION AS TO RESERVED EASEMENT
RIGHTS dated August 9, 2006, filed as Land Court Document No. 3469271,
recorded as Document No. 2006-152064; and subject to the terms and
provisions contained therein.

Together with DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES
(Existing roadways affecting TMK (3) 9-6-006-005), dated August 24, 2005,
filed as Land Court Document No. 3322327, recorded as Document No.
2005-177591, as amended by AMENDMENT OF DECLARATION OF EASEMENT FOR ROADWAY
AND UTILITY PURPOSES, dated August 9, 2006, filed as Land Court Document
No. 3469268, recorded as Document No. 2006-152058, as amended by PARTIAL
CANCELLATION AS TO RESERVED EASEMENT RIGHTS dated August 9, 2006, filed
as Land Court Document No. 3469272, recorded as Document No. 2006-152065;
and subject to the terms and provisions contained therein.

Together with a 40-foot wide perpetual nonexclusive easements, over, across
and under the Road Easements for roadway and utility purposes, as shown
on Exhibits B and B-1 attached thereto as set forth in that certain
instrument entitled GRANT OF EASEMENT by instrument dated August 31, 2005,
recorded as Document No. 2005-225062; and subject to the terms and
provisions contained therein.

EXHIBIT  CONTINUED

Together with a perpetual, non exclusive easement ("Easement 8a") over, across, under and through TMK (3) 9-6-005-025 in use as roadway and utility corridors up to approximately forty (40) feet in width, as set forth in GRANT OF EASEMENT dated effective November 8, 2005, filed as Land Court Document No. 3420914, recorded as Document No. 2006-078665 and more particularly described therein; and subject to the terms and provisions contained therein.


Together with a non-exclusive easement over, across, under and through TMK (3) 9-6-005-017 for use as a roadway and utility corridor up to approximately 40 feet in width, as set forth in GRANT OF EASEMENT (Ka'u)(EASEMENT B-B) dated August 9, 2006, filed as Land Court Document No. 3469274, recorded as Document No. 2006-152068; and subject to the terms and provisions contained therein.


BEING THE PREMISES ACQUIRED BY QUITCLAIM DEED

GRANTOR    :  HI BIV LAND LLC, a Delaware limited liability company

GRANTEE    :  KA`U MAHI, LLC, a Colorado limited liability company

DATED      :  December 22, 2015
FILED      :  Land Court Document No. T-9486031
RECORDED   :  Document No. A-58340236


Together with nonexclusive easements for pedestrian and vehicular access and utility purposes through tax map key parcels (3) 9-6-005-010 and 056, as granted in DECLARATION OF EASEMENT (Ka`u Easements 13D, 8a, A-1, B-B) dated November 4, 2015, recorded as Document No. A-58340237.

EXHIBIT   CONTINUED


SCHEDULE B FOR
EXHIBIT "12"


This policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees, or expenses that arise by reason of:


1.   Real Property Taxes, Second Installment, Fiscal Year July 1, 2015 - June 30, 2016.

     Payable on or before February 20, 2016.

     Tax Key: (3) 9-6-005-013    Area Assessed: 3.130 acres


2.   Mineral and water rights of any nature.


3.   Any claim or boundary dispute which may exist or arise by reason of the failure of the Declarations of Easements for Roadway and Utility Easements Purposes and Grants of Easement referred to in Schedule C to locate with certainty the boundaries of the Roadway and Utility Easements described in said instruments.


4.   The following unrecorded license and matters arising from or affecting the same:

     License No. M03050 dated May 1, 2003, between MAUNA KEA AGRIBUSINESS CO., INC. by its agent Ka'u Agribusiness Co., Inc., as "Owner" and GILBERT ANDRADE and DENNIS ANDRADE, as "Licensee".


5.   Claims arising out of customary and traditional rights and practices, including without limitation those exercised for subsistence, cultural, religious, access or gathering purposes, as provided for in the Hawaii Constitution or the Hawaii Revised Statutes.

EXHIBIT   CONTINUED

6.     Terms and provisions, as contained in letter entitled "Re:
       Archaeological Assessment for Three Na'alehu Project Areas, Island
       of Hawaii", dated June 2, 2006, by Paul L. Cleghorn, Ph.D., Principal,
       Senior Archaeologist, Pacific Legacy, Incorporated, including the
       failure to comply with any recommendations made in said above letter,
       or made pursuant to any federal, state or county laws and regulations
       regarding any sites and discoveries.

7.     Any unrecorded leases and matters arising from or affecting the same.

8.     Discrepancies, conflicts in boundary lines, shortage in area,
       encroachments or any other matters which a correct survey or
       archaeological study would disclose.

9.     The terms and provisions contained in the following:

       INSTRUMENT :   DECLARATION OF EASEMENT (Ka`u Easements 13D, 8a, A-1,
                      B-B)

       DATED      :   November 4, 2015
       RECORDED   :   Document No. A-58340237

## EXHIBIT "13"

## LEGAL DESCRIPTION

-ITEM I:-

All of that certain parcel of land (being all of the land(s) described in
and covered by Royal Patent Grant Number 1570 to Louis Maigret) situate,
lying and being at Makaka, District of Kau, Island and County of Hawaii,
State of Hawaii, bearing Tax Key designation (3) 9-6-005-015, and
containing an area of 215.800 acres, more or less.

-ITEM II:-

Together with a non-exclusive easement over Easement B-B, located on TMK
(3) 9-6-005-017 for roadway and utility purposes, as set forth in GRANT
OF EASEMENT (KA'U) (EASEMENT B-B), dated April 4, 2007, recorded as Document
No. 2007-153338, being made by and between C. BREWER AND COMPANY, LIMITED,
a dissolved Hawaii corporation, ("Brewer") and WWK HAWAII-CHURCH LLC, a
Delaware limited liability company, ("Grantee").

BEING THE PREMISES ACQUIRED BY QUITCLAIM DEED

GRANTOR    :  HI BIV LAND LLC, a Delaware limited liability company

GRANTEE    :  KA`U MAHI, LLC, a Colorado limited liability company

DATED      :  December 22, 2015
FILED      :  Land Court Document No. T-9486031
RECORDED   :  Document No. A-58340236

## EXHIBIT CONTINUED

Together with nonexclusive easements for pedestrian and vehicular access and utility purposes through tax map key parcels (3) 9-6-005-010 and 056, as granted in DECLARATION OF EASEMENT (Ka`u Easements 13D, 8a, A-1, B-B) dated November 4, 2015, recorded as Document No. A-58340237.

Together with nonexclusive easements for pedestrian and vehicular access and utility purposes through tax map key parcels (3) 9-6-003-022, as granted in DECLARATION OF EASEMENT FOR ROADWAY AND UTILITY PURPOSES dated November __, 2015 (acknowledged November 10, 2015) recorded as Document No. A-58340238.

## SCHEDULE B FOR
## EXHIBIT "13"

This policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees, or expenses that arise by reason of:

1.   Real Property Taxes, Second Installment, Fiscal Year July 1, 2015 - June 30, 2016.

   Payable on or before February 20, 2016.

   Tax Key: (3) 9-6-005-015     Area Assessed: 215.800 acres

2.   Mineral and water rights of any nature.

3.   Roadway and Flume as referenced on Tax Map.

EXHIBIT   CONTINUED

4.    -AS TO ITEM II:-

The terms and provisions contained in GRANT OF EASEMENT
(KA'U) (EASEMENT B-B), dated April 4, 2007, recorded as Document No.
2007-153338, being made by and between C. BREWER AND COMPANY, LIMITED,
a dissolved Hawaii corporation, ("Brewer") and WWK HAWAII-CHURCH LLC,
a Delaware limited liability company, ("Grantee").


5.    Claims arising out of customary and traditional rights and practices,
including without limitation those exercised for subsistence,
cultural, religious, access or gathering purposes, as provided for
in the Hawaii Constitution or the Hawaii Revised Statutes.


6.    Any rights or other matters with a full archaeological study would
disclose.


7.    Any unrecorded leases and matters arising from or affecting the same.


8.    Discrepancies, conflicts in boundary lines, shortage in area,
encroachments or any other rights or matters which a correct survey
or archaeological study would disclose.


9.    The terms and provisions contained in the following:

INSTRUMENT :   DECLARATION OF EASEMENT (Ka`u Easements 13D, 8a, A-1,
               B-B)

DATED       :  November 4, 2015
RECORDED    :  Document No. A-58340237


10.   The terms and provisions contained in the following:

© Title Guaranty of Hawaii, Inc.
                   235 QUEEN ST., HONOLULU, HAWAII  96813,  PH: (808) 533-6261

**EXHIBIT   CONTINUED**

| | | |
|---|---|---|
| **INSTRUMENT** | : | **DECLARATION OF EASEMENT FOR ROADWAY AND UTILITY PURPOSES** |
| **DATED** | : | **November __, 2015 (acknowledged November 10, 2015)** |
| **RECORDED** | : | **Document No. A-58340238** |

EXHIBIT "14"

LEGAL DESCRIPTION

-ITEM I:-

All of that certain parcel of land (being portion(s) of the land(s) described in and covered by Royal Patent Grant Number 2460 to Alohikea and all of Royal Patent Number 7127, Land Commission Award Number 8360-B to Kanikaa) situate, lying and being at Makaka, District of Kau, Island and County of Hawaii, State of Hawaii, bearing Tax Key designation (3) 9-6-005-056, and containing an area of 95.959 acres, more or less.

Together with DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES (Existing roadways affecting TMK (3) 9-6-003-022), dated August 24, 2005, filed as Land Court Document No. 3322324, recorded as Document No. 2005-177588, as amended by PARTIAL CANCELLATION AS TO RESERVED EASEMENT RIGHTS dated August 9, 2006, filed as Land Court Document No. 3469269, recorded as Document No. 2006-152062; and subject to the terms and provisions contained therein.

Together with DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES (Existing roadways affecting TMK (3) 9-6-003-002), dated August 24, 2005, filed as Land Court Document No. 3322325, recorded as Document No. 2005-177589, as amended by PARTIAL CANCELLATION AS TO RESERVED EASEMENT RIGHTS dated August 9, 2006, filed as Land Court Document No. 3469270, recorded as Document No. 2006-152063; and subject to the terms and provisions contained therein.

Together with DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES (Existing roadways affecting TMK (3) 9-6-006-008), dated August 24, 2005, filed as Land Court Document No. 3322326, recorded as Document No. 2005-177590, as amended by PARTIAL CANCELLATION AS TO RESERVED EASEMENT RIGHTS dated August 9, 2006, filed as Land Court Document No. 3469271, recorded as Document No. 2006-152064; and subject to the terms and provisions contained therein.

EXHIBIT   CONTINUED

Together with DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES
(Existing roadways affecting TMK (3) 9-6-006-005), dated August 24, 2005,
filed as Land Court Document No. 3322327, recorded as Document No.
2005-177591, as amended by AMENDMENT OF DECLARATION OF EASEMENT FOR ROADWAY
AND UTILITY PURPOSES, dated August 9, 2006, filed as Land Court Document
No. 3469268, recorded as Document No. 2006-152058, as amended by PARTIAL
CANCELLATION AS TO RESERVED EASEMENT RIGHTS dated August 9, 2006, filed
as Land Court Document No. 3469272, recorded as Document No. 2006-1152065;
and subject to the terms and provisions contained therein.


Together with a 40-foot wide nonexclusive easements, over, across and under
the Road Easements for roadway and utility purposes, as shown on Exhibits
B and B-1 attached thereto as set forth in that certain instrument entitled
GRANT OF EASEMENT by instrument dated August 31, 2005, recorded as Document
No. 2005-225062; and subject to the terms and provisions contained therein.


Together with a nonexclusive easement ("Easement 8a") over, across, under
and through TMK (3) 9-6-005-025 in use as roadway and utility corridors
up to approximately forty (40) feet in width, as set forth in GRANT OF
EASEMENT effective dated November 8, 2005, filed as Land Court Document
No. 3420914, recorded as Document No. 2006-078665 and more particularly
described therein; and subject to the terms and provisions contained
therein.


-ITEM II:-

Together with a nonexclusive easement for roadway, access and utility
purposes over and across Easement 13-D, as set forth in DECLARATION OF
EASEMENTS FOR ROADWAY AND UTILITY PURPOSES (Existing Roadways Affecting
TMK (3) 9-6-005-010), dated August 9, 2006, filed as Land Court Document
No. 3469266, recorded as Document No. 2006-152056 and more particularly
described therein; and subject to the terms and provisions contained
therein.

EXHIBIT   CONTINUED


Together with a non-exclusive easement over, across, under and through TMK
(3) 9-6-005-017 for use as a roadway and utility corridor up to
approximately 40 feet in width, as set forth in GRANT OF EASEMENT
(Ka'u)(EASEMENT B-B) dated August 9, 2006, filed as Land Court Document
No. 3469274, recorded as Document No. 2006-152068; and subject to the terms
and provisions contained therein.



BEING THE PREMISES ACQUIRED BY QUITCLAIM DEED

GRANTOR     :   HI BIV LAND LLC, a Delaware limited liability company

GRANTEE     :   KA`U MAHI, LLC, a Colorado limited liability company

DATED       :   December 22, 2015
FILED       :   Land Court Document No. T-9486031
RECORDED    :   Document No. A-58340236



Together with nonexclusive easements for pedestrian and vehicular access
and utility purposes through tax map key parcels (3) 9-6-005-010 and 056,
as granted in DECLARATION OF EASEMENT (Ka`u Easements 13D, 8a, A-1, B-B)
dated November 4, 2015, recorded as Document No. A-58340237.



SCHEDULE B FOR
EXHIBIT "14"


This policy does not insure against loss or damage, and the Company will
not pay costs, attorneys' fees, or expenses that arise by reason of:

EXHIBIT   CONTINUED

1.   Real Property Taxes, Second Installment, Fiscal Year July 1, 2015 - June 30, 2016.

Payable on or before February 20, 2016.

Tax Key: (3) 9-6-005-056     Area Assessed: 95.959 acres

-Note:-   Attention is invited to the fact that the premises covered herein may be subject to possible rollback or retroactive property taxes.

2.   Mineral and water rights of any nature.

3.   Easement A-1 for road and utility purposes (area: 2.28 acres) as shown on survey map prepared by Robert K. Y. Lee, Land Surveyor, with R. M. Towill Corporation, dated September 15, 1994, last revised November 7, 1997, and approved by the Planning Department, County of Hawaii, Subdivision No. 6537-Revised, on December 1, 1997.

4.   The terms and provisions contained in the following:

INSTRUMENT :   DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES

DATED        :   August 24, 2005
RECORDED     :   Document No. 2005-177586

PARTIAL CANCELLATION AS TO RESERVED EASEMENT RIGHTS (Existing Roadways Affecting TMK (3) 9-6-005-056) dated August 9, 2006, recorded as Document No. 2006-152060.

5.   Any claim or boundary dispute which may exist or arise by reason of the failure of the Declarations of Easements for Roadway and Utility Purposes and Grants of Easement referred to in Schedule C to locate with certainty the boundaries of the Roadway and Utility Easements described in said instruments.

EXHIBIT   CONTINUED

6.   The following unrecorded licenses and leases, and matters arising from
     or affecting the same:

   (A)   License between Ka'u Agribusiness Co. Inc and Marceliano Camba,
         (P98128) as assigned to Sixto Asuncion;

   (B)   License between Ka'u Agribusiness Co. Inc and Leonard Avenue;
         and Rosita Avenue as co-licensee as of December 14, 2000;

   (C)   License between Ka'u Agribusiness Co. Inc and Gloria Camba; and
         Rogelio B. Aquino as co-licensee as of August 6, 1998;

   (D)   License between Ka'u Agribusiness Co. Inc and Alexandrer
         Calumpit as assigned to Gloria Camba in Assignment effective July
         1, 2005;

   (E)   License between Ka'u Agribusiness Co. Inc and Antonio Maltezo
         (P98122), assigned to Marcos Domingo in Assignment effective
         July 1, 2002;

   (F)   License between Ka'u Agribusiness Co. Inc and Melchor Fernandez;
         and Fely Fernandez, Allan Fernandez and J. Fernandez as
         co-licensees as of August 4, 1998;

   (G)   License between Ka'u Agribusiness Co., Inc. and Vince Hashimoto.
         Lorraine Navarro (mother) was added as co-licensee on August 9,
         1998. Assigned to Lorraine Navarro on February 7, 2003;

   (H)   License P97051 between Ka'u Agribusiness Co., Inc. and Leo
         Noberte;

   (I)   License between Ka'u Agribusiness Co., Inc. and Wallace Young;
         Bertha Young (wife) was added as co-licensee on August 4, 1998;

   (J)   License between Ka'u Agribusiness Co., Inc. and Wallace Young;
         Bertha Young - Co-licensee; and

   (K)   License between Ka'u Agribusiness Co., Inc. and Wally Young and
         Bradley Young.

**EXHIBIT   CONTINUED**

7.    Terms and provisions contained in letter entitled "Re: Archaeological
      Assessment for Three Na'alehu Project Areas, Island of Hawaii", dated
      June 2, 2006, by Paul L. Cleghorn, Ph.D., Principal, Senior
      Archaeologist, Pacific Legacy, Incorporated, including the failure
      to comply with any recommendations made in said above letter, or made
      pursuant to any federal, state or county laws and regulations
      regarding any sites and discoveries.

8.    -AS TO ITEM II:-

      The terms and provisions contained in DECLARATION OF EASEMENTS FOR
      ROADWAY AND UTILITY PURPOSES (Existing roadways affecting TMK (3)
      9-6-005-010) (Easement 13-D), dated August 9, 2006, filed as Land
      Court Document No. 3469266, recorded as Document No. 2006-152056.

9.    Claims arising out of customary and traditional rights and practices,
      including without limitation those exercised for subsistence,
      cultural, religious, access or gathering purposes, as provided for
      in the Hawaii Constitution or the Hawaii Revised Statutes.

10.   Any unrecorded leases and matters arising from or affecting the same.

11.   Discrepancies, conflicts in boundary lines, shortage in area,
      encroachments or any other matters which a correct survey or
      archaeological study would disclose.

12.   The terms and provisions contained in the following:

      INSTRUMENT :   DECLARATION OF EASEMENT (Ka`u Easements 13D, 8a, A-1,
                     B-B)

      DATED      :   November 4, 2015
      RECORDED   :   Document No. A-58340237

EXHIBIT "15"

LEGAL DESCRIPTION

-ITEM I:-

All of that certain parcel of land (being all of the land(s) described in
and covered by Royal Patent Grant Number 2894 to Uha and portion of Royal
Patent Grant Number 2460 to Alohikea) situate, lying and being at Makaka,
District of Kau, Island and County of Hawaii, State of Hawaii, bearing Tax
Key designation (3) 9-6-006-005, and containing an area of 249.520 acres,
more or less.

Together with DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES
(Existing roadways affecting TMK (3) 9-6-003-022), dated August 24, 2005,
filed as Land Court Document No. 3322324, recorded as Document No.
2005-177588, as amended by PARTIAL CANCELLATION AS TO RESERVED EASEMENT
RIGHTS dated August 9, 2006, filed as Land Court Document No. 3469269,
recorded as Document No. 2006-152062; and subject to the terms and
provisions contained therein.

Together with DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES
(Existing roadways affecting TMK (3) 9-6-003-002), dated August 24, 2005,
filed as Land Court Document No. 3322325, recorded as Document No.
2005-177589, as amended by PARTIAL CANCELLATION AS TO RESERVED EASEMENT
RIGHTS dated August 9, 2006, filed as Land Court Document No. 3469270,
recorded as Document No. 2006-152063; and subject to the terms and
provisions contained therein.

Together with DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES
(Existing roadways affecting TMK (3) 9-6-006-008), dated August 24, 2005,
filed as Land Court Document No. 3322326, recorded as Document No.
2005-177590, as amended by PARTIAL CANCELLATION AS TO RESERVED EASEMENT
RIGHTS dated August 9, 2006, filed as Land Court Document No. 3469271,
recorded as Document No. 2006-152064; and subject to the terms and
provisions contained therein.

EXHIBIT  CONTINUED

Together with a 40-foot wide nonexclusive easements, over, across and under
the Road Easements for roadway and utility purposes, as shown on Exhibits
B and B-1 attached thereto as set forth in that certain instrument entitled
GRANT OF EASEMENT by instrument dated August 31, 2005, recorded as Document
No. 2005-225062; and subject to the terms and provisions contained therein.

Together with a non exclusive easement ("Easement 8a") over, across, under
and through TMK (3) 9-6-005-025 in use as roadway and utility corridors
up to approximately forty (40) feet in width, as set forth in GRANT OF
EASEMENT effective dated November 8, 2005, filed as Land Court Document
No. 3420914, recorded as Document No. 2006-078665 and more particularly
described therein; and subject to the terms and provisions contained
therein.

Together with a nonexclusive easement over, across, under and through TMK
(3) 9-6-005-056, being as shown on map attached thereto, as set forth in
DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES (Existing
roadways affecting TMK (3) 9-6-005-056), dated August 9, 2006, filed as
Land Court Document No. 3469267, recorded as Document No. 2006-152057; and
subject to the terms and provisions contained therein.

-ITEM II:-

Together with a nonexclusive easement for roadway, access and utility
purposes over and across Easement 13-D, as set forth in DECLARATION OF
EASEMENTS FOR ROADWAY AND UTILITY PURPOSES (Existing Roadways Affecting
TMK (3) 9-6-005-010), dated August 9, 2006, filed as Land Court Document
No. 3469266, recorded as Document No. 2006-152056 and more particularly
described therein; and subject to the terms and provisions contained
therein.

Together with a non-exclusive easement over, across, under and through TMK
(3) 9-6-005-017 for use as a roadway and utility corridor up to
approximately 40 feet in width, as set forth in GRANT OF EASEMENT
(Ka'u)(EASEMENT B-B) dated August 9, 2006, filed as Land Court Document
No. 3469274, recorded as Document No. 2006-152068; and subject to the terms
and provisions contained therein.

© **Title Guaranty of Hawaii, Inc.**

235 QUEEN ST., HONOLULU, HAWAII  96813,  PH: (808) 533-6261

EXHIBIT CONTINUED

BEING THE PREMISES ACQUIRED BY QUITCLAIM DEED

GRANTOR    :  HI BIV LAND LLC, a Delaware limited liability company

GRANTEE    :  KA`U MAHI, LLC, a Colorado limited liability company

DATED      :  December 22, 2015
FILED      :  Land Court Document No. T-9486031
RECORDED   :  Document No. A-58340236

Together with nonexclusive easements for pedestrian and vehicular access and utility purposes through tax map key parcels (3) 9-6-005-010 and 056, as granted in DECLARATION OF EASEMENT (Ka`u Easements 13D, 8a, A-1, B-B) dated November 4, 2015, recorded as Document No. A-58340237.

SCHEDULE B FOR
EXHIBIT "15"

This policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees, or expenses that arise by reason of:

1.   Real Property Taxes, Second Installment, Fiscal Year July 1, 2015 - June 30, 2016.

     Payable on or before February 20, 2016.

     Tax Key: (3) 9-6-006-005    Area Assessed: 249.520 acres

     -Note:-  Attention is invited to the fact that the premises covered
              herein may be subject to possible rollback or retroactive
              property taxes.

2.   Mineral and water rights of any nature.

EXHIBIT   CONTINUED

3.    The terms and provisions contained in the following:

INSTRUMENT :   DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY
               PURPOSES

DATED       :   August 24, 2005
FILED       :   Land Court Document No. 3322327
RECORDED    :   Document No. 2005-177591

Said above Declaration was amended by instrument dated August 9, 2006,
filed as Land Court Document No. 3469268, recorded as Document No.
2006-152058. PARTIAL CANCELLATION AS TO RESERVED EASEMENT RIGHTS
(Existing Roadways Affecting TMK (3) 9-6-006-005), dated August 9,
2006, filed as Land Court Document No. 3469272, recorded as Document
No. 2006-152065.

4.    GRANT

TO          :   TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP

DATED       :   November 8, 2005
RECORDED    :   Document No. 2006-078665
GRANTING    :   a nonexclusive easement over and across, under and
                through Easement 12b for access and utility corridors
                up to approximately forty (40) feet in width, more
                particularly described therein

5.    Any claim or boundary dispute which may exist or arise by reason of
      the failure of the Declarations of Easements for Roadway and Utility
      purposes and Grants of Easement referred to in Schedule C to locate
      with certainty the boundaries of the Roadway and Utility Easements
      described in said instruments.

EXHIBIT   CONTINUED

6.   The following unrecorded licenses and leases, and matters arising from
     or affecting the same:

     (A)   License No. P99146 dated May 1, 1999, between Mauna Kea
           Agribusiness Co., Inc., by its agent Ka'u Agribusiness Co., Inc.,
           as "Owner" and Efren Abellera, as "Licensee".

     (B)   License No. P99145, between Mauna Kea Agribusiness Co., Inc.,
           as agent for Ka'u Agribusiness Co., Inc., as "Owner" and Amelia
           Pinzon and Ronald Aquino, as "Licensee", which License was
           amended to note the name change of Amelia Pinzon to Amelia Pinzon
           Biason, remove Ronald Aquino as Co-Licensee, and add Marion C.
           Biason as a Co-Licensee in his place, by unrecorded Amendment
           to License dated May 28, 2003.

     (C)   License No. P99147 dated May 1, 1999, between Mauna Kea
           Agribusiness Co., Inc., by its agent Ka'u Agribusiness Co., Inc.,
           as "Owner", and Don Dacalio, as "Licensee", which License was
           amended to add Wayne Dacalio and Verna Dacalio as CO-Licensees,
           by unrecorded instrument dated July 15, 1999.

     (D)   License No. P98125 dated July 1, 1998, between Mauna Kea
           Agribusiness Co., Inc., by its agent Ka'u Agribusiness Co., Inc.,
           as "Owner" and Verna Dacalio, as "Licensee", which License was
           amended to add Milton Dacalio as a Co-Licensee, by unrecorded
           instrument dated August 6, 1998.

     (E)   License No. P98126 dated July 1, 1998, between Mauna Kea
           Agribusiness Co., Inc., by its agent Ka'u Agribusiness Co., Inc.,
           as "Owner", and Wayne Dacalio, as "Licensee" which License was
           amended to add Milton W. Dacalio and Verna Dacalio as
           Co-Licensees, by unrecorded instrument dated August 4, 1998, and
           further amended to add Don Dacalio as a Co-Licensee, by
           unrecorded instrument dated August 5, 1999.

     (F)   License No. P99149 dated June 1, 1999, between Mauna Kea
           Agribusiness Co., Inc., by its agent Ka'u Agribusiness Co., Inc.,
           as "Owner" and Rey Gascon, as "Licensee".

     (G)   License No. P99155 dated December 1, 2004, between C. Brewer
           Company, LTD, as agent for Ka'u Agribusiness Co., Inc., as
           "Owner" and Lrank Lorenzo, as "Licensee".

EXHIBIT  CONTINUED

    (H)   License No. P99148 dated June 1, 1999, between Mauna Kea
           Agribusiness Co., Inc., by its agent Ka'u Agribusiness Co., Inc.,
           as "Owner", and William Tabious, as "Licensee".

    (I)    License No. P203030 dated May 1, 2003. between Mauna Kea
           Agribusiness Co, Inc., by its agent Ka'u Agribusiness Co., Inc.,
           as "Owner", and Warren "Dit" Werner, as "Licensee".

7.     Terms and provisions contained in letter entitled "Re: Archaeological
       Assessment for Three Na'alehu Project Areas, Island of Hawaii", dated
       June 2, 2006, by Paul L. Cleghorn, Ph.D., Principal, Senior
       Archaeologist, Pacific Legacy, Incorporated, including the failure
       to comply with any recommendations made in said above letter, or made
       pursuant to any federal, state or county laws and regulations
       regarding any sites and discoveries.

8.     -AS TO ITEM II:-

       The terms and provisions contained in DECLARATION OF EASEMENTS FOR
       ROADWAY AND UTILITY PURPOSES (Existing roadways affecting TMK (3)
       9-6-005-010) (Easement 13-D), dated August 9, 2006, filed as Land
       Court Document No. 3469266, recorded as Document No. 2006-152056.

9.     Claims arising out of customary and traditional rights and practices,
       including without limitation those exercised for subsistence,
       cultural, religious, access or gathering purposes, as provided for
       in the Hawaii Constitution or the Hawaii Revised Statutes.

10.    Any unrecorded leases and matters arising from or affecting the same.

EXHIBIT   CONTINUED


11.   Discrepancies, conflicts in boundary lines, shortage in area,
      encroachments or any other matters which a correct survey or
      archaeological study would disclose.


12.   The terms and provisions contained in the following:

      INSTRUMENT :   DECLARATION OF EASEMENT (Ka`u Easements 13D, 8a, A-1,
                     B-B)

      DATED      :   November 4, 2015
      RECORDED   :   Document No. A-58340237

EXHIBIT "16"

LEGAL DESCRIPTION

-ITEM I:-

All of that certain parcel of land situate at Makaka, District of Kau, Island and County of Hawaii, State of Hawaii, being LOT 1, containing an area of 0.91 acre, more or less, as shown on Map 1 of Land Court Application No. 659 of Corporation of the President of the Church of Jesus Christ of Latter-Day Saints, and described below by metes and bounds, an undivided 1/2 interest of which has been registered in the Land Court of the State of Hawaii as a portion of said Application No. 659, the remaining undivided 1/2 interest thereof being still unregistered:

All of that certain parcel of land (being Royal Patent Number 7950, Land Commission Award Number 10549, Apana 1 to Alohikea) situate at Makaka, District of Kau, Island and County of Hawaii, State of Hawaii, and thus bounded and described as follows:

Beginning at the west corner of this piece, the true azimuth and distance to a concrete monument at the east corner of Grant 2698 to Alohikea, being 120° 55' 30" 1030.3 feet, and the coordinates of said point of beginning referred to Government Survey Triangulation Station "ALILI" being 3420.6 feet south and 3611.7 feet east, and running by true azimuths:

| 1. | 223° 18' | 122.76 | feet along Grant 2460 to Alohikea; |
| 2. | 316° 26' | 294.36 | feet along Grant 2460 to Alohikea to a 2 inch pipe; |
| 3. | 45° 00' | 148.50 | feet along Grant 2460 to Alohikea; |
| 4. | 141° 31' | 292.52 | feet along Grant 2460 to Alohikea to point of beginning and containing an area of 0.91 acre, more or less. |

© Title Guaranty of Hawaii, Inc.
235 QUEEN ST., HONOLULU, HAWAII 96813,  PH: (808) 533-6261

**EXHIBIT   CONTINUED**

Together with DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES (Existing roadways affecting TMK (3) 9-6-003-022), dated August 24, 2005, filed as Land Court Document No. 3322324, recorded as Document No. 2005-177588, as amended by PARTIAL CANCELLATION AS TO RESERVED EASEMENT RIGHTS dated August 9, 2006, filed as Land Court Document No. 3469269, recorded as Document No. 2006-152062; and subject to the terms and provisions contained therein.

Together with DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES (Existing roadways affecting TMK (3) 9-6-003-002), dated August 24, 2005, filed as Land Court Document No. 3322325, recorded as Document No. 2005-177589, as amended by PARTIAL CANCELLATION AS TO RESERVED EASEMENT RIGHTS dated August 9, 2006, filed as Land Court Document No. 3469270, recorded as Document No. 2006-152063; and subject to the terms and provisions contained therein.

Together with DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES (Existing roadways affecting TMK (3) 9-6-006-008), dated August 24, 2005, filed as Land Court Document No. 3322326, recorded as Document No. 2005-177590, as amended by PARTIAL CANCELLATION AS TO RESERVED EASEMENT RIGHTS dated August 9, 2006, filed as Land Court Document No. 3469271, recorded as Document No. 2006-152064; and subject to the terms and provisions contained therein.

Together also with DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES (Existing roadways affecting TMK (3) 9-6-006-005), dated August 24, 2005, filed as Land Court Document No. 3322327, recorded as Document No. 2005-177591, as amended by AMENDMENT OF DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES, dated August 9, 2006, filed as Land Court Document No. 3469268, recorded as Document No. 2006-152058, and as amended by PARTIAL CANCELLATION AS TO RESERVED EASEMENT RIGHTS dated August 9, 2006, filed as Land Court Document No. 3469272, recorded as Document No. 2006-152065; and subject to the terms and provisions contained therein.

**© Title Guaranty of Hawaii, Inc.**
235 QUEEN ST., HONOLULU, HAWAII  96813,  PH: (808) 533-6261

EXHIBIT   CONTINUED

Together with a 40-foot wide nonexclusive easements, over, across and under the Road Easements for roadway and utility purposes, as shown on Exhibits B and B-1 attached thereto as set forth in that certain instrument entitled GRANT OF EASEMENT by instrument dated August 31, 2005, recorded as Document No. 2005-225062, filed as Land Court Document No. 3469265; and subject to the terms and provisions contained therein.

Together with a non exclusive easement ("Easement 8a") over, across, under and through TMK (3) 9-6-005-025 in use as roadway and utility corridors up to approximately forty (40) feet in width, as set forth in GRANT OF EASEMENT dated effective November 8, 2005, filed as Land Court Document No. 3420914, recorded as Document No. 2006-078665 and more particularly described therein; and subject to the terms and provisions contained therein.

Together with a nonexclusive easement over, across, under and through TMK (3) 9-6-005-056, being as shown on map attached thereto, as set forth in DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES (Existing roadways affecting TMK (3) 9-6-005-056), dated August 9, 2006, filed as Land Court Document No. 3469267, recorded as Document No. 2006-152057; and subject to the terms and provisions contained therein.

-ITEM II:-

Together with a nonexclusive easement for roadway, access and utility purposes over and across Easement 13-D, as set forth in DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES (Existing Roadways Affecting TMK (3) 9-6-005-010), dated August 9, 2006, filed as Land Court Document No. 3469266, recorded as Document No. 2006-152056 and more particularly described therein; and subject to the terms and provisions contained therein.

Together with a non-exclusive easement over, across, under and through TMK (3) 9-6-005-017 for use as a roadway and utility corridor up to approximately 40 feet in width, as set forth in GRANT OF EASEMENT (Ka'u) (EASEMENT B-B) dated August 9, 2006, filed as Land Court Document No. 3469274, recorded as Document No. 2006-152068; and subject to the terms and provisions contained therein.

EXHIBIT   CONTINUED


Being land(s) described in Transfer Certificate of Title No. 1,108,915
issued to KA`U MAHI, LLC, a Colorado limited liability company.


BEING THE PREMISES ACQUIRED BY QUITCLAIM DEED

GRANTOR    :  HI BIV LAND LLC, a Delaware limited liability company

GRANTEE    :  KA`U MAHI, LLC, a Colorado limited liability company

DATED      :  December 22, 2015
FILED      :  Land Court Document No. T-9486031
RECORDED   :  Document No. A-58340236


Together with nonexclusive easements for pedestrian and vehicular access
and utility purposes through tax map key parcels (3) 9-6-005-010 and 056,
as granted in DECLARATION OF EASEMENT (Ka`u Easements 13D, 8a, A-1, B-B)
dated November 4, 2015, recorded as Document No. A-58340237.


SCHEDULE B FOR
EXHIBIT "16"


This policy does not insure against loss or damage, and the Company will
not pay costs, attorneys' fees, or expenses that arise by reason of:


1.    Real Property Taxes, Second Installment, Fiscal Year July 1, 2015 -
      June 30, 2016.

      Payable on or before February 20, 2016.

      Tax Key: (3) 9-6-006-006     Area Assessed: 0.910 acre

EXHIBIT  CONTINUED

-Note:-  Attention is invited to the fact that the premises covered
herein may be subject to possible rollback or retroactive
property taxes.

2.   Mineral and water rights of any nature.

3.   Any claim or boundary dispute which may exist or arise by reason of
the failure of the Declarations of Easements for Roadway and Utility
purposes and Grants of Easements referred to in Schedule C to locate
with certainty the boundaries of the Roadway and Utility Easements
described in said instruments.

4.   The following unrecorded license and matters arising from or affecting
the same:

License No. P99149 dated June 1, 1999, between MAUNA KEA AGRIBUSINESS
CO., INC.  by its agent Ka'u Agribusiness Co., Inc., as "Owner" and
REY GASCON  as "Licensee".

5.   Terms and provisions contained in letter entitled "Re: Archaeological
Assessment for Three Na'alehu Project Areas, Island of Hawaii", dated
June 2, 2006, by Paul L. Cleghorn, Ph.D., Principal, Senior
Archaeologist, Pacific Legacy, Incorporated, including the failure
to comply with any recommendations made in said above letter, or made
pursuant to any federal, state or county laws and regulations
regarding any sites and discoveries.

6.   -AS TO ITEM II:-

The terms and provisions contained in DECLARATION OF EASEMENTS FOR
ROADWAY AND UTILITY PURPOSES (Existing roadways affecting TMK (3)
9-6-005-010) (Easement 13-D), dated August 9, 2006, filed as Land
Court Document No. 3469266, recorded as Document No. 2006-152056.

7.   Any unrecorded leases and matters arising from or affecting the same.

**EXHIBIT   CONTINUED**

8.   Discrepancies, conflicts in boundary lines, shortage in area, encroachments or any other matters which a correct survey or archaeological study would disclose.

9.   The terms and provisions contained in the following:

INSTRUMENT :   DECLARATION OF EASEMENT (Ka`u Easements 13D, 8a, A-1, B-B)

DATED        :   November 4, 2015
RECORDED     :   Document No. A-58340237

EXHIBIT "17"

LEGAL DESCRIPTION

-ITEM I:-

All of that certain parcel of land situate at Makaka, District of Kau, Island and County of Hawaii, State of Hawaii, being LOT 2, containing an area of 5.97 acres, more or less, as shown on Map 1 of Land Court Application No. 659 of Corporation of the President of the Church of Jesus Christ of Latter-Day Saints, and described below by metes and bounds, an undivided 1/2 interest of which has been registered in the Land Court of the State of Hawaii as a portion of said Application No. 659, the remaining undivided 1/2 interest thereof being still unregistered:

All of that certain parcel of land (being Royal Patent Number 7950, Land Commission Award Number 10549, Apana 2 to Alohikea) situate at Makaka, District of Kau, Island and County of Hawaii, State of Hawaii, and thus bounded and described as follows:

Beginning at a 2 inch pipe at the south corner of this piece, the true azimuth and distance to a concrete monument at the east corner of Grant 2698 to Alohikea, being 56° 00' 1120.0 feet, and the coordinates of said point of beginning referred to Government Survey Triangulation Station "ALILI" being 2264.7 feet south and 3656.5 feet east, and running by true azimuths:

| | | | | |
|---|---|---|---|---|
| 1. | 131° | 03' | 30" | 441.7 | feet along Grant 2894 to Uha to a 2 inch pipe; |
| 2. | 218° | 59' | | 569.5 | feet along Grant 2894 to Uha to a 2 inch pipe; |
| 3. | 289° | 29' | 30" | 384.0 | feet along Grant 2894 to Uha to a galv. spike in bottom of gulch; |
| 4. | 32° | 38' | | 718.0 | feet along Grant 2894 to Uha to point of beginning and containing an area of 5.97 acres, more or less. |

© Title Guaranty of Hawaii, Inc.
235 QUEEN ST., HONOLULU, HAWAII 96813, PH: (808) 533-6261

EXHIBIT   CONTINUED

Together with DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES
(Existing roadways affecting TMK (3) 9-6-003-022), dated August 24, 2005,
filed as Land Court Document No. 3322324, recorded as Document No.
2005-177588, as amended by PARTIAL CANCELLATION AS TO RESERVED EASEMENT
RIGHTS dated August 9, 2006, filed as Land Court Document No. 3469269,
recorded as Document No. 2006-152062; and subject to the terms and
provisions contained therein.


Together with DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES
(Existing roadways affecting TMK (3) 9-6-003-002), dated August 24, 2005,
filed as Land Court Document No. 3322325, recorded as Document No.
2005-177589, as amended by PARTIAL CANCELLATION AS TO RESERVED EASEMENT
RIGHTS dated August 9, 2006, filed as Land Court Document No. 3469270,
recorded as Document No. 2006-152063; and subject to the terms and
provisions contained therein.


Together with DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES
(Existing roadways affecting TMK (3) 9-6-006-008), dated August 24, 2005,
filed as Land Court Document No. 3322326, recorded as Document No.
2005-177590, as amended by PARTIAL CANCELLATION AS TO RESERVED EASEMENT
RIGHTS dated August 9, 2006, filed as Land Court Document No. 3469271,
recorded as Document No. 2006-152064; and subject to the terms and
provisions contained therein.


Together also with DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY
PURPOSES (Existing roadways affecting TMK (3) 9-6-006-005), dated August
24, 2005, filed as Land Court Document No. 3322327, recorded as Document
No. 2005-177591, as amended by AMENDMENT OF DECLARATION OF EASEMENTS FOR
ROADWAY AND UTILITY PURPOSES, dated August 9, 2006, filed as Land Court
Document No. 3469268, recorded as Document No. 2006-152058, and as amended
by PARTIAL CANCELLATION AS TO RESERVED EASEMENT RIGHTS dated August 9, 2006,
filed as Land Court Document No. 3469272, recorded as Document No.
2006-152065; and subject to the terms and provisions contained therein.

EXHIBIT   CONTINUED

Together with a 40-foot wide nonexclusive easements, over, across and under
the Road Easements for roadway and utility purposes, as shown on Exhibits
B and B-1 attached thereto as set forth in that certain instrument entitled
GRANT OF EASEMENT by instrument dated August 31, 2005, recorded as Document
No. 2005-225062, filed as Land Court Document No. 3469265; and subject to
the terms and provisions contained therein.

Together with a non exclusive easement ("Easement 8a") over, across, under
and through TMK (3) 9-6-005-025 in use as roadway and utility corridors
up to approximately forty (40) feet in width, as set forth in GRANT OF
EASEMENT effective dated November 8, 2005, filed as Land Court Document
No. 3420914, recorded as Document No. 2006-078665 and more particularly
described therein; and subject to the terms and provisions contained
therein.

Together with a nonexclusive easement over, across, under and through TMK
(3) 9-6-005-056, being as shown on map attached thereto, as set forth in
DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES (Existing
roadways affecting TMK (3) 9-6-005-056), dated August 9, 2006, filed as
Land Court Document No. 3469267, recorded as Document No. 2006-152057; and
subject to the terms and provisions contained therein.

-ITEM II:-

Together with a nonexclusive easement for roadway, access and utility
purposes over and across Easement 13-D, as set forth in DECLARATION OF
EASEMENTS FOR ROADWAY AND UTILITY PURPOSES (Existing Roadways Affecting
TMK (3) 9-6-005-010), dated August 9, 2006, filed as Land Court Document
No. 3469266, recorded as Document No. 2006-152056 and more particularly
described therein; and subject to the terms and provisions contained
therein.

Together with a non-exclusive easement over, across, under and through TMK
(3) 9-6-005-017 for use as a roadway and utility corridor up to
approximately 40 feet in width, as set forth in GRANT OF EASEMENT AFFECTING
(Ka'u)(EASEMENT B-B) dated August 9, 2006, filed as Land Court Document
No. 3469274, recorded as Document No. 2006-152068; and subject to the terms
and provisions contained therein.

EXHIBIT  CONTINUED


Being land(s) described in Transfer Certificate of Title No. 1,108,915
issued to KA`U MAHI, LLC, a Colorado limited liability company.


BEING THE PREMISES ACQUIRED BY QUITCLAIM DEED

GRANTOR     :  HI BIV LAND LLC, a Delaware limited liability company

GRANTEE     :  KA`U MAHI, LLC, a Colorado limited liability company

DATED       :  December 22, 2015
FILED       :  Land Court Document No. T-9486031
RECORDED    :  Document No. A-58340236


Together with nonexclusive easements for pedestrian and vehicular access
and utility purposes through tax map key parcels (3) 9-6-005-010 and 056,
as granted in DECLARATION OF EASEMENT (Ka`u Easements 13D, 8a, A-1, B-B)
dated November 4, 2015, recorded as Document No. A-58340237.


SCHEDULE B FOR
EXHIBIT "17"


This policy does not insure against loss or damage, and the Company will
not pay costs, attorneys' fees, or expenses that arise by reason of:


1.   Real Property Taxes, Second Installment, Fiscal Year July 1, 2015 -
     June 30, 2016.

     Payable on or before February 20, 2016.

     Tax Key: (3) 9-6-006-007     Area Assessed: 5.970 acres

EXHIBIT   CONTINUED

-Note:-   Attention is invited to the fact that the premises covered
          herein may be subject to possible rollback or retroactive
          property taxes.

2.   Mineral and water rights of any nature.

3.   Any claim or boundary dispute which may exist or arise by reason of
     the failure of the Declarations of Easements for Roadway and Utility
     purposes and Grants of Easements referred to in Schedule C to locate
     with certainty the boundaries of the Roadway and Utility Easements
     described in said instruments.

4.   The following unrecorded license and matters arising from or affecting
     the same:

     License No. P99142 dated May 1, 1999, between MAUNA KEA AGRIBUSINESS
     CO., INC., by its agent Ka'u Agribusiness Co., Inc., as "Owner" and
     BARBARA SOWARDS, as "Licensee".

5.   Terms and provisions, as contained in letter entitled "Re:
     Archaeological Assessment for Three Na'alehu Project Areas, Island
     of Hawaii", dated June 2, 2006, by Paul L. Cleghorn, Ph.D., Principal,
     Senior Archaeologist, Pacific Legacy, Incorporated, including the
     failure to comply with any recommendations made in said above letter,
     or made pursuant to any federal, state or county laws and regulations
     regarding any sites and discoveries.

6.   -AS TO ITEM II:-

     The terms and provisions contained in DECLARATION OF EASEMENTS FOR
     ROADWAY AND UTILITY PURPOSES (Existing roadways affecting TMK (3)
     9-6-005-010) (Easement 13-D), dated August 9, 2006, filed as Land
     Court Document No. 3469266, recorded as Document No. 2006-152056.

## EXHIBIT CONTINUED

7. Claims arising out of customary and traditional rights and practices, including without limitation those exercised for subsistence, cultural, religious, access or gathering purposes, as provided for in the Hawaii Constitution or the Hawaii Revised Statutes.

8. Any unrecorded leases and matters arising from or affecting the same.

9. Discrepancies, conflicts in boundary lines, shortage in area, encroachments or any other matters which a correct survey or archaeological study would disclose.

10. The terms and provisions contained in the following:

   INSTRUMENT : DECLARATION OF EASEMENT (Ka`u Easements 13D, 8a, A-1, B-B)

   DATED     :  November 4, 2015
   RECORDED  :  Document No. A-58340237

© **Title Guaranty of Hawaii, Inc.**
235 QUEEN ST., HONOLULU, HAWAII 96813, PH: (808) 533-6261

EXHIBIT "18"

LEGAL DESCRIPTION

-ITEM I:-

All of that certain parcel of land situate at Makaka, District of Kau, Island and County of Hawaii, State of Hawaii, containing an area of 121.54 acres, more or less, as shown on Map 1 of Land Court Application No. 658 of Corporation of the President of the Church of Jesus Christ of Latter-Day Saints, and described below by metes and bounds, an undivided 1/2 interest of which has been registered in the Land Court of the State of Hawaii as a portion of said Application No. 658, the remaining undivided 1/2 interest thereof being still unregistered:

All of that certain parcel of land (being Royal Patent Grant Number 2698 to Alohikea) situate at Makaka, District of Kau, Island and County of Hawaii, State of Hawaii, and thus bounded and described as follows:

Beginning at a concrete monument at the east corner of this piece, the true azimuth and distance to Government Survey Triangulation Station "ALILI" being 136° 40'  3974.9 feet and running by true azimuths:

| | | | |
|---|---|---|---|
| 1. | 32° 59' | 1658.8 | feet along Grant 1570 to L. Maigret to a 1 1/2 inch pipe; |
| 2. | 118° 16' | 3178.9 | feet along Grant 2946 to Kahahawai to a 1 1/2 inch pipe; |
| 3. | 207° 02' | 1592.1 | feet along Government land to a 3/4 inch pipe; |
| 4. | 297° 13' | 3350.0 | feet along Grant 2894 to Uha to point of beginning and containing an area of 121.54 acres, more or less. |

© **Title Guaranty of Hawaii, Inc.**
235 QUEEN ST., HONOLULU, HAWAII  96813,  PH: (808) 533-6261

EXHIBIT   CONTINUED

Together with DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES
(Existing roadways affecting TMK (3) 9-6-003-022), dated August 24, 2005,
filed as Land Court Document No. 3322324, recorded as Document No.
2005-177588, as amended by PARTIAL CANCELLATION AS TO RESERVED EASEMENT
RIGHTS dated August 9, 2006, filed as Land Court Document No. 3469269,
recorded as Document No. 2006-152062; and subject to the terms and
provisions contained therein.


Together with DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES
(Existing roadways affecting TMK (3) 9-6-003-002), dated August 24, 2005,
filed as Land Court Document No. 3322325, recorded as Document No.
2005-177589, as amended by PARTIAL CANCELLATION AS TO RESERVED EASEMENT
RIGHTS dated August 9, 2006, filed as Land Court Document No. 3469270,
recorded as Document No. 2006-152063; and subject to the terms and
provisions contained therein.


Together also with DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY
PURPOSES (Existing roadways affecting TMK (3) 9-6-006-005), dated August
24, 2005, filed as Land Court Document No. 3322327, recorded as Document
No. 2005-177591, as amended by AMENDMENT OF DECLARATION OF EASEMENTS FOR
ROADWAY AND UTILITY PURPOSES, dated August 9, 2006, filed as Land Court
Document No. 3469268, recorded as Document No. 2006-152058, and as amended
by PARTIAL CANCELLATION AS TO RESERVED EASEMENT RIGHTS dated August 9, 2006,
filed as Land Court Document No. 3469272, recorded as Document No.
2006-152065; and subject to the terms and provisions contained therein.


Together with a 40-foot wide nonexclusive easements, over, across and under
the Road Easements for roadway and utility purposes, as shown on Exhibits
B and B-1 attached thereto as set forth in that certain instrument entitled
GRANT OF EASEMENT by instrument dated August 31, 2005, recorded as Document
No. 2005-225062,filed as Land Court Document No. 3469265; and subject to
the terms and provisions contained therein.

## EXHIBIT CONTINUED

Together with a non exclusive easement ("Easement 8a") over, across, under and through TMK (3) 9-6-005-025 in use as roadway and utility corridors up to approximately forty (40) feet in width, as set forth in GRANT OF EASEMENT effective dated November 8, 2005, filed as Land Court Document No. 3420914, recorded as Document No. 2006-078665 and more particularly described therein; and subject to the terms and provisions contained therein.

Together with a nonexclusive easement over, across, under and through TMK (3) 9-6-005-056, being as shown on map attached thereto, as set forth in DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES (Existing roadways affecting TMK (3) 9-6-005-056), dated August 9, 2006, filed as Land Court Document No. 3469267, recorded as Document No. 2006-152057; and subject to the terms and provisions contained therein.

-ITEM II:-

Together with a nonexclusive easement for roadway, access and utility purposes over and across Easement 13-D, as set forth in DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES (Existing Roadways Affecting TMK (3) 9-6-005-010), dated August 9, 2006, filed as Land Court Document No. 3469266, recorded as Document No. 2006-152056 and more particularly described therein; and subject to the terms and provisions contained therein.

Together with a non-exclusive easement over, across, under and through TMK (3) 9-6-005-017 for use as a roadway and utility corridor up to approximately 40 feet in width, as set forth in GRANT OF EASEMENT (Ka'u)(EASEMENT B-B) dated August 9, 2006, filed as Land Court Document No. 3469274, recorded as Document No. 2006-152068; and subject to the terms and provisions contained therein.

**EXHIBIT   CONTINUED**

Being land(s) described in Transfer Certificate of Title No. 1,108,915
issued to KA`U MAHI, LLC, a Colorado limited liability company.


BEING THE PREMISES ACQUIRED BY QUITCLAIM DEED

GRANTOR     : HI BIV LAND LLC, a Delaware limited liability company

GRANTEE     : KA`U MAHI, LLC, a Colorado limited liability company

DATED       : December 22, 2015
FILED       : Land Court Document No. T-9486031
RECORDED    : Document No. A-58340236


Together with nonexclusive easements for pedestrian and vehicular access
and utility purposes through tax map key parcels (3) 9-6-005-010 and 056,
as granted in DECLARATION OF EASEMENT (Ka`u Easements 13D, 8a, A-1, B-B)
dated November 4, 2015, recorded as Document No. A-58340237.


**SCHEDULE B FOR**
**EXHIBIT "18"**


This policy does not insure against loss or damage, and the Company will
not pay costs, attorneys' fees, or expenses that arise by reason of:


1.   Real Property Taxes, Second Installment, Fiscal Year July 1, 2015 -
     June 30, 2016.

     Payable on or before February 20, 2016.

     Tax Key: (3) 9-6-006-008     Area Assessed: 121.540 acres

## EXHIBIT   CONTINUED

-Note:-   Attention is invited to the fact that the premises covered
         herein may be subject to possible rollback or retroactive
         property taxes.

2.   Mineral and water rights of any nature.

3.   The terms and provisions contained in the following:

     INSTRUMENT :   DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY
                    PURPOSES

     DATED      :   August 24, 2005
     FILED      :   Land Court Document No. 3322326
     RECORDED   :   Document No. 2005-177590

     PARTIAL CANCELLATION AS TO RESERVED EASEMENT RIGHTS (Existing
     Roadways Affecting TMK (3) 9-6-006-008) dated August 9, 2006, filed
     as Land Court Document No. 3469271, recorded as Document No.
     2006-152064.

4.   GRANT

     TO         :   TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP

     DATED      :   November 8, 2005
     FILED      :   Land Court Document No. 3420914
     RECORDED   :   Document No. 2006-078665
     GRANTING   :   a perpetual, nonexclusive easement over and across,
                    under and through Easement 12b for access and utility
                    corridors up to approximately forty (40) feet in width,
                    more particularly described therein

5.   Any claim or boundary dispute which may exist or arise by reason of
     the failure of the Declarations of Easements for Roadway and Utility
     purposes and Grants of Easements referred to in Schedule C to locate
     with certainty the boundaries of the Roadway and Utility Easements
     described in said instruments.

EXHIBIT   CONTINUED

6.    The following unrecorded license and matters arising from or affecting
      the same:

      License No. P97038 dated October 2, 1996, but effective October 1,
      1996, between KA'U AGRIBUSINESS CO., INC., as "Owner", and WILLIAM
      LORENZO  as "Licensee", as amended by unrecorded Amendment to Pasture
      License P97038 dated October 1, 2004, which License was assigned to
      STEVE'S AG SERVICES, LTD. by unrecorded Assignment dated October 1,
      2005.


7.    Terms and provisions, as contained in letter entitled "Re:
      Archaeological Assessment for Three Na'alehu Project Areas, Island
      of Hawaii", dated June 2, 2006, by Paul L. Cleghorn, Ph.D., Principal,
      Senior Archaeologist, Pacific Legacy, Incorporated, including the
      failure to comply with any recommendations made in said above letter,
      or made pursuant to any federal, state or county laws and regulations
      regarding any sites and discoveries.


8.    -AS TO ITEM II:-

      The terms and provisions contained in DECLARATION OF EASEMENTS FOR
      ROADWAY AND UTILITY PURPOSES (Existing roadways affecting TMK (3)
      9-6-005-010) (Easement 13-D), dated August 9, 2006, filed as Land
      Court Document No. 3469266, recorded as Document No. 2006-152056.


9.    Claims arising out of customary and traditional rights and practices,
      including without limitation those exercised for subsistence,
      cultural, religious, access or gathering purposes, as provided for
      in the Hawaii Constitution or the Hawaii Revised Statutes.


10.   Any unrecorded leases and matters arising from or affecting the same.

EXHIBIT   CONTINUED


11.   Discrepancies, conflicts in boundary lines, shortage in area,
      encroachments or any other matters which a correct survey or
      archaeological study would disclose.


12.   The terms and provisions contained in the following:

      INSTRUMENT :   DECLARATION OF EASEMENT (Ka`u Easements 13D, 8a, A-1,
                     B-B)

      DATED      :   November 4, 2015
      RECORDED   :   Document No. A-58340237

EXHIBIT "19"

LEGAL DESCRIPTION

All of that certain parcel of land (being portion(s) of the land(s))
described in and covered by Royal Patent Grant Number 2656 to Kaiahua and
Royal Patent Grant Number 2118 to Keawemaka) situate, lying and being at
Poohina, District of Kau, Island and County of Hawaii, State of Hawaii,
being LOT A-2, and thus bounded and described as per survey dated November
13, 2006, to-wit:

Beginning at the southwest corner of this parcel of land, being also along
the northwest side of Mamalahoa Highway, the coordinates of said point of
beginning referred to Government Survey Triangulation Station "STEIN 2"
being 4,009.87 feet north and 4,577.20 feet east and thence running by
azimuths measured clockwise from true South:

1. Along Lot A-1, being portions of the Lands of Kioloku (Certificate of
Boundaries No. 57); Grant 2656 to Kaiahua, Grant 2118 to Keawemaka; Grant 2748 to Kaleikau; and all of R.P. 6782, L.C.Aw. 9600 to Kaahui and R.P. 6095, L.C.Aw. 9659 to Kekahuna, on a curve to the right with a radius of 20.00 feet, the chord azimuth and distance being:

        100°  30'        28.28    feet;

2.    145°  30'        90.00    feet along Lot A-1, being portions of the Lands of Kioloku (Certificate of Boundaries No. 57); Grant 2656 to Kaiahua, Grant 2118 to Keawemaka; Grant 2656 to Kaiahua, Grant 2118 to Keawemaka; Grant 2748 to Kaleikau; and all of R.P. 6782, L.C.Aw. 9600 to Kaahui and R.P. 6095, L.C.Aw. 9659 to Kekahuna;

EXHIBIT   CONTINUED

3.   Thence along Lot A-1, being portions of the Lands of Kioloku
                           (Certificate of Boundaries No. 57);
                           Grant 2656 to Kaiahua, Grant 2118 to
                           Keawemaka; Grant 2748 to Kaleikau; and
                           all of R.P. 6782, L.C.Aw. 9600 to Kaahui
                           and R.P. 6095, L.C.Aw. 9659 to Kekahuna,
                           on a curve to the right with a radius of
                           270.00 feet, the chord azimuth and
                           distance being:

        185°   45'        348.91   feet;

4.      226°   00'        266.94   feet along Lot A-1, being portions of the
                           Lands of Kioloku (Certificate of
                           Boundaries No. 57); Grant 2656 to
                           Kaiahua, Grant 2118 to Keawemaka; Grant
                           2748 to Kaleikau; and all of R.P. 6782,
                           L.C.Aw. 9600 to Kaahui and R.P. 6095,
                           L.C.Aw. 9659 to Kekahuna;

5.   Thence along Lot A-1, being portions of the Lands of Kioloku
                           (Certificate of Boundaries No. 57);
                           Grant 2656 to Kaiahua, Grant 2118 to
                           Keawemaka; Grant 2748 to Kaleikau; and
                           all of R.P. 6782, L.C.Aw. 9600 to Kaahui
                           and R.P. 6095, L.C.Aw. 9659 to Kekahuna,
                           on a curve to the left with a radius of
                           330.00 feet, the chord azimuth and
                           distance being:

        192°   15'        366.68   feet;

6.      158°   30'        496.84   feet along Lot A-1, being portions of the
                           Lands of Kioloku (Certificate of
                           Boundaries No. 57); Grant 2656 to
                           Kaiahua, Grant 2118 to Keawemaka; Grant
                           2748 to Kaleikau; and all of R.P. 6782,
                           L.C.Aw. 9600 to Kaahui and R.P. 6095,
                           L.C.Aw. 9659 to Kekahuna;

© **Title Guaranty of Hawaii, Inc.**
235 QUEEN ST., HONOLULU, HAWAII  96813.  PH: (808) 533-6261

EXHIBIT  CONTINUED

7.   Thence along Lot A-1, being portions of the Lands of Kioloku (Certificate of Boundaries No. 57); Grant 2656 to Kaiahua, Grant 2118 to Keawemaka; Grant 2748 to Kaleikau; and all of R.P. 6782, L.C.Aw. 9600 to Kaahui and R.P. 6095, L.C.Aw. 9659 to Kekahuna, on a curve to the right with a radius of 270.00 feet, the chord azimuth and distance being:

     180° 52' 30"     205.56   feet;

8.   203° 15'          51.54   feet along Lot A-1, being portions of the Lands of Kioloku (Certificate of Boundaries No. 57); Grant 2656 to Kaiahua, Grant 2118 to Keawemaka; Grant 2748 to Kaleikau; and all of R.P. 6782, L.C.Aw. 9600 to Kaahui and R.P. 6095, L.C.Aw. 9659 to Kekahuna;

9.   301° 00'         517.86   feet along Lot A-3, being portions of Grant 2118 to Keawemaka and Grant 2656 to Kaiahua;

10.  330° 07'        1001.54   feet along Lot A-3, being portions of Grant 2118 to Keawemaka and Grant 2656 to Kaiahua;

11.   61° 50'         233.23   feet along the northwest side of Mamalahoa Highway;

12.   67° 30'         447.22   feet along the northwest side of Mamalahoa Highway;

13.   55° 30'         475.03   feet along the northwest side of Mamalahoa Highway to the point of beginning and containing an area of 20.001 acres, more or less.

EXHIBIT   CONTINUED


BEING THE PREMISES ACQUIRED BY QUITCLAIM DEED

GRANTOR    :  HI BIV LAND LLC, a Delaware limited liability company

GRANTEE    :  KA'U MAHI, LLC, a Colorado limited liability company

DATED      :  December 22, 2015
FILED      :  Land Court Document No. T-9486031
RECORDED   :  Document No. A-58340236


## SCHEDULE B FOR
## EXHIBIT "19"


This policy does not insure against loss or damage, and the Company will
not pay costs, attorneys' fees, or expenses that arise by reason of:


1.   Real Property Taxes, Second Installment, Fiscal Year July 1, 2015 -
     June 30, 2016.

     Payable on or before February 20, 2016.

     Tax Key: (3) 9-5-012-039     Area Assessed: 20.001 acres


     -Note:-  Attention is invited to the fact that the premises covered
              herein may be subject to possible rollback or retroactive
              property taxes.


2.   Mineral and water rights of any nature.

EXHIBIT   CONTINUED

3.      -AS TO THAT PORTION OF THE LAND DESCRIBED IN SCHEDULE C COVERED BY
        ROYAL PATENT GRANTS 2118, 2656 AND 2748:-

        Rights of native tenants as reserved in Royal Patent Grant Numbers
        2118 and 2656.

4.      Unrecorded LEASE dated November 17, 1953 by and between HUTCHINSON
        SUGAR PLANTATION COMPANY, as Lessor, and HILO ELECTRIC LIGHT COMPANY,
        LIMITED (now known as HAWAII ELECTRIC LIGHT COMPANY, INC.), as Lessee;
        leasing and demising a 20-foot wide easement for pole and wireline
        purposes, as set forth in DEED dated June 1, 1961, recorded in Liber
        4303 at Page 337.

        Said LEASE was amended by AGREEMENT dated March 2, 1988, recorded in
        Liber 21728 at Page 375, by and between KA'U AGRIBUSINESS CO., INC.
        (formerly known as KAU SUGAR COMPANY, INC.), a Hawaii corporation and
        successor to HUTCHINSON SUGAR PLANTATION COMPANY, as Lessor, and
        HAWAII ELECTRIC LIGHT COMPANY, INC. (formerly known as HILO ELECTRIC
        LIGHT COMPANY, LIMITED), a Hawaii corporation, as Lessee; re: Parties
        have elected to continue the term of said lease on a year-to-year
        basis, re-survey of existing pole line, including proposed storm guys,
        etc.

        Said easement affecting the subject land are EASEMENT "A", 20-foot
        wide Utility Line Easement, containing an area of 4.18 acres, more
        or less, being more particularly described therein.

5.      GRANT

        TO          :  GTE HAWAIIAN TELEPHONE COMPANY INCORPORATED, a Hawaii
                       corporation, now known as HAWAIIAN TELCOM, INC.

        DATED       :  May 31, 2000
        RECORDED    :  Document No. 2000-093550
        GRANTING    :  non-exclusive right and easement for utility purposes,
                       Easement "T-1", as shown on map attached thereto

EXHIBIT   CONTINUED

6.   Archaeological sites identified in the Archaeological Inventory
     Survey of a Property Located at TMK (3) 9-5-012:17 in Ki`oloku and
     Kaunamano Ahupua`a, Kau District, Island of Hawaii by Diane Guerriero,
     B.A., Elizabeth Gregg, B.A., Joseph Kennedy, M.A., dated April 2005;
     subject to the terms and provisions, including the failure to comply
     with any recommendations made in said above report or made pursuant
     to any federal, state, or county laws and regulations regarding such
     sites and discoveries.


7.   Any unrecorded leases and matters arising from or affecting the same.


8.   Claims arising out of customary and traditional rights and practices,
     including without limitation those exercised for subsistence,
     cultural, religious, access or gathering purposes, as provided for
     in the Hawaii Constitution or the Hawaii Revised Statutes.


9.   Discrepancies, conflicts in boundary lines, shortage in area,
     encroachments or any other matters which a correct survey or
     archaeological study would disclose.

EXHIBIT "20"

LEGAL DESCRIPTION

All of that certain parcel of land (being portion(s) of the land(s) described in and covered by Royal Patent Grant Number 2656 to Kaiahua and Royal Patent Grant Number 2118 to Keawemaka) situate, lying and being at Poohina, District of Kau, Island and County of Hawaii, State of Hawaii, being LOT A-3, and thus bounded and described as per survey dated November 13, 2006, to-wit:

Beginning at the east corner of this parcel of land, being also along the northwest side of Mamalahoa Highway, the coordinates of said point of beginning referred to Government Survey Triangulation Station "STEIN 2" being 5,214.10 feet north and 6,205.15 feet east and thence running by azimuths measured clockwise from true South:

| 1. | 38° | 00' | 426.42 | feet along the northwest side of Mamalahoa Highway; |
|----|-----|-----|--------|----------------------------------------------------|
| 2. | 48° | 10' | 476.65 | feet along the northwest side of Mamalahoa Highway; |
| 3. | 150° | 07' | 1001.54 | feet along Lot A-2, being portions of Grant 2656 to Kaiahua and Grant 2118 to Keawemaka; |
| 4. | 121° | 00' | 517.86 | feet along Lot A-2, being portions of Grant 2656 to Kaiahua and Grant 2118 to Keawemaka; |
| 5. | 203° | 15' | 394.92 | feet along Lot A-1, being portions of the Lands of Kioloku (Certificate of Boundaries No. 57); Grant 2656 to Kaiahua, Grant 2118 to Keawemaka; Grant 2748 to Kaleikau; and all of R.P. 6782, L.C.Aw. 9600 to Kaahui and R.P. 6095, L.C.Aw. 9659 to Kekahuna; |

© Title Guaranty of Hawaii, Inc.
235 QUEEN ST., HONOLULU, HAWAII  96813,  PH: (808) 533-6261

EXHIBIT CONTINUED

6.  301° 00'      1638.75     feet along Lot A-4, being portions of
                               Grant 2656 to Kaiahua; Grant 2118 to
                               Keawemaka; and Grant 2748 to Kaleikau to
                               the point of beginning and containing an
                               area of 20.001 acres, more or less.

BEING THE PREMISES ACQUIRED BY QUITCLAIM DEED

GRANTOR    :  HI BIV LAND LLC, a Delaware limited liability company

GRANTEE    :  KA`U MAHI, LLC, a Colorado limited liability company

DATED      :  December 22, 2015
FILED      :  Land Court Document No. T-9486031
RECORDED   :  Document No. A-58340236

## SCHEDULE B FOR
## EXHIBIT "20"

This policy does not insure against loss or damage, and the Company will
not pay costs, attorneys' fees, or expenses that arise by reason of:

1.  Real Property Taxes, Second Installment, Fiscal Year July 1, 2015 -
    June 30, 2016.

    Payable on or before February 20, 2016.

    Tax Key: (3) 9-5-012-040    Area Assessed: 20.001 acres

    -Note:-  Attention is invited to the fact that the premises covered
             herein may be subject to possible rollback or retroactive
             property taxes.

2.  Mineral and water rights of any nature.

EXHIBIT   CONTINUED


3.    -AS TO THAT PORTION OF THE LAND DESCRIBED IN SCHEDULE C COVERED BY
      ROYAL PATENT GRANTS 2118, 2656 AND 2748:-

      Rights of native tenants as reserved in Royal Patent Grant Numbers
      2118 and 2656.


4.    Unrecorded LEASE dated November 17, 1953 by and between HUTCHINSON
      SUGAR PLANTATION COMPANY, as Lessor ,and HILO ELECTRIC LIGHT COMPANY,
      LIMITED (now known as HAWAII ELECTRIC LIGHT COMPANY, INC.), as Lessee;
      leasing and demising a 20-foot wide easement for pole and wireline
      purposes, as set forth in DEED dated June 1, 1961, recorded in Liber
      4303 at Page 337.


      Said LEASE was amended by AGREEMENT dated March 2, 1988, recorded in
      Liber 21728 at Page 375, by and between KA'U AGRIBUSINESS CO., INC.
      (formerly known as KAU SUGAR COMPANY, INC.), a Hawaii corporation and
      successor to HUTCHINSON SUGAR PLANTATION COMPANY, as Lessor, and
      HAWAII ELECTRIC LIGHT COMPANY, INC. (formerly known as HILO ELECTRIC
      LIGHT COMPANY, LIMITED), a Hawaii corporation, as Lessee; re: Parties
      have elected to continue the term of said lease on a year-to-year
      basis, re-survey of existing pole line, including proposed storm guys,
      etc.


      Said easements affecting the subject land are EASEMENT "A", 20-foot
      wide Utility Line Easement, containing an area of 4.18 acres, more
      or less, being more particularly described therein.


5.    GRANT

      TO             :   GTE HAWAIIAN TELEPHONE COMPANY INCORPORATED, a Hawaii
                         corporation, now known as HAWAIIAN TELCOM, INC.

      DATED          :   September 20, 1996
      RECORDED       :   Document No. 96-139574
      GRANTING       :   non-exclusive right and easement for utility purposes
                         as shown on map attached thereto

EXHIBIT   CONTINUED

6.   **GRANT**

     TO          : GTE HAWAIIAN TELEPHONE COMPANY INCORPORATED, a Hawaii
                    corporation, now known as HAWAIIAN TELCOM, INC.

     DATED      : May 31, 2000
     RECORDED   : Document No. 2000-093550
     GRANTING   : non-exclusive right and easement for utility purposes,
                    Easement "T-1", as shown on map attached thereto

7.   Archaeological sites identified in the Archaeological Inventory
     Survey of a Property Located at TMK (3) 9-5-012:17 in Ki`oloku and
     Kaunamano Ahupua`a, Kau District, Island of Hawaii by Diane Guerriero,
     B.A., Elizabeth Gregg, B.A., Joseph Kennedy, M.A., dated April 2005;
     subject to the terms and provisions, including the failure to comply
     with any recommendations made in said above report or made pursuant
     to any federal, state, or county laws and regulations regarding such
     sites and discoveries.

8.   Any unrecorded leases and matters arising from or affecting the same.

9.   Claims arising out of customary and traditional rights and practices,
     including without limitation those exercised for subsistence,
     cultural, religious, access or gathering purposes, as provided for
     in the Hawaii Constitution or the Hawaii Revised Statutes.

10.  Discrepancies, conflicts in boundary lines, shortage in area,
     encroachments or any other matters which a correct survey or
     archaeological study would disclose.

EXHIBIT "21"

LEGAL DESCRIPTION

All of that certain parcel of land (being portion(s) of the land(s) described in and covered by Royal Patent Grant Number 2656 to Kaiahua, Royal Patent Grant Number 2118 to Keawemaka, and Royal Patent Grant Number 2748 to Kaleikau) situate, lying and being at Poohina, District of Kau, Island and County of Hawaii, State of Hawaii, being LOT A-4, and thus bounded and described as per survey dated November 13, 2006, to-wit:

Beginning at the southeast corner of this parcel of land, being also along the northwest side of Mamalahoa Highway, the coordinates of said point of beginning referred to Government Survey Triangulation Station "STEIN 2" being 5,214.10 feet north and 6,205.15 feet east and thence running by azimuths measured clockwise from true South:

1.  121° 00'        1638.75   feet along Lot A-3, being portions of Grant 2656 to Kaiahua and Grant 2118 to Keawemaka;

2.  203° 15'          62.42   feet along Lot A-1, being portions of the Lands of Kioloku (Certificate of Boundaries No. 57); Grant 2656 to Kaiahua, Grant 2118 to Keawemaka; Grant 2748 to Kaleikau; and all of R.P. 6782, L.C.Aw. 9600 to Kaahui and R.P. 6095, L.C.Aw. 9659 to Kekahuna;

3.  Thence along feet along Lot A-1, being portions of the Lands of Kioloku (Certificate of Boundaries No. 57); Grant 2656 to Kaiahua, Grant 2118 to Keawemaka; Grant 2748 to Kaleikau; and all of R.P. 6782, L.C.Aw. 9600 to Kaahui and R.P. 6095, L.C.Aw. 9659 to Kekahuna, on a curve to the right with a radius of 2970.00 feet the chord azimuth and distance being:

    207° 37' 23"     452.93   feet;

EXHIBIT   CONTINUED

4.    301° 00'          1736.95      feet along Lot A-5, being portions of
                                     Grant 2656 to Kaiahua; Grant 2118 to
                                     Keawemaka; and Grant 2748 to Kaleikau;

5.    38° 00'           517.86       feet along the northwest side of
                                     Mamalahoa Highway to the point of
                                     beginning and containing an area of
                                     20.001 acres, more or less.


BEING THE PREMISES ACQUIRED BY QUITCLAIM DEED

GRANTOR      :   HI BIV LAND LLC, a Delaware limited liability company

GRANTEE      :   KA`U MAHI, LLC, a Colorado limited liability company

DATED        :   December 22, 2015
FILED        :   Land Court Document No. T-9486031
RECORDED     :   Document No. A-58340236


## SCHEDULE B FOR
## EXHIBIT "21"


This policy does not insure against loss or damage, and the Company will
not pay costs, attorneys' fees, or expenses that arise by reason of:


1.    Real Property Taxes, Second Installment, Fiscal Year July 1, 2015 –
      June 30, 2016.

      Payable on or before February 20, 2016.

      Tax Key: (3) 9-5-012-041     Area Assessed: 20.001 acres


      -Note:-   Attention is invited to the fact that the premises covered
                herein may be subject to possible rollback or retroactive
                property taxes.

EXHIBIT   CONTINUED

2.   Mineral and water rights of any nature.

3.   -AS TO THAT PORTION OF THE LAND DESCRIBED IN SCHEDULE C COVERED BY
     ROYAL PATENT GRANTS 2118, 2656 AND 2748:-

     Rights of native tenants as reserved in Royal Patent Grant Numbers
     2118, 2656 and 2748.

4.   Unrecorded LEASE dated November 17, 1953 by and between HUTCHINSON
     SUGAR PLANTATION COMPANY, as Lessor, and HILO ELECTRIC LIGHT COMPANY,
     LIMITED (now known as HAWAII ELECTRIC LIGHT COMPANY, INC.), as Lessee;
     leasing and demising a 20-foot wide easement for pole and wireline
     purposes, as set forth in DEED dated June 1, 1961, recorded in Liber
     4303 at Page 337.

     Said LEASE was amended by AGREEMENT dated March 2, 1988, recorded in
     Liber 21728 at Page 375, by and between KA'U AGRIBUSINESS CO., INC.
     (formerly known as KAU SUGAR COMPANY, INC.), a Hawaii corporation and
     successor to HUTCHINSON SUGAR PLANTATION COMPANY, as Lessor, and
     HAWAII ELECTRIC LIGHT COMPANY, INC. (formerly known as HILO ELECTRIC
     LIGHT COMPANY, LIMITED), a Hawaii corporation, as Lessee; re: Parties
     have elected to continue the term of said lease on a year-to-year
     basis, re-survey of existing pole line, including proposed storm guys,
     etc.

     Said easements affecting the subject land are EASEMENT "A", 20-foot
     wide Utility Line Easement, containing an area of 4.18 acres, more
     or less, EASEMENT 13, 5-foot wide Anchor Easement, containing an area
     of 32 square feet, EASEMENT 14, 5-foot wide Anchor Easement,
     containing an area of 35 square feet, being more particularly
     described therein.

5.   GRANT

     TO          :   GTE HAWAIIAN TELEPHONE COMPANY INCORPORATED, a Hawaii
                     corporation, now known as HAWAIIAN TELCOM, INC.

     DATED       :   September 20, 1996
     RECORDED    :   Document No. 96-139574
     GRANTING    :   non-exclusive right and easement for utility purposes
                     as shown on map attached thereto

EXHIBIT   CONTINUED

6.   **GRANT**

    TO            :   GTE HAWAIIAN TELEPHONE COMPANY INCORPORATED, a Hawaii
                    corporation, now known as HAWAIIAN TELCOM, INC.

    DATED       :   May 31, 2000
    RECORDED   :   Document No. 2000-093550
    GRANTING  :   non-exclusive right and easement for utility purposes
                    as shown on map attached thereto

7.   Archaeological sites identified in the Archaeological Inventory
    Survey of a Property Located at TMK (3) 9-5-012:17 in Ki`oloku and
    Kaunamano Ahupua`a, Kau District, Island of Hawaii by Diane Guerriero,
    B.A., Elizabeth Gregg, B.A., Joseph Kennedy, M.A., dated April 2005;
    subject to the terms and provisions, including the failure to comply
    with any recommendations made in said above report or made pursuant
    to any federal, state, or county laws and regulations regarding such
    sites and discoveries.

8.   Any unrecorded leases and matters arising from or affecting the same.

9.   Claims arising out of customary and traditional rights and practices,
    including without limitation those exercised for subsistence,
    cultural, religious, access or gathering purposes, as provided for
    in the Hawaii Constitution or the Hawaii Revised Statutes.

10.   Discrepancies, conflicts in boundary lines, shortage in area,
    encroachments or any other matters which a correct survey or
    archaeological study would disclose.

EXHIBIT "22"

LEGAL DESCRIPTION

All of that certain parcel of land (being portion(s) of the land(s)
described in and covered by Royal Patent Grant Number 2656 to Kaiahua, Royal
Patent Grant Number 2118 to Keawemaka, and Royal Patent Grant Number 2748
to Kaleikau) situate, lying and being at Poohina, District of Kau, Island
and County of Hawaii, State of Hawaii, being LOT A-5, and thus bounded and
described as per survey dated November 13, 2006, to-wit:

Beginning at the east corner of this parcel of land, being also along the
northwest side of Mamalahoa Highway, the coordinates of said point of
beginning referred to Government Survey Triangulation Station "STEIN 2"
being 6,041.52 feet north and 6,796.07 feet east and thence running by
azimuths measured clockwise from true South:

| | | | |
|---|---|---|---|
| 1. | 27° 50' | 141.66 | feet along the northwest side of Mamalahoa Highway; |
| 2. | 32° 00' | 179.45 | feet along the northwest side of Mamalahoa Highway; |
| 3. | 38° 00' | 180.07 | feet along the northwest side of Mamalahoa Highway; |
| 4. | 121° 00' | 1736.95 | feet along Lot A-4, being portions of Grant 2656 to Kaiahua; Grant 2118 to Keawemaka; and Grant 2748 to Kaleikau; |

5.     Thence along feet along Lot A-1, being portions of the Lands of Kioloku
(Certificate of Boundaries No. 57);
Grant 2656 to Kaiahua, Grant 2118 to
Keawemaka; Grant 2748 to Kaleikau; and
all of R.P. 6782, L.C.Aw. 9600 to Kaahui
and R.P. 6095, L.C.Aw. 9659 to Kekahuna,
on a curve to the right with a radius of
2970.00 feet, the chord azimuth and
distance being:

212° 59' 53"     103.87     feet;

EXHIBIT   CONTINUED

6.   214°  00'          396.33     feet along Lot A-1, being portions of the
                                   Lands of Kioloku (Certificate of
                                   Boundaries No. 57); Grant 2656 to
                                   Kaiahua, Grant 2118 to Keawemaka; Grant
                                   2748 to Kaleikau; and all of R.P. 6782,
                                   L.C.Aw. 9600 to Kaahui and R.P. 6095,
                                   L.C.Aw. 9659 to Kekahuna;

7.   301°  00'          1729.84    feet along Lot A-6, being portions of
                                   Grant 2748 to Kaleikau; Grant 2656 to
                                   Kaiahua, and the Lands of Kioloku
                                   (Certificate of Boundaries No. 57) to
                                   the point of beginning and containing an
                                   area of 20.001 acres, more or less.


BEING THE PREMISES ACQUIRED BY QUITCLAIM DEED

GRANTOR      :  HI BIV LAND LLC, a Delaware limited liability company

GRANTEE      :  KA`U MAHI, LLC, a Colorado limited liability company

DATED        :  December 22, 2015
FILED        :  Land Court Document No. T-9486031
RECORDED     :  Document No. A-53840236


SCHEDULE B FOR
EXHIBIT "22"


This policy does not insure against loss or damage, and the Company will
not pay costs, attorneys' fees, or expenses that arise by reason of:


1.   Real Property Taxes, Second Installment, Fiscal Year July 1, 2015 -
     June 30, 2016.

     Payable on or before February 20, 2016.

     Tax Key: (3) 9-5-012-042     Area Assessed: 20.001 acres

EXHIBIT   CONTINUED

-Note:-   Attention is invited to the fact that the premises covered
herein may be subject to possible rollback or retroactive
property taxes.

2.   Mineral and water rights of any nature.

3.   -AS TO THAT PORTION OF THE LAND DESCRIBED IN SCHEDULE C COVERED BY
ROYAL PATENT GRANTS 2118, 2656 AND 2748:-

Rights of native tenants as reserved in Royal Patent Grant Numbers
2118, 2656 and 2748.

4.   Unrecorded LEASE dated November 17, 1953 by and between HUTCHINSON
SUGAR PLANTATION COMPANY, as Lessor, and HILO ELECTRIC LIGHT COMPANY,
LIMITED (now known as HAWAII ELECTRIC LIGHT COMPANY, INC.); as Lessee,
leasing and demising a 20-foot wide easement for pole and wireline
purposes, as set forth in DEED dated June 1, 1961, recorded in Liber
4303 at Page 337.

Said LEASE was amended by AGREEMENT dated March 2, 1988, recorded in
Liber 21728 at Page 375, by and between KA'U AGRIBUSINESS CO., INC.
(formerly known as KAU SUGAR COMPANY, INC.), a Hawaii corporation and
successor to HUTCHINSON SUGAR PLANTATION COMPANY, as Lessor, and
HAWAII ELECTRIC LIGHT COMPANY, INC. (formerly known as HILO ELECTRIC
LIGHT COMPANY, LIMITED), a Hawaii corporation, as Lessee; re: Parties
have elected to continue the term of said lease on a year-to-year
basis, re-survey of existing pole line, including proposed storm guys,
etc.

Said easements affecting the subject land are EASEMENT "A", 20-foot
wide Utility Line Easement, containing an area of 4.18 acres, more
or less, EASEMENT 13, 5-foot wide Anchor Easement, containing an area
of 32 square feet, EASEMENT 14, 5-foot wide Anchor Easement,
containing an area of 35 square feet, being more particularly
described therein.

**EXHIBIT  CONTINUED**

5.    **GRANT**

    **TO**          :   GTE HAWAIIAN TELEPHONE COMPANY INCORPORATED, a Hawaii
                      corporation, now known as HAWAIIAN TELCOM, INC.

    **DATED**      :   September 20, 1996
    **RECORDED**  :   Document No. 96-139574
    **GRANTING**  :   non-exclusive right and easement for utility purposes
                      as shown on map attached thereto


6.    **GRANT**

    **TO**          :   GTE HAWAIIAN TELEPHONE COMPANY INCORPORATED, a Hawaii
                      corporation, now known as HAWAIIAN TELCOM, INC.

    **DATED**      :   May 31, 2000
    **RECORDED**  :   Document No. 2000-093550
    **GRANTING**  :   non-exclusive right and easement for utility purposes,
                      Easement "T-1", as shown on map attached thereto


7.    Archaeological sites identified in the Archaeological Inventory
Survey of a Property Located at TMK (3) 9-5-012:17 in Ki`oloku and
Kaunamano Ahupua`a, Kau District, Island of Hawaii by Diane Guerriero,
B.A., Elizabeth Gregg, B.A., Joseph Kennedy, M.A., dated April 2005;
subject to the terms and provisions, including the failure to comply
with any recommendations made in said above report or made pursuant
to any federal, state, or county laws and regulations regarding such
sites and discoveries.


8.    Any unrecorded leases and matters arising from or affecting the same.


9.    Claims arising out of customary and traditional rights and practices,
including without limitation those exercised for subsistence,
cultural, religious, access or gathering purposes, as provided for
in the Hawaii Constitution or the Hawaii Revised Statutes.

**EXHIBIT   CONTINUED**

10.   Discrepancies, conflicts in boundary lines, shortage in area, encroachments or any other matters which a correct survey or archaeological study would disclose.

EXHIBIT "23"

LEGAL DESCRIPTION

All of that certain parcel of land (being portion(s) of the land(s) described in and covered by Royal Patent Grant Number 2656 to Kaiahua, Royal Patent Grant Number 2748 to Kaleikau, and the Lands of Kioloku (Certificate of Boundaries No. 57)) situate, lying and being at Kioloku, Poohina, District of Kau, Island and County of Hawaii, State of Hawaii, being LOT A-6, and thus bounded and described as per survey dated November 13, 2006, to-wit:

Beginning at the southeast corner of this parcel of land, being also along the northwest side of Mamalahoa Highway, the coordinates of said point of beginning referred to Government Survey Triangulation Station "STEIN 2" being 6,041.52 feet north and 6,796.07 feet east and thence running by azimuths measured clockwise from true South:

| | | | |
|---|---|---|---|
| 1. | 121° 00' | 1729.84 | feet along Lot A-5, being portions of Grant 2656 to Kaiahua; Grant 2118 to Keawemaka; and Grant 2748 to Kaleikau; |
| 2. | 214° 00' | 13.95 | feet along Lot A-1, being portions of the Lands of Kioloku (Certificate of Boundaries No. 57); Grant 2656 to Kaiahua, Grant 2118 to Keawemaka; Grant 2748 to Kaleikau; and all of R.P. 6782, L.C.Aw. 9600 to Kaahui and R.P. 6095, L.C.Aw. 9659 to Kekahuna; |
| 3. | | | Thence along feet along Lot A-1, being portions of the Lands of Kioloku (Certificate of Boundaries No. 57); Grant 2656 to Kaiahua, Grant 2118 to Keawemaka; Grant 2748 to Kaleikau; and all of R.P. 6782, L.C.Aw. 9600 to Kaahui and R.P. 6095, L.C.Aw. 9659 to Kekahuna, on a curve to the right with a radius of 45.00 feet, the chord azimuth and distance being: |
| | 230° 46' 43" | 25.98 | feet; |

EXHIBIT   CONTINUED

4.   Thence along Lot A-1, being portions of the Lands of Kioloku
     (Certificate of Boundaries No. 57);
     Grant 2656 to Kaiahua, Grant 2118 to
     Keawemaka; Grant 2748 to Kaleikau; and
     all of R.P. 6782, L.C.Aw. 9600 to Kaahui
     and R.P. 6095, L.C.Aw. 9659 to Kekahuna,
     on a curve to the left with a radius of
     45.00 feet, the chord azimuth and
     distance being:

     206° 41' 02"    58.90   feet;

5.   214° 00'        419.47  feet along Lot A-1, being portions of the
                             Lands of Kioloku (Certificate of
                             Boundaries No. 57); Grant 2656 to
                             Kaiahua, Grant 2118 to Keawemaka; Grant
                             2748 to Kaleikau; and all of R.P. 6782,
                             L.C.Aw. 9600 to Kaahui and R.P. 6095,
                             L.C.Aw. 9659 to Kekahuna;

6.   301° 00'        1300.00 feet along Lot A-1, being portions of the
                             Lands of Kioloku (Certificate of
                             Boundaries No. 57); Grant 2656 to
                             Kaiahua, Grant 2118 to Keawemaka; Grant
                             2748 to Kaleikau; and all of R.P. 6782,
                             L.C.Aw. 9600 to Kaahui and R.P. 6095,
                             L.C.Aw. 9659 to Kekahuna;

7.   211° 00'        400.00  feet along Lot A-1, being portions of the
                             Lands of Kioloku (Certificate of
                             Boundaries No. 57); Grant 2656 to
                             Kaiahua, Grant 2118 to Keawemaka; Grant
                             2748 to Kaleikau; and all of R.P. 6782,
                             L.C.Aw. 9600 to Kaahui and R.P. 6095,
                             L.C.Aw. 9659 to Kekahuna;

8.   218° 29'        192.00  feet along Lot A-1, being portions of the
                             Lands of Kioloku (Certificate of
                             Boundaries No. 57); Grant 2656 to
                             Kaiahua, Grant 2118 to Keawemaka; Grant
                             2748 to Kaleikau; and all of R.P. 6782,
                             L.C.Aw. 9600 to Kaahui and R.P. 6095,
                             L.C.Aw. 9659 to Kekahuna;

© **Title Guaranty of Hawaii, Inc.**
235 QUEEN ST., HONOLULU, HAWAII 96813,  PH: (808) 533-6261

EXHIBIT CONTINUED

<table>
<tr><td>9.</td><td>227°</td><td>19'</td><td></td><td>337.30</td><td>feet along Lot A-1, being portions of the Lands of Kioloku (Certificate of Boundaries No. 57); Grant 2656 to Kaiahua, Grant 2118 to Keawemaka; Grant 2748 to Kaleikau; and all of R.P. 6782, L.C.Aw. 9600 to Kaahui and R.P. 6095, L.C.Aw. 9659 to Kekahuna;</td></tr>
<tr><td>10.</td><td>25°</td><td>56'</td><td>20"</td><td>62.44</td><td>feet along the northwest side of Mamalahoa Highway;</td></tr>
<tr><td>11.</td><td>13°</td><td>53'</td><td>20"</td><td>567.56</td><td>feet along the northwest side of Mamalahoa Highway;</td></tr>
<tr><td>12.</td><td>22°</td><td>21'</td><td>20"</td><td>678.43</td><td>feet along the northwest side of Mamalahoa Highway;</td></tr>
<tr><td>13.</td><td>27°</td><td>50'</td><td></td><td>154.97</td><td>feet along the northwest side of Mamalahoa Highway to the point of beginning and containing an area of 24.426 acres, more or less.</td></tr>
</table>

BEING THE PREMISES ACQUIRED BY QUITCLAIM DEED

GRANTOR    :  HI BIV LAND LLC, a Delaware limited liability company

GRANTEE    :  KA`U MAHI, LLC, a Colorado limited liability company

DATED      :  December 22, 2015
FILED      :  Land Court Document No. T-9486031
RECORDED   :  Document No. A-53840236

EXHIBIT   CONTINUED


SCHEDULE B FOR
EXHIBIT "23"


This policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees, or expenses that arise by reason of:


1.   Real Property Taxes, Second Installment, Fiscal Year July 1, 2015 – June 30, 2016.

   Payable on or before February 20, 2016.

   Tax Key: (3) 9-5-012-043   Area Assessed: 24.426 acres

   -Note:-  Attention is invited to the fact that the premises covered herein may be subject to possible rollback or retroactive property taxes.


2.   Mineral and water rights of any nature.


3.   -AS TO THAT PORTION OF THE LAND DESCRIBED IN SCHEDULE C COVERED BY ROYAL PATENT GRANTS 2118, 2656 AND 2748:-

   Rights of native tenants as reserved in Royal Patent Grant Numbers 2656 and 2748.


4.   Unrecorded LEASE dated November 17, 1953 by and between HUTCHINSON SUGAR PLANTATION COMPANY, as Lessor, and HILO ELECTRIC LIGHT COMPANY, LIMITED (now known as HAWAII ELECTRIC LIGHT COMPANY, INC.), as Lessee; leasing and demising a 20-foot wide easement for pole and wireline purposes, as set forth in DEED dated June 1, 1961, recorded in Liber 4303 at Page 337.

EXHIBIT   CONTINUED

Said LEASE was amended by AGREEMENT dated March 2, 1988, recorded in
Liber 21728 at Page 375, by and between KA'U AGRIBUSINESS CO., INC.
(formerly known as KAU SUGAR COMPANY, INC.), a Hawaii corporation and
successor to HUTCHINSON SUGAR PLANTATION COMPANY, as Lessor, and
HAWAII ELECTRIC LIGHT COMPANY, INC. (formerly known as HILO ELECTRIC
LIGHT COMPANY, LIMITED), a Hawaii corporation, as Lessee; re: Parties
have elected to continue the term of said lease on a year-to-year
basis, re-survey of existing pole line, including proposed storm guys,
etc.


Said easements affecting the subject land are EASEMENT "A", 20-foot
wide Utility Line Easement, containing an area of 4.18 acres, more
or less, being more particularly described therein.


5.    GRANT

      TO          :   GTE HAWAIIAN TELEPHONE COMPANY INCORPORATED, a Hawaii
                      corporation, now known as HAWAIIAN TELCOM, INC.

      DATED       :   September 20, 1996
      RECORDED    :   Document No. 96-139574
      GRANTING    :   non-exclusive right and easement for utility purposes
                      as shown on map attached thereto


6.    GRANT

      TO          :   GTE HAWAIIAN TELEPHONE COMPANY INCORPORATED, a Hawaii
                      corporation, now known as HAWAIIAN TELCOM, INC.

      DATED       :   May 31, 2000
      RECORDED    :   Document No. 2000-093550
      GRANTING    :   non-exclusive right and easement for utility purposes,
                      Easement "T-1", as shown on map attached thereto


7.    Archaeological sites identified in the Archaeological Inventory
      Survey of a Property Located at TMK (3) 9-5-012:17 in Ki`oloku and
      Kaunamano Ahupua`a, Kau District, Island of Hawaii by Diane Guerriero,
      B.A., Elizabeth Gregg, B.A., Joseph Kennedy, M.A., dated April 2005;
      subject to the terms and provisions, including the failure to comply
      with any recommendations made in said above report or made pursuant
      to any federal, state, or county laws and regulations regarding such
      sites and discoveries.

**EXHIBIT   CONTINUED**

8.   Any unrecorded leases and matters arising from or affecting the same.


9.   Claims arising out of customary and traditional rights and practices, including without limitation those exercised for subsistence, cultural, religious, access or gathering purposes, as provided for in the Hawaii Constitution or the Hawaii Revised Statutes.


10.   Discrepancies, conflicts in boundary lines, shortage in area, encroachments or any other matters which a correct survey or archaeological study would disclose.

EXHIBIT "24"

LEGAL DESCRIPTION

-ITEM I:-

All of that certain parcel of land (being portion(s) of the land(s)
described in and covered by Royal Patent Number 7049, Land Commission Award
Number 8559-B, Apana 13 to Wm. C. Lunalilo, and Royal Patent Number 6926,
Land Commission Award Number 9560 to Puupa) situate, lying and being at
Honuapo, District of Ka'u, Island and County of Hawaii, State of Hawaii,
being LOT B, bearing Tax Key designation (3) 9-5-014-008, and containing
an area of 366.142 acres, more or less.

-ITEM II:-

Together with a non-exclusive easement for access and utility purposes over
and across Easement "B" (50-feet wide), as granted by GRANT OF EASEMENT
FOR ACCESS AND UTILITY PURPOSES, dated December 15, 2003, recorded as
Document No. 2003-284524, more particularly described therein; and subject
to the terms and provisions contained therein.

BEING THE PREMISES ACQUIRED BY QUITCLAIM DEED

GRANTOR    :  HI BIV LAND LLC, a Delaware limited liability company

GRANTEE    :  KA`U MAHI, LLC, a Colorado limited liability company

DATED      :  December 22, 2015
FILED      :  Land Court Document No. T-9486031
RECORDED   :  Document No. A-53840236

EXHIBIT   CONTINUED

Together with nonexclusive easements for roadway, access and utility
purposes through tax map key parcel (3) 9-5-014-017, as granted in
DECLARATION OF EASEMENT FOR ROADWAY AND UTILITY PURPOSES dated November
30, 2015, recorded as Document No. A-58340239.

## SCHEDULE B FOR
## EXHIBIT "24"

This policy does not insure against loss or damage, and the Company will
not pay costs, attorneys' fees, or expenses that arise by reason of:

1.    Real Property Taxes, Second Installment, Fiscal Year July 1, 2015 -
      June 30, 2016.

      Payable on or before February 20, 2016.

      Tax Key: (3) 9-5-014-008    Area Assessed: 366.142 acres

      -Note:-  Attention is invited to the fact that the premises covered
               herein may be subject to possible rollback or retroactive
               property taxes.


2.    Mineral and water rights of any nature.


3.    GRANT

      TO          :  HAWAII ELECTRIC LIGHT COMPANY, INC.

      DATED       :  August 28, 1995
      RECORDED    :  Document No. 95-120864
      GRANTING    :  non-exclusive right and easement for utility purposes
                     as shown on map attached thereto

## EXHIBIT CONTINUED

4.    **GRANT**

      TO          :   UNITED STATES OF AMERICA, represented by the Federal
                      Aviation Administration, Western-Pacific Region

      DATED       :   September 7, 1995
      RECORDED    :   Document No. 95-126813
      GRANTING    :   exclusive use of 22,500 square feet of land to
                      construct, install, operate and maintain the South
                      Hawaii NEXRAD facility, referred to as Easement 1 and
                      the non-exclusive use of an access road, referred to
                      as Kaalaiki Road, extending from the Site to State Route
                      11.   Said Easement 1 being more particularly described
                      therein

5.    **GRANT**

      TO          :   GTE HAWAIIAN TELEPHONE COMPANY, INCORPORATED, now
                      known as HAWAIIAN TELCOM, INC.

      DATED       :   September 20, 1996
      RECORDED    :   Document No. 96-139574
      GRANTING    :   non-exclusive right and easement for utility purposes
                      as shown on map attached thereto

6.    **GRANT**

      TO          :   HAWAII ELECTRIC LIGHT COMPANY, INC. and GTE HAWAIIAN
                      TELEPHONE COMPANY, INCORPORATED, now known as HAWAIIAN
                      TELCOM, INC.

      DATED       :   April 4, 1997
      RECORDED    :   Document No. 97-060718
      GRANTING    :   nonexclusive easements for utility purposes as shown
                      on map attached thereto

EXHIBIT   CONTINUED

7.    **GRANT**

      TO          :   THE NATURE CONSERVANCY, District of Columbia not for
                      profit corporation

      DATED       :   February 28, 2002
      RECORDED    :   Document No. 2002-037419
      GRANTING    :   nonexclusive easement for access purposes over and
                      across the easement area, being the existing roadways,
                      as shown on map attached thereto


8.    The terms and provisions contained in the following:

      INSTRUMENT :   AGREEMENT AND MEMORANDUM OF UTILITY EASEMENT

      DATED       :   April 11, 2002, but effective as of December 1, 1993
      RECORDED    :   Document No. 2002-104889
      PARTIES     :   KAU AGRIBUSINESS CO., INC., a corporation, and CROWN
                      CASTLE GT COMPANY LLC, a Delaware limited liability
                      company
      RE          :   easement for utility purposes as shown on map attached
                      thereto for a term of 59 months beginning December 1,
                      1993


      Said AGREEMENT was assigned by ASSIGNMENT AND ASSUMPTION AGREEMENT
      dated April 1, 2000, recorded as Document No. 2002-133572, by GTE
      WIRELESS OF THE PACIFIC INCORPORATED, a Delaware corporation
      (successor by name change to GTE MOBILNET OF HAWAII INCORPORATED,
      successor by merger to GTE MOBILNET OF HAWAII INCORPORATED).


9.    Any and all existing roads, trails, easements of way, flumes and
      irrigation ditches.


**© Title Guaranty of Hawaii, Inc.**
                     235 QUEEN ST., HONOLULU, HAWAII  96813.  PH: (808) 533-6261

**EXHIBIT   CONTINUED**

10. The following unrecorded licenses and leases and matters arising from or affecting the same:

   (A)  WALTER ANDRADE, under unrecorded "Pasture Lease C".

       Said Lease covers the land described herein, besides other land.

   (B)  ALFRED and STEPHANIE SIMEONA, under recorded agreement "M04500A".

   (D)  HOMER HASHIMOTO, under recorded agreement "M97080".

11. DECLARATION OF EASEMENTS FOR ROADWAY AND UTILITY PURPOSES (Easements A and B in favor of Lot C) by C. BREWER AND COMPANY, LIMITED, a Hawaii corporation ("Declarant"), dated October 26, 2004, recorded as Document No. 2004-262577; re: a perpetual nonexclusive easement for roadway, access and utility purposes over and across Easement "B" (area 4,500 square feet), more particularly described therein.

12. The terms and provisions contained in that certain unrecorded AGREEMENT PERTAINING TO CROWN EASEMENT dated December 17, 2004, by and between C. BREWER COMPANY, LIMITED, a Hawaii corporation, and BIG ISLE V VENTURES, LLC, a Delaware limited liability company.

   A MEMORANDUM OF AGREEMENT (CROWN EASEMENT) is dated December 17, 2004, recorded as Document No. 2004-262581.

13. The terms and provisions contained in that certain unrecorded AGREEMENT PERTAINING TO FAA EASEMENT dated December 17, 2004, by and between C. BREWER COMPANY, LIMITED, a Hawaii corporation, and BIG ISLE V VENTURES, LLC, a Delaware limited liability company.

   A MEMORANDUM OF AGREEMENT (FAA EASEMENT) is dated December 17, 2004, recorded as Document No. 2004-262582.

EXHIBIT   CONTINUED

14.  The terms and provisions contained in the following:

INSTRUMENT :  SPECIAL WARRANTY DEED WITH EXCEPTIONS AND RESERVATIONS

DATED      :  December 17, 2004
RECORDED   :  Document No. 2004-262578


15.  -AS TO ITEM II:-

The terms and provisions contained in GRANT OF EASEMENT FOR ACCESS
AND UTILITY PURPOSES, dated December 15, 2003, recorded as Document
No. 2003-284524.


16.  Claims arising out of customary and traditional rights and practices,
including without limitation those exercised for subsistence,
cultural, religious, access or gathering purposes, as provided for
in the Hawaii Constitution or the Hawaii Revised Statutes.


17.  Any unrecorded leases and matters arising from or affecting the same.


18.  Discrepancies, conflicts in boundary lines, shortage in area,
encroachments or any other matters which a correct survey or
archaeological study would disclose.

EXHIBIT "25"

LEGAL DESCRIPTION

All of that certain parcel of land (being portion(s) of the land(s) described in and covered by Royal Patent Grant Number 7326, Land Commission Award Number 7314 to Ku) situate, lying and being at Poupouwela and Kowala, District of Kau, Island and County of Hawaii, State of Hawaii, being LOT 170-A, same being a subdivision of Lot Number 170 of the "Naalehu Subdivision, Third Series", and thus bounded and described:

Beginning at a spike at the southeast corner of this parcel of land, and at the northwesterly side of the Mamalahoa Highway, the coordinates of said point of beginning referred to Government Survey Triangulation Station "STEIN 2", being 247.09 feet north and 2,368.31 feet west and running by azimuths measured clockwise from true South:

| | | | |
|---|---|---|---|
| 1. | 77° 26' 11" | 49.15 | feet along the northwesterly side of the Mamalahoa Highway to a pipe; |

Thence along Kukui Street along a curve to the right having a radius of 55.00 feet, the chord azimuth and distance being:

| | | | |
|---|---|---|---|
| 2. | 119° 25' 05" | 73.58 | feet to a pipe; |
| 3. | 161° 24' | 101.94 | feet along the easterly side of Kukui Road to a nail; |

Thence along the easterly side of Kukui Road along a curve to the left having a radius of 620.00 feet, the chord azimuth and distance being:

| | | | |
|---|---|---|---|
| 4. | 160° 49' 20" | 12.50 | feet to a nail (found); |
| 5. | 257° 15' 45" | 81.64 | feet along Lot 171, Naalehu Subdivision, Third Series to a pipe; |

## EXHIBIT CONTINUED

| | | | | |
|---|---|---|---|---|
| 6. | 163° 53' 30" | 10.00 | feet along Lot 171, Naalehu Subdivision, Third Series to a pipe; |
| 7. | 253° 53' 30" | 35.05 | feet along Lot 171 and 173, Naalehu Subdivision, Third Series to a pipe; |
| 8. | 347° 26' 11" | 175.40 | feet along Lot 170-B, to the point of beginning and containing an area of 17,382 square feet, more or less. |

Together with a nonexclusive easement across Lot 170-B, to be used in common with others, and described as follows:

Beginning at a spike at the southwest corner of this parcel of land and at the northwesterly side of the Mamalahoa Highway, the coordinates of said point of beginning referred to Government Survey Triangulation Station "STEIN 2" being 247.09 feet north and 2368.31 feet west and running by azimuths measured clockwise from true South:

| | | | | |
|---|---|---|---|---|
| 1. | 167° 26' 11' | 158.47 | feet; |
| 2. | 257° 26' 11" | 20.14 | feet; |
| 3. | 350° 01' 20' | 158.63 | feet to a point at the northwesterly side of the Mamalahoa Highway; |
| 4. | 77° 26' 11" | 12.98 | feet along the northwesterly side of the Mamalahoa Highway to the point of beginning and containing an area of 2,623 square feet, more or less. |

EXHIBIT   CONTINUED


BEING THE PREMISES ACQUIRED BY QUITCLAIM DEED

GRANTOR    : HI BIV LAND LLC, a Delaware limited liability company

GRANTEE    : KA`U MAHI, LLC, a Colorado limited liability company

DATED      : December 22, 2015
FILED      : Land Court Document No. T-9486031
RECORDED   : Document No. A-58340236


SCHEDULE B FOR
EXHIBIT "25"


This policy does not insure against loss or damage, and the Company will
not pay costs, attorneys' fees, or expenses that arise by reason of:


1.   Real Property Taxes, Second Installment, Fiscal Year July 1, 2015 -
     June 30, 2016.

     Payable on or before February 20, 2016.

     Tax Key: (3) 9-5-024-008    Area Assessed: 17,382 sq. ft.


2.   Mineral and water rights of any nature.


3.   GRANT

     TO         : HILO ELECTRIC LIGHT COMPANY and HAWAIIAN TELEPHONE
                  COMPANY, now known as HAWAIIAN TELCOM, INC.

     DATED      : April 22, 1966
     RECORDED   : Liber 5339   Page 16
     GRANTING   : non-exclusive right and easement for utility purposes

**EXHIBIT   CONTINUED**

4.   Reservations contained in DEED dated April 13, 1978, recorded in Liber
     12858 at Page 713, to-wit:

     "Reserving, however, unto the Grantor, a 10-foot wide non-exclusive
     easement for the operation, maintenance, repair, replacement, and
     removal of the existing sewer line and associated facilities under
     and across said Lot 170-A, the location of said easement being shown
     on the plan attached hereto as Exhibit A and hereby made a part hereof,
     together with the right of ingress and egress to and from said easement
     area for all purposes in connection therewith; and together also with
     the right to assign and transfer said easement and right of ingress
     and egress to a public utility, or to the State or County of Hawaii,
     or other appropriate governmental agency; provided, however, that the
     Grantor may at any time terminate said easement by executing a
     Declaration of Abandonment of Easement and recording same in the
     Bureau of Conveyances of Hawaii, and upon such termination such sewer
     line and other physical facilities may remain in said Lot without
     liability for any damages to property or injury to persons by reason
     of their continued existence, and title thereto shall vest in the owner
     of said Lot without further action.

     And reserving, also, unto the Grantor the right to enter at any time
     upon said Lot 170-A, for purposes of excavating and otherwise
     constructing a cesspool in said Lot, and to disconnect from said sewer
     line and connect to said cesspool all of the plumbing facilities then
     existing within said Lot at the time of such excavation, construction
     and connection shall be at the Grantor's own expense and shall be
     carried out in accordance with the provisions of the Sanitary Codes
     of the County of Hawaii and the State Board of Health."

5.   Nonexclusive road easement containing an area of 1,512 square feet,
     more or less, to be used in common with others, as shown on Tax map
     and more particularly described in DEED dated April 13, 1978, recorded
     in Liber 12858 at Page 713.

6.   5-foot setback for future road widening, adjacent to courses 2 and
     3 over said Lot 170-A, as shown in Deed dated April 13, 1978, recorded
     in Liber 12858 at Page 713.

EXHIBIT   CONTINUED

7.    Any unrecorded leases and matters arising from or affecting the same.

8.    Discrepancies, conflicts in boundary lines, shortage in area, encroachments or any other matters which a correct survey or archaeological study would disclose.

EXHIBIT "26"

LEGAL DESCRIPTION

All of that certain parcel of land (being portion(s) of the land(s) described in and covered by Royal Patent Number 7326, Land Commission Award Number 7314 to Ku) situate, lying and being at Poupouwela and Kowala, District of Ka'u, Island and County of Hawaii, State of Hawaii, being LOT 170-B of the "NAALEHU SUBDIVISION, THIRD SERIES", same being a portion of Lot 170, and thus bounded and described:

Beginning at a spike at the southwest corner of this parcel of land, and at the northwesterly side of the Mamalahoa Highway, the coordinates of said point of beginning referred to Government Survey Triangulation Station "STEIN 2" being 247.09 feet north and 2,368.31 feet west and running by azimuths measured clockwise from true South:

| | | | |
|---|---|---|---|
| 1. | 167° 26' 11" | 175.40 | feet along Lot 170-A to a pipe; |
| 2. | 253° 53' 30" | 104.80 | feet along Lot 173 and 174, Naalehu Subdivision, Third Series to a pipe; |
| 3. | 348° 19' | 181.91 | feet along Lot 170-C to a pipe at the northwesterly side of the Mamalahoa Highway; |
| 4. | 77° 26' 11" | 101.81 | feet along the northwesterly side of the Mamalahoa Highway to the point of beginning and containing an area of 18,432 square feet, more or less. |

Together with a nonexclusive road easement across Lot 170-A, to be used in common with others and described as follows:

Beginning at a spike at the southeast corner of this parcel of land and at the northwesterly side of Mamalahoa Highway, the coordinates of said point of beginning referred to Government Survey Triangulation Station "STEIN 2", being 247.09 feet north and 2,368.31 feet west and running by azimuths measured clockwise from true South:

© **Title Guaranty of Hawaii, Inc.**
235 QUEEN ST., HONOLULU, HAWAII  96813,  PH: (808) 533-6261

## EXHIBIT  CONTINUED

| | | | | |
|---|---|---|---|---|
| 1. | 77° 26' 11" | 9.53 | feet along the northwesterly side of the Mamalahoa Highway; |
| 2. | 167° 26' 11" | 158.47 | feet; |
| 3. | 257° 26' 11" | 9.53 | feet; |
| 4. | 347° 26' 11" | 158.47 | feet to the point of beginning and containing an area of 1,512 square feet, more or less. |

BEING THE PREMISES ACQUIRED BY QUITCLAIM DEED

GRANTOR    :  HI BIV LAND LLC, a Delaware limited liability company

GRANTEE    :  KA`U MAHI, LLC, a Colorado limited liability company

DATED      :  December 22, 2015
FILED      :  Land Court Document No. T-9486031
RECORDED   :  Document No. A-58340236

## SCHEDULE B FOR
## EXHIBIT "26"

This policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees, or expenses that arise by reason of:

1.  Real Property Taxes, Second Installment, Fiscal Year July 1, 2015 - June 30, 2016.

    Payable on or before February 20, 2016.

    Tax Key: (3) 9-5-024-076    Area Assessed: 18,432 sq. ft.

2.  Mineral and water rights of any nature.

EXHIBIT   CONTINUED

3.   GRANT

    TO             :   HILO ELECTRIC LIGHT COMPANY, LIMITED and HAWAIIAN
                       TELEPHONE COMPANY, now known as HAWAIIAN TELCOM, INC.

    DATED       :   April 22, 1966
    RECORDED   :   Liber 5339   Page 16
    GRANTING   :   non-exclusive right and easement for utility purposes

4.   DESIGNATION OF EASEMENT (10 feet wide)

    PURPOSE    :   sewer
    SHOWN      :   on tax map

5.   DESIGNATION OF EASEMENT

    PURPOSE    :   nonexclusive road
    SHOWN      :   on tax map and more particularly described in
                     instrument dated September 28, 2001, recorded as
                     Document No. 2001-170027

6.   The terms and provisions contained in the following:

    INSTRUMENT :   DEED

    DATED       :   November 28, 1977
    RECORDED   :   Liber 12708   Page 618

7.   Any unrecorded leases and matters arising from or affecting the same.

8.   Discrepancies, conflicts in boundary lines, shortage in area,
encroachments or any other matters which a correct survey or
archaeological study would disclose.

EXHIBIT "27"

LEGAL DESCRIPTION

All of that certain parcel of land (being portion(s) of the land(s) described in and covered by Royal Patent Grant Number 2446 to Kamalo) situate, lying and being at Palima, District of Kau, Island and County of Hawaii, State of Hawaii, being LOT 34, bearing Tax Key designation (3) 9-6-015-032, and containing an area of 44,952 square feet, more or less.

BEING THE PREMISES ACQUIRED BY QUITCLAIM DEED

GRANTOR     :  HI BIV LAND LLC, a Delaware limited liability company

GRANTEE     :  KA`U MAHI, LLC, a Colorado limited liability company

DATED       :  December 22, 2015
FILED       :  Land Court Document No. T-9486031
RECORDED    :  Document No. A-58340236

SCHEDULE B FOR
EXHIBIT "27"

This policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees, or expenses that arise by reason of:

1.   Real Property Taxes, Second Installment, Fiscal Year July 1, 2015 - June 30, 2016.

     Payable on or before February 20, 2016.

     Tax Key: (3) 9-6-015-032     Area Assessed: 44,952 sq. ft.

EXHIBIT   CONTINUED

2.    Mineral and water rights of any nature.


3.    Triangulation Survey Station "MILL FLAG" located within the land
      described herein, referenced on the Tax Map.  Attention is invited
      to the provisions of Section 172-13 of the Hawaii Revised Statutes,
      relative to destruction, defacing or removal of survey monuments.


4.    Terms and provisions, as contained in letter entitled "Re:
      Archaeological Assessment for Three Na'alehu Project Areas, Island
      of Hawaii", dated June 2, 2006, by Paul L. Cleghorn, Ph.D., Principal,
      Senior Archaeologist, Pacific Legacy, Incorporated, including the
      failure to comply with any recommendations made in said above letter,
      or made pursuant to any federal, state or county laws and regulations
      regarding any sites and discoveries.


5.    Any unrecorded leases and matters arising from or affecting the same.


6.    Discrepancies, conflicts in boundary lines, shortage in area,
      encroachments or any other matters which a correct survey or
      archaeological study would disclose.

| STATE OF HAWAI'I CIRCUIT COURT OF THE THIRD CIRCUIT | SUMMONS TO ANSWER CIVIL COMPLAINT | CASE NUMBER |
|---|---|---|

| PLAINTIFF                                    VS. | DEFENDANT(S) |
|---|---|
| KA'U MAHI, LLC, a Colorado limited liability company | FIRST AMERICAN TITLE INSURANCE COMPANY, a Nebraska corporation; DOES 1-25 |

**PLAINTIFF'S NAME & ADDRESS, TEL. NO.**

KA'U MAHI, LLC, a Colorado limited liability company
c/o CARLSMITH BALL LLP
John Manaut, Esq.
Katherine A. Garson, Esq.
Ian R. Wesley-Smith, Esq.
1001 Bishop Street, Suite 2100
Honolulu, Hawaii 96813
Tel. No. (808) 523-2500

**TO THE ABOVE-NAMED DEFENDANT(S)**

You are hereby summoned and required to file with the court and serve upon

John Manaut, Esq., Katherine A. Garson, Esq., Ian R. Wesley-Smith, Esq.
Carlsmith Ball LLP
1001 Bishop Street, Suite 2100, Honolulu, Hawaii 96813

plaintiff's attorney, whose address is stated above, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

**A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.**

| The original document is filed in the Judiciary's electronic case management system which is accessible via eCourt Kokua at: http://www.courts.state.hi.us | Effective Date of 28-Oct-2019 Signed by: /s/ Cheryl Salmo Clerk, 3rd Circuit, State of Hawai'i  |
|---|---|

 In accordance with the Americans with Disabilities Act, and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the Circuit Court Administration Office on HAWAII- Phone No. 808-961-7424, TTY 808-961-7422, FAX 808-961-7411, at least ten (10) working days prior to your hearing or appointment date.

Form 1C-P-787 (3CCT) (10/19)
Summons to Complaint    RG-AC-508 (10/19)