IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KAʻU MAHI, LLC,<br><br>　　Plaintiff,<br><br>　vs.<br><br>FIRST AMERICAN TITLE<br>INSURANCE COMPANY,<br><br>　　Defendant. | CIVIL NO. 20-00448 JAO-KJM<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED |

**ORDER TO SHOW CAUSE WHY THIS ACTION
SHOULD NOT BE REMANDED**

On October 20, 2020, Defendant First American Title Insurance Company ("Defendant") removed this action from the Circuit Court of the Third Circuit, State of Hawaiʻi on the basis of diversity jurisdiction. ECF No. 1 at 3–4. Under 28 U.S.C. § 1441, a defendant may remove a civil action brought in a state court to federal district court if the district court has original jurisdiction. *See Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 679–80 (9th Cir. 2006). "Removal . . . statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'" *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027,

1034 (9th Cir. 2014) (quoting *Luther v. Countrywide Home Loans Serv. LP*, 533 F.3d 1031, 1034 (9th Cir. 2008)); *see Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)) ("The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court."); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants. *See Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

The Notice of Removal ("Notice") asserts that, as alleged in Plaintiff Ka'u Mahi, LLC's ("Plaintiff") Complaint, ECF No. 1-2, the amount in controversy is in excess of $75,000, ECF No. 1 ¶¶ 5, 12; that Defendant is incorporated in Nebraska and its "nerve center" is in California, making it a citizen of both Nebraska and California, *id.* ¶ 7; and that Plaintiff is a Colorado limited liability company, none of whose members are citizens of Nebraska or California, *id.* ¶ 9.

The Notice is deficient because it fails to affirmatively identify Plaintiff's citizenship. Limited liability corporations share the citizenships of all of their owners/members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899, 902 (9th Cir. 2006). And "[a]bsent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to *allege affirmatively* the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (emphasis added) (citations omitted). Here, Defendant fails to identify any of Plaintiff's owners/members or their respective citizenships.[1] Absent this information, the Court is unable to ascertain whether diversity jurisdiction exists.

---

[1] If any of Plaintiff's members are themselves unincorporated associations, such as limited liability companies or limited partnerships, Defendant must identify those entities' members and provide their citizenships.

Accordingly, Defendant is ORDERED TO SHOW CAUSE why this action should not be remanded for lack of subject matter jurisdiction.  Defendant must file a response to this Order to Show Cause by **November 6, 2020**, providing complete information concerning Plaintiff's citizenship.  Failure to timely respond to this Order to Show Cause will result in a finding that Defendant has failed to carry its burden of establishing removal jurisdiction and the Court will remand the action to the Circuit Court of the Third Circuit Court, State of Hawaiʻi.

    IT IS SO ORDERED.

    DATED:  Honolulu, Hawaiʻi, October 22, 2020.



                                      Jill A. Otake
                                      United States District Judge

CV 20-00448 JAO-KJM; *Kaʻu Mahi, LLC v. First American Title Insurance Company*; ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED